**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>          Plaintiff,<br>vs.<br><br>Spring Ridge Academy, et al.,<br><br>          Defendants. | No. CV-21-08013-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Veronica Borges' ("Defendant") Motion for Order Compelling Plaintiff to Undergo a Rule 35 Psychological Examination (Doc. 89). The Motion has been fully briefed and is ready for review. (Docs. 89, 93 & 97). For the following reasons, the Court grants Defendant's Motion.

**I.      BACKGROUND**

Plaintiff brings this suit against Defendant SRA and eight of its individual employees (collectively, "Defendants"). (Doc. 1 at 1). Plaintiff's claims arise out of her daughter's enrollment at SRA, an all-girls boarding school in Mayer, Arizona. (*Id.* at 3–4). Her daughter was enrolled at SRA on December 13, 2019, approximately two years after the divorce of her parents, Plaintiff and non-party Raymond Stata. (*Id.* at 2, 4). Aside from a nine-day period in February 2020—during which Plaintiff temporarily removed her daughter from SRA—Plaintiff's daughter remained at SRA until June 28, 2020. (*Id.* at 35–36, 39, 69). Plaintiff alleges that SRA uses a scheme of false advertising and a nationwide network of educational consultants to recruit vulnerable children and parents. (*Id.* at 14).

Plaintiff alleges that the SRA program involves seminars, workshops, and residential living conditions that are designed to control and humiliate the students and to destroy their relationships with their parents. (*Id.*). Plaintiff alleges that Defendants interfered with and destroyed her relationship with her own daughter. (*Id.*). Plaintiff asserts numerous claims against Defendants, including breach of contract, negligence, intentional infliction of emotional distress, conversion, RICO violations, and fraud. (*Id.* at 95–123).

## II.     LEGAL STANDARD

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). In *Schlagenhauf*, the Supreme Court set forth standards for compelling a Rule 35 examination. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964). "The *Schlagenhauf* Court explained that Rule 35's 'in controversy' and 'good cause' requirements are not met by 'mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.'" *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 513 (C.D. Cal. 2019) (quoting *Schlagenhauf*, 379 U.S. at 118). "However, the *Schlagenhauf* Court further explained that 'there are situations where the pleadings alone are sufficient to meet these requirements.'" *Id.* (quoting *Schlagenhauf*, 379 U.S. at 119). "For example, a plaintiff 'who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Id.* (quoting *Schlagenhauf*, 379 U.S. at 119).

Courts generally hold that "garden variety" emotional distress claims "are *not* sufficient to place a party's mental state 'in controversy.'" *Alvarado v. Nw. Fire Dist.*,

2

No. CIV 19-198-TUC-CKJ, 2020 WL 2199240, at *3 (D. Ariz. May 6, 2020) (citing *Banga v. Kanios*, No. 16-CV-04270-RS (DMR), 2020 WL 1905557, at *1–2 (N.D. Cal. Apr. 16, 2020)) (emphasis added). "Generally, 'garden variety emotional distress' has been defined as 'ordinary or commonplace emotional distress' or that which is 'simple or usual.'" *Id.* (quoting *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003)). "However, a claim of emotional distress may sufficiently place a plaintiff's mental state 'in controversy' for purposes of Rule 35 where it is accompanied by one or more of the following: '(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is in controversy.'" *Id.* (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)); *see also Snipes v. United States*, 334 F.R.D. 667, 669 (N.D. Cal. 2020) (referencing *Turner* factors); *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST (TSH), 2019 WL 1493354, at *1 (N.D. Cal. Apr. 4, 2019) (citation omitted) ("By contrast [to when one or more of the *Turner* factors is present], a mental condition is not 'in controversy' when a plaintiff alleges garden variety emotional distress, such as alleging that she suffered emotional distress as a result of employment discrimination. . . . Suffering a legal wrong is often emotionally distressing, but if that qualified as putting a mental condition 'in controversy,' courts would be ordering mental exams all the time, which is inconsistent with the 'discriminating application' required by Rule 35.").

As to the "good cause" requirement, several factors may be considered in determining whether good cause has been shown: "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff claims ongoing emotional distress." *Flack*, 333 F.R.D. at 513 (citing *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013)).

///

### III. DISCUSSION

The Court finds that Defendant has made the appropriate showings to meet both the "in controversy" and "good cause" requirements. Plaintiff placed her mental condition in controversy by asserting a claim for intentional infliction of emotional distress ("IIED") against all Defendants. (Doc. 1 at 119–23). Plaintiff also seeks damages for specific medical expenses incurred because of the emotional and mental harms she suffered. For example, she seeks nearly $14,000 in "Therapist Damages" (Doc. 78-1 at 17) for therapy sessions that, according to Plaintiff, only occurred because of Defendants' actions. Additionally, Plaintiff seeks nearly $500,000 for the cost of "lifetime personal therapy, both individual and/or with her daughter, estimated at current cost of $300 per session, once a week for 30 years." (Doc. 78-1 at 8). Finally, Plaintiff seeks nearly five *million* dollars in damages for "pain, suffering, humiliation and inconvenience." (*Id.*). The fact that Plaintiff alleges an IIED claim alone is likely enough to warrant a Rule 35 examination; the fact that Plaintiff seeks such substantial damage sums for the cost of medical expenses both past and future and for the mental anguish she suffered only *further* places her mental condition in controversy in this case.

Defendant has also demonstrated that good cause exists for a Rule 35 examination. Although Plaintiff contends that she has no intention of proving her damages claims through expert testimony, the other factors are all met. First, it is difficult to see how Defendant would otherwise obtain information regarding Plaintiff's current mental condition. Second, the present mental state of Plaintiff is clearly relevant, given the nature of her allegations and claims against Defendants. Finally, Plaintiff claims ongoing emotional distress, as evidenced by her request for damages for the cost of future therapy sessions for the next 30 years. The Court finds that good cause exists for a Rule 35 examination.

The Court is unpersuaded by Plaintiff's arguments against a compelled Rule 35 examination. Plaintiff first argues that Defendant's Motion "is simply a reiteration of the same facts provided to the Court in the Joint Motion for Discovery Dispute Resolution

(Doc. 78), which the Court rejected as insufficient (Doc. 84)." (Doc. 93 at 8). This is simply incorrect. The Court rejected Defendant's initial request for a Rule 35 examination because Defendant failed to even mention the "in controversy" or "good cause" standards, let alone provide any argument as to why those standards are met in this case. In the present Motion, however, Defendant not only cites to the relevant standards, but provides argument with respect to each. Plaintiff's contention that Defendant is merely reiterating the same facts and arguments is therefore wholly without merit.

Plaintiff next argues that she "has no mental condition in controversy" and that she "has made no mental condition the subject of this litigation." (Doc. 93 at 8–9). This argument misses the point. Although Plaintiff has not placed in controversy *a specific mental condition*, there is little doubt that she has put her "mental condition" in controversy given the nature of her claims and factual allegations. Plaintiff's argument is based on a subtle misreading of Rule 35's "in controversy" requirement. The Rule states that a court may order an examination of a party "whose mental or physical condition . . . is in controversy." Fed. R. Civ. P. 35(a)(1). In other words, the Rule permits a compelled examination where the *generalized condition* of a party's mental health is in controversy; it does *not* require the party to be diagnosed with or otherwise have any specific mental condition or disorder.

Likewise, the Court is unpersuaded by Plaintiff's repeated contention that she merely alleges "garden variety" mental and emotional damages. As explained above, Plaintiff alleges an IIED claim, alleges "severe" emotional distress, and requests *substantial* damages not just for generalized "humiliation, mental anguish, and emotional distress," but for *tangible* medical costs she has already incurred and expects to incur in the future. These facts alone are enough to take Plaintiff's damages claim out of the "garden variety" category and to place her mental condition in controversy for purposes of this litigation. *See Alvarado*, 2020 WL 2199240, at *3 (distinguishing "garden variety" emotional distress claims from those claims which are accompanied by at least one of the *Turner* factors). The remainder of Plaintiff's Response offers nothing that persuades the

Court to the contrary. Rather, Plaintiff spends most of the Response brief unnecessarily rehashing the facts she alleges in her Complaint, even though the Court is *more* than familiar with such facts at this point in the case.

## IV. CONCLUSION

In sum, the Court finds that Defendant has shown Plaintiff's mental condition to be in controversy and that good cause exists for a Rule 35 examination.

Accordingly,

**IT IS ORDERED** that Defendant Borges' Motion for Order Compelling Plaintiff to Undergo a Rule 35 Psychological Examination (Doc. 89) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall appear for and submit to a mental examination with Defendant's retained and disclosed forensic psychological expert Dr. Martin H. Williams, whose primary office is located at 2033 Gateway Place, Suite 500, San Jose, California 95110. The examination shall take place at a date and time convenient to the parties and to Dr. Williams **within 60 days of this Order**. Defendant is responsible for any medical or professional expenses associated with the examination.

**IT IS FURTHER ORDERED** that Defendant shall provide a copy of this Order to Dr. Martin H. Williams prior to the mental examination.

**IT IS FURTHER ORDERED** that Dr. Martin H. Williams shall prepare a written report that sets out in detail his findings, including any diagnoses, conclusions, and the results of any tests. The Court notes that copies of the detailed written report must be made available to Plaintiff upon her request.

Dated this 11th day of January, 2023.

Honorable Steven P. Logan
United States District Judge