**GRASSO**
—LAW FIRM—
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com
   Attorneys for Defendants Spring Ridge Academy, Jean Courtney,
   Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
   Justin Zych, and Kate Deily

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20,<br><br>　　　　　　　　Defendants. | Case No: 3:21-cv-08013-SPL<br><br>**DEFENDANTS SPRING RIDGE ACADEMY AND KATE DEILY'S MOTION IN LIMINE NO. 2 REGARDING EXPERT TESTIMONY** |

Pursuant to LRCiv 7.2(l), Defendants Spring Ridge Academy and Kate Deily ("Defendants"), by and through undersigned counsel, hereby move *in limine*, to preclude testimony from multiple experts on the same topic(s) and expert testimony beyond what has been disclosed by Plaintiff pursuant to Fed. R. Civ. P. 26.

In this case, Plaintiff has disclosed three expert witnesses who will address the same general issues, i.e. the modalities of therapy and treatment at Spring Ridge Academy ("SRA"). These experts, Dr. James Flens, Dr. John Hunter, and Rick Alan Ross provided expert reports that all address those issues. Plaintiff has also listed two "lay" witnesses for whom she provided their CVs, Dr. Janice Haaken, and Dr. Athena Kolbe, who are also disclosed to testify concerning their perceptions of the efficacy of

1

therapy and treatment modalities at SRA. Neither Dr. Haaken nor Dr. Kolbe provided any expert report in this matter. Multiple expert testimony by Plaintiff's experts (or lay persons providing opinion evidence) on the same topic is cumulative, wasteful, and prejudicial to the defense and should be precluded.

The court may limit the number of experts allowed to testify in a case pursuant to Rule 16(c)(2)(D) of the Federal Rules of Civil Procedure, which provides that at any pretrial conference, the court may "take appropriate action" to "avoid[ ] unnecessary proof and cumulative evidence, and limit[ ] the use of testimony under Federal Rule of Evidence 702[.]"*Ruud v. United States*, 256 F.2d 460, 462 (9th Cir. 1958) (pursuant to Rule 16, court could limit number of expert witnesses at pretrial conference).

In addition, the Court was provided with the expert reports of Dr. Flens, Dr. Hunter, and Mr. Ross as exhibits to Defendants' separate Statement of Facts [Doc. 116]. The Court reviewed those exhibits as part of its analysis in which it determined that "Plaintiff has not made any meaningful demonstration that she would be able to offer expert evidence at trial concerning the relevant standard of care, whether Defendant SRA breached that standard, and how such a breach caused her harm." [Doc. 166 at 20:7-10.]

In her portions of the Proposed Joint Final Pretrial Order, however, Plaintiff has asserted issues on this very topic, i.e. Defendant SRA's failure—or that of its employed staff including multiple dismissed Defendants - to meet industry standards of care and causing injury to Plaintiff. The Court has already determined none of the Plaintiff's expert disclosure met that burden of proof. Defendants therefore request that the Court enter its Order precluding Plaintiff's experts from expressing any new opinions not previously disclosed. In particular, Plaintiff's experts should not be permitted to opine at trial on standard of care, breach of the standard of care, causation, or injury allegedly sustained by Plaintiff.

Based on the foregoing, Defendants respectfully ask this Court to issue an order as follows:

    (1)    that Plaintiff be limited to a single expert witness;

(2) that Plaintiff's testifying expert not be permitted to testify as to any opinions on standard of care, causation or damages;

(3) that Plaintiff's testifying expert not be permitted to testify on any matters not included within his disclosed report; and

(4) that neither Dr. Janice Haaken nor Dr. Athena Kolbe may testify to or express any opinions about the nature of the services and treatment modalities provided at Spring Ridge Academy or any other similar program.

## LRCIV 7.2(L) CERTIFICATE OF GOOD FAITH

Undersigned counsel certifies that Defendants met and conferred with Plaintiff and Plaintiff's counsel in good faith by email correspondence, but the parties were unable to resolve their disagreement on the foregoing matters.

RESPECTFULLY SUBMITTED this 31st day of October, 2023.

**GRASSO LAW FIRM, P.C.**

By  */s/ Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
Attorneys for Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily