**GRASSO**
— LAW FIRM —
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com
   Attorneys for Defendants Spring Ridge Academy, Jean Courtney,
   Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
   Justin Zych, and Kate Deily

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>               Plaintiff,<br><br>vs.<br><br>Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20,<br><br>               Defendants. | Case No: 3:21-cv-08013-SPL<br><br>**DEFENDANTS SPRING RIDGE ACADEMY AND KATE DEILY'S *AMENDED* MOTION IN LIMINE NO. 3 REGARDING EVENTS OCCURING AFTER ENROLLMENT** |

   Defendants Spring Ridge Academy and Kate Deily ("Defendants"), by and through undersigned counsel, hereby move *in limine*, to preclude Plaintiff from presenting any evidence, testimony, or discussion concerning conduct by Defendants which Plaintiff claims to have caused her injury after her daughter had been enrolled at Spring Ridge Academy ("SRA"). Permitting such claims to be tried at this case will be contrary to the rule of the case and prejudicial to Defendants.

   In its analysis of the Defendants' motions for summary judgment, the Court first determined that it would grant summary judgment to all Defendants as to the Plaintiff's fraud claims ***except for*** Defendants SRA and Kate Deily. [Doc. 166 at 6:25-11:3]. The Court arrived at this conclusion by noting that "Plaintiff's fraud claims are broadly based

on her allegation that Defendants fraudulently induced Plaintiff into enrolling her daughter at SRA by concealing and otherwise misrepresenting the true nature of the SRA program." [*Id*. at 6:26-28].  The Court determined that Plaintiff alleged only SRA and its admissions director, Kate Deily, made allegedly fraudulent representations to induce Plaintiff to enroll her daughter in the program, while the remaining Defendants were alleged to have concealed information from Plaintiff *after* she had enrolled her daughter at SRA. [*Id*. at 8:18-23].  Such post-enrollment acts – whether true or not – could not sustain Plaintiff's fraud claims because they played no role in her original enrollment decision. [*Id*. at 8:23-27].

Plaintiff now seeks to assert claims for injury sustained as a result of the Defendants' – and the dismissed former Defendants' conduct at various times during her daughter's attendance at SRA.  These include claims of interference in her California family court proceedings, disclosure of allegedly privileged information about her daughter to Plaintiff's ex-husband, falsification of academic records, and violations of therapy standards of care.  Such claims are irrelevant to the sole remaining issue as to whether Plaintiff was fraudulently induced into entering into the agreement to enroll her daughter at SRA.

The Court dismissed all claims of injury arising from those alleged acts because they are irrelevant to Plaintiff's claim that she was fraudulently induced to enroll her daughter at SRA.  It is axiomatic that Plaintiff cannot now attempt to recover damages for injuries allegedly caused by the conduct which gave rise to those dismissed claims.  The court should, therefore, enter its Order precluding Plaintiff from reasserting those claims or presenting evidence to support her alleged injuries arising from them as irrelevant. Fed. R. Evid. 402.

In addition, any evidence or claims for injuries allegedly caused by the conduct of dismissed former Defendants subsequent to her daughter's enrollment at SRA should be barred as unduly prejudicial, confusing and a waste of court time. Fed. R. Evid. 403.

Based on the foregoing, Defendants respectfully ask this Court to issue an order as follows:

(1) that Plaintiff be precluded from referring to conduct of Defendants or any previously dismissed Defendants that the Court dismissed in his prior rulings in this matter; and

(2) any alleged injuries she claims to have suffered arising from conduct that occurred after her daughter's enrollment at Spring Ridge Academy.

## LRCIV 7.2(L) CERTIFICATE OF GOOD FAITH

Undersigned counsel certifies that Defendants met and conferred with Plaintiff and Plaintiff's counsel in good faith by email correspondence, but the parties were unable to resolve their disagreement on the foregoing matters.

RESPECTFULLY SUBMITTED this 31st day of October, 2023.

**GRASSO LAW FIRM, P.C.**

By  */s/ Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
Attorneys for Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily