**GRASSO**
—LAW FIRM—
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com
   Attorneys for Defendants Spring Ridge Academy, Jean Courtney,
   Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
   Justin Zych, and Kate Deily

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy, | Case No: 3:21-cv-08013-SPL |
| Plaintiff, | |
| vs. | **DEFENDANTS SPRING RIDGE ACADEMY AND KATE DEILY'S MOTION IN LIMINE NO. 8 REGARDING FORMER STUDENTS' PERSONAL EXPERIENCES** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20, | |
| Defendants. | |

   Pursuant to LRCiv 7.2(l), Defendants Spring Ridge Academy and Kate Deily ("Defendants"), by and through undersigned counsel, hereby move *in limine*, to preclude evidence, testimony or mention of the "personal experiences" of other students who attended Spring Ridge Academy or other similar boarding school programs.

   Plaintiff seeks to introduce evidence gathered from the internet and social media sources consisting of "testimonials" of former students who attended either Spring Ridge Academy or other, similar boarding school programs. Such unsworn statements are inadmissible hearsay. Fed. R. Evid. 802. It also lacks appropriate foundation for admission at trial. Moreover, testimony by other former students about their own personal observations or opinions is improper opinion evidence. Fed. R. Evid. 701. Personal

experiences of these individuals are unrelated to the elements of the fraud claims that Plaintiff must prove in this case against Defendants Spring Ridge Academy and Kate Deily and will only serve to prejudice the jury. It should therefore be precluded as irrelevant and prejudicial. Fed. R. Evid. 402 - 403.

Based on the foregoing, Defendants respectfully ask this Court to issue an order as follows:

(1) that Plaintiff be precluded from referring to or attempting to cite or introduce into evidence any internet or social media documents or postings by former students of either Spring Ridge Academy or any other similar boarding school concerning their personal observations or experiences (i.e. "testimonials") unrelated to Plaintiff's decision to enroll her daughter at Spring Ridge Academy; and

(2) that Plaintiff be precluded from seeking testimony from any former students of either Spring Ridge Academy or any other similar boarding school concerning their personal observations or experiences (i.e. "testimonials") about that experience unrelated to Plaintiff's decision to enroll her daughter at Spring Ridge Academy.

## LRCIV 7.2(L) CERTIFICATE OF GOOD FAITH

Undersigned counsel certifies that Defendants met and conferred with Plaintiff and Plaintiff's counsel in good faith by email correspondence, but the parties were unable to resolve their disagreement on the foregoing matters.

RESPECTFULLY SUBMITTED this 31st day of October, 2023.

**GRASSO LAW FIRM, P.C.**

By  /s/ *Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
Attorneys for Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily