**GRASSO**
— LAW FIRM —
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com
  Attorneys for Defendants Spring Ridge Academy, Jean Courtney,
  Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
  Justin Zych, and Kate Deily

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Kimberly R. Sweidy, | Case No: 3:21-cv-08013-SPL |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS SPRING RIDGE ACADEMY AND KATE DEILY'S MOTION IN LIMINE NO. 9 REGARDING SUICIDE DEATH OF FORMER STUDENT OF DR. BALMER** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20, | |
| Defendants. | |

    Pursuant to LRCiv 7.2(l), Defendants Spring Ridge Academy and Kate Deily ("Defendants"), by and through undersigned counsel, hereby move *in limine*, to preclude evidence, testimony, or mention of the suicide death of a former student of defense expert, Dr. Jared Balmer, at a boarding school program managed by Dr. Balmer.

    Defendants have disclosed Jared Balmer, Ph.D as an expert witness in this matter. Dr Balmer will testify concerning the kinds of therapy and treatment modalities provided at Spring Ridge Academy. In particular he will also testify as to the acceptance of those therapy and treatments in the industry and their wide spread application and use.

    Plaintiff seeks to introduce evidence that one of the students who attended a boarding school administered by Dr. Balmer committed suicide. There is no probative

1

value to such evidence, as there was no finding of inappropriate conduct by Dr. Balmer related to that suicide or any other professional sanction that issued. It cannot, therefore, have any possible probative value even as impeachment evidence to discredit Dr. Balmer. Evidence of that unrelated tragedy should therefore be precluded as irrelevant pursuant to Fed. R. Evid. 402. It should also be precluded as unduly prejudicial to the defense and likely to mislead and confuse the jury. Fed. R. Evid. 403.

In addition, the records of that student's psychiatric history are not part of the evidence in this lawsuit and until he was disclosed as a defense expert in this matter, Plaintiff had no knowledge of or reliance upon anything stated by Dr. Balmer concerning Spring Ridge Academy or the therapies or treatment offered in its program. Plaintiff's sole purpose in bringing forth such evidence is to embarrass and harass Dr. Balmer. Such evidence should also be precluded at trial pursuant to Fed. R. Evid. 611(a)(3).

Based on the foregoing, Defendants respectfully ask this Court to issue an order that Plaintiff be forbidden from presenting evidence concerning or referencing the suicide death of Dr. Balmer's former student.

## LRCIV 7.2(L) CERTIFICATE OF GOOD FAITH

Undersigned counsel certifies that Defendants met and conferred with Plaintiff and Plaintiff's counsel in good faith by email correspondence, but the parties were unable to resolve their disagreement on the foregoing matters.

RESPECTFULLY SUBMITTED this 31st day of October, 2023.

**GRASSO LAW FIRM, P.C.**

By  /s/ *Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
Attorneys for Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily