**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kimberly Sweidy, | ) | No.  CV-21-08013-PCT-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Spring Ridge Academy, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court are 12 Motions in Limine filed by Defendants (Docs. 182-194), and Plaintiff's respective Responses (Docs. 199-210). Each motion was fully briefed on or before November 7, 2023. On November 21, 2023, the Court held a final pretrial conference and heard oral argument on all the pending motions.  The Court's rulings are as follows.

I.    **BACKGROUND**

This matter concerns the enrollment of the Plaintiff Kimberly Sweidy's ("Plaintiff") minor daughter at Defendant Spring Ridge Academy in December 2019. (Doc. 178 at 1). Spring Ridge Academy operated as a therapeutic boarding school for high school aged girls in Mayer, Arizona. (*Id*.). Plaintiff agreed to enroll her daughter at Spring Ridge Academy and signed an enrollment agreement on December 13, 2019. (*Id*.). Plaintiff alleges that she was fraudulently misled by both Defendant Spring Ridge Academy and its admissions director, Defendant Kate Deily, as to the nature and quality of the programs and therapeutic modalities provided at the school. (*Id*.). Plaintiff further alleges that she was injured as a

result of Defendants' allegedly fraudulent conduct and seeks damages to compensate her for her injuries. (*Id*.). Both Defendants deny that they committed any fraudulent conduct or that they have caused injury to Plaintiff. (*Id*.).

Plaintiff alleges that Spring Ridge Academy used a variety of seminars, workshops, and residential living conditions to take advantage of a vulnerable population—i.e., divorced parents and their children—and make money. (Doc. 1 at 14). Plaintiff alleges that Spring Ridge Academy does this by using tactics such as public shaming, manipulation and coercion, fear, yelling and violence, disclosure of confidential information, drugs, isolation, and food deprivation. (*Id*.). Such tactics "are designed to destroy the student's faith and relationship [with] the parents and to destroy the parent's faith in themselves, such that the school and its owners, with no credentials whatsoever, have unbridled access and ability to imprison students for an arbitrary and uncertain time period for money." (*Id*. at 14). Plaintiff originally brought eight distinct causes of action, but six Counts were dismissed by this Court at summary judgment on August 15, 2023. (Doc. 166 at 31). Thus, the only remaining claims are: (i) actual and constructive fraud and (ii) consumer fraud against Defendants Spring Ridge Academy and Kate Deily. (*Id*.).

## II.   <u>DISCUSSION</u>

### 1.   **Defendants' Motion in Limine Regarding Permissible Damages Evidence (Doc. 182). Plaintiff's Response (Doc. 199).**

Defendants request that the Court exclude Plaintiff's evidence of non-pecuniary damages. (Doc. 182 at 1). Defendants argue that Plaintiff has improperly included calculations for special and consequential damages for claims previously dismissed, and for speculative damages not related to the alleged fraud. (*Id*. at 2). Defendants further argue that Plaintiff should be precluded from introducing evidence of special damages because Arizona caselaw only allows for pecuniary damages in fraud claims. (Doc. 182 at 2). Plaintiff argues that Arizona case law does allow for special damages in the case of loss of enjoyment of a familial relationship. (Doc. 199 at 2).

Common law fraud is a tort claim. *See CIT Fin. LLC v. Treon, Aguirre, Newman &*

*Norris PA*, No. CV-14-00800-PHX-JAT, 2016 WL 6610604, at *5 (D. Ariz. Nov. 9, 2016). The Restatement (Second) of Torts provides that "[o]ne who fraudulently makes a misrepresentation . . . is subject to liability to the other in deceit *for pecuniary loss* caused to him by his justifiable reliance upon the misrepresentation." Restatement (Second) of Torts § 525 (1977) (emphasis added). Under Arizona law, consequential damages may be available if they arise from fraudulent conduct. *Cole v. Gerhart*, 423 P.2d 100, 102 (Ariz. 1967). However, a victim of fraud is only entitled to compensation if the wrong was the natural and proximate result of the fraud. *Id.* at 103. Further, The Restatement (Second) provides that fraudulent conduct must be the cause in fact and legal cause of pecuniary loss to support a damages award. Restatement §§ 546, 548A. Additionally, a defendant is subject to fraud "liability for pecuniary loss suffered by one who justifiably relies upon the truth of the matter misrepresented, if his reliance is *a substantial factor* in determining the course of conduct that results in his loss." Restatement § 546 (emphasis added). "A fraudulent misrepresentation is a legal cause of a pecuniary loss resulting from action or inaction in reliance upon it if, but only if, the loss might reasonably be expected to result from the reliance." Restatement § 548A (emphasis added). Thus, the damages recoverable in a fraud case are usually "limited to the actual pecuniary loss sustained." *Arce-Mendez v. Eagle Produce P'ship Inc.*, No. CV 05-3857-PHX-JAT, 2008 WL 659812, at *3 (D. Ariz. Mar. 6, 2008).

In the present case, Defendants claim that Plaintiff has included the following in her calculation of damages: (1) claims for conversion of property (a previously dismissed claim), (2) legal fees and costs related to this litigation, (3) counseling sessions (for which no expert has been identified), (4) future therapy sessions ($776,000), (5) disgorging of profits ($117,000), (6) Plaintiff's personal "time damages" researching and prosecuting this lawsuit ($900,000), (7) and loss of child support ($220,000). (Doc. 182 at 2).

With the exception of disgorgement of profits, none of the above claims for damages can fairly be said to be the natural and proximate result of the alleged fraud. This is the standard required by the Restatement, and Arizona law. *See Cole*, 423 P.2d at 102. First, the

3

damages calculation for conversion of property are only relevant to a previously dismissed claim, and not to the remaining claims of fraud. Evidence of these damages thus will not be allowed. Second, the choice to begin this litigation is completely unrelated from Defendants' allegedly fraudulent conduct. Plaintiff's lost time prosecuting this case is also similarly unrelated. The proper mechanism for obtaining these alleged losses is to move for attorney's fees. Plaintiff's arguments at the final pretrial conference failed to distinguish how these damages differed from attorney's fees, especially as she is also acting as a counsel of record. Third, it is not reasonable to say that counseling and therapy sessions are the direct result of Plaintiff's reliance on the allegedly false representation by Defendant. Plaintiff may have taken these actions to help her and her child deal with the consequences of what allegedly occurred at Springe Ridge Academy, but this is too attenuated from the alleged fraud to be considered the legal or factual cause of these damages. Similarly, the loss in child support related to Plaintiff's decision to de-enroll her daughter from Spring Ridge Academy was her choice alone. While the Court agrees that this may have been a rational choice based on the allegations, that does not make it the natural and proximate result of the fraud.

However, Plaintiff's calculation for disgorgement of profits is proper. Springe Ridge Academy received tuition payments due to Plaintiff's reliance on the allegedly fraudulent statements. These pecuniary losses are directly related as they would not have occurred but for Plaintiff's reliance. Thus, this reliance was the factual cause of these losses. Similarly, the reliance serves as the proximate legal cause as it is reasonable to expect that alleged misrepresentations would lead to Plaintiff paying tuition to Springe Ridge Academy. Thus, the evidence of disgorgement of profits, totaling $117,000 is admissible.

Plaintiff cites two cases in objecting to Defendants' motion, *Reben v. Ely*, 705 P.2d 1360 (Ariz. Ct. App. 1985) and *Howard Frank, M.D., P.C. v. Superior Ct. of State of Ariz., In & For Maricopa Cnty.*, 722 P.2d 955 (Ariz. 1986). Neither case is relevant to this claim, or to damages for fraud more generally. Both cases address whether there is a cause of action available to parents in Arizona for the loss of consortium of an injured child. Here,

Plaintiff's only remaining claims are for variations of fraud. Therefore, the causes of action between these cases and the present case are wholly unrelated. The fact that both cases include factually similar backgrounds to the current case does not make their legal reasoning applicable.

In sum, the Court finds much of the proposed evidence supporting Plaintiff's claim for damages is inadmissible. Plaintiff may present evidence of consequential damages for fraud, but only if the allegedly fraudulent conduct is both the cause in fact and legal cause of the pecuniary loss. The Court finds that claims for conversion of property, legal fees and costs related to this litigation, counseling and future therapy sessions, Plaintiff's personal "time damages" researching and prosecuting this lawsuit, and loss of child support are all not the factual or proximate result of reliance on Defendants' alleged misrepresentations or omissions. Plaintiff may not present evidence of these Damages at trial. However, this Court does find that evidence offered by Plaintiff to argue disgorgement of profits is tied to the factual and proximate result of reliance on Defendants' alleged misrepresentations. Therefore, Defendants' Motion (Doc. 182) is **granted in part and denied in part**.

**2. Defendants Motion in Limine Regarding Expert Testimony (Doc. 183). Plaintiff's Response (Doc. 200).**

Defendants argue that Plaintiff should be limited to a single expert witness due to the cumulative nature of having three expert witnesses, and that these experts should be limited to testifying on matters covered in their reports. (Doc. 183 at 2). Defendants further argue that two of Plaintiff's lay witnesses are actually experts who will opine about the treatment services at Spring Ridge Academy. (*Id*.). Plaintiff argues that all three experts serve a different purpose and that any testimony they intend to give that is not covered in their reports is the result of Defendants' failure to timely disclose the needed information. (Doc. 200 at 3).

Federal Rule of Civil Procedure 16(c)(2)(D) empowers a court to impose orders "limiting the use of testimony under Federal Rule of Evidence 702" if needed to avoid "unnecessary proof and cumulative evidence."

Determining whether evidence should be excluded under FRE 403 "requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of [the conditions outlined in FRE 403] substantially outweigh the probative value." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (emphasis added). "[C]umulative evidence [thus] is not necessarily excludable under [FRE] 403[.]" *United States v. Taylor*, No. 96-30343, 1997 WL 661153 (9th Cir. 1997). Rather, the "evidence must be 'needless[ly] cumulative' before its admission by the district court amounts to an abuse of discretion." *Id.* (quoting *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990)); *see also United States v. Miguel*, 87 Fed. App'x 67, 68 (9th Cir. 2004) (explaining that FRE 403's cumulative evidence provision "does not prohibit the introduction of cumulative evidence; rather, it merely permits courts to exclude cumulative evidence when it has little incremental value"). "There can be no doubt of the power of the trial court, in the exercise of a sound and reasonable judicial discretion, to limit the number of expert witnesses." *Ruud v. United States*, 256 F.2d 460, 462 n.5 (9th Cir. 1958) (internal quotation marks omitted). The exclusion of evidence under Rule 403 "is an extraordinary remedy" to be used "sparingly" and the "mere presence of overlap" does not render testimony unnecessarily cumulative. *Rodriguez v. Cty. of Stanislaus*, No. 1:08-cv-00856 OWW GSA, 2010 WL 2720940, at *1-2 (E.D. Cal. July 8, 2010).

This Court's Case Management Order set a discovery deadline, which included all Rule 26 disclosures, of August 30, 2022. (Doc. 22 at 2).

In the present case, Plaintiff makes a credible argument as to why each of their proposed experts provides testimony on different topics. While each expert is expected to testify about alternative treatment methods used at Spring Ridge Academy, each addresses a different subject within that issue. For example, Dr. Hunter discusses Large Group Awareness Training, whereas Dr. Flens discusses "evidence-based-practice." (Doc. 200 at 2-3). Both methods were used at Springe Ridge Academy, but the methods appear to be different aspects of the curriculum employed at the academy. Thus, the evidence is not "needlessly" cumulative under Fed. R. Evid. 403. The evidence is also not "unnecessary"

under Fed. R. Civ. P. 16(c)(2)(D) as limiting these expert's testimony would also limit Plaintiff's ability to craft her case and distinguish between the two methods.

However, Plaintiff does not provide a valid argument as to why some of this anticipated testimony was not disclosed in these expert's report, or later in a supplemental report. Plaintiff complains that Defendants did not turn over the requisite information to form these expert opinions until May 31, 2022, but this was well before the discovery deadline of August 30, 2022. (Doc. 22 at 2). At a minimum, Plaintiff's experts could have provided a supplemental disclosure under Fed. R. Civ. P. 26(e). Even if this delay was caused by Defendants untimely disclosure, the Court may have entertained a late disclosure. Plaintiff also could have proactively also asked for more time from the Court to make these disclosures. Plaintiff did none of these things. Rule 26(e) creates an affirmative duty to disclose, and to update all disclosures when new information becomes available. This allows the other side to craft their defense. Here, Plaintiff violated both the spirit and the letter of Rule 26(e). Therefore, Plaintiff's experts should be limited to testifying as to what was provided in their disclosures.

Finally, Defendants argue that two of Plaintiff's lay witnesses, Dr. Haaken and Dr. Kolbe, should be prevented from testifying because they did not produce expert reports and because they are being called to testify on matters requiring expert opinions. Plaintiff argues that these witnesses are proper fact witnesses. Plaintiff claims that Dr. Haaken will testify as to her personal experience with the therapeutic program "Lifespring," and Dr. Kolbe will testify as to what she observed while she was a student of Defendants' expert witness, Dr. Jared Balmer. If this remains true, then Defendants' motion will be denied without prejudice pending these witnesses' testimony at trial. Plaintiff is advised to avoid steering her direct examination of these witnesses away from facts they observed and towards opinions that are improper for a lay witness. *See* Fed. R. Civ. P. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: . . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Additionally, Plaintiff is advised to keep these witnesses' testimony relevant to her claims

of fraud. Introducing these witnesses solely to discredit the testimony of Defendants' experts would be improper. This style of impeachment is not allowed under Fed. R. Evid. 608. ("extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."). But, if the witnesses are testifying to facts that they observed, which are relevant to Plaintiff's claims of fraud, then they are admissible. Thus, Defendants' motion fails under Fed. R. Civ. P. 16(c)(2)(D) but may be sustained under another rule at trial.

In sum, the Court finds that the testimony of Dr. John Hunger, Rick Ross, and Dr. James Flens are not cumulative under Fed. R. Civ. P. 16(c)(2)(D). Each of these experts addresses a different subject concerning the treatment at Spring Ridge Academy. As it is Plaintiff's burden to prove fraud here, she will be allowed to develop her case using each of these witnesses. However, Plaintiff does not provide a valid argument as to why some of the anticipated testimony was not disclosed in these expert's report, or later in a supplemental report. Plaintiff had a duty to disclose any updates to their expert reports under Fed. R. Civ. P. 26(e) but failed to do so. The Court does not find good cause to waive this requirement here given that Defendants' late disclosure was still within the Court's discovery deadline. Therefore, Plaintiffs' experts will be limited to testifying as to what was provided in their disclosures. Finally, Defendants' arguments to exclude the lay witnesses, Dr. Haaken and Dr. Kolbe, fail as Plaintiff is offering these witnesses based on matters within their personal knowledge and not that which requires "scientific, technical, or other specialized knowledge within the scope of Rule 702." Thus, these witnesses may testify as lay witnesses, but Defendants' may renew their objection to excluding these witnesses based on their testimony at trial. Therefore, Defendants' Motion (Doc. 183) **is granted in part and denied in part without prejudice**.

### 3. Defendants' amended Motion in Limine Regarding Events Occurring After Enrollment (Doc. 188). Plaintiff's Response (Doc. 201).

Defendants argue that the actions of Spring Ridge Academy staff after Plaintiff's daughter was enrolled in the school are not relevant and overly prejudicial. (Doc. 188 at 2).

Specifically, Defendants argue that these actions played no role in Plaintiff's enrollment decision, and Plaintiff can only claim to have relied on alleged misrepresentations made before she enrolled her daughter. (*Id*.). Plaintiff claims that evidence of the staff's actions after enrollment is necessary to show that Spring Ridge Academy did not provide the services that it claimed to offer. (Doc. 201 at 2). Plaintiff claims this evidence is necessary to show that the misrepresentations by Defendants were false. (*Id*.).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

To establish a claim for actual fraud under Arizona law, a plaintiff must prove nine separate elements: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." *Taeger v. Cath. Fam. & Cmty. Servs.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999).

Here, Defendants' argument fails for several reasons. The decision to dismiss previous Defendants or claims from this case was based on the consideration of the facts supporting summary judgment, not on whether those facts were relevant to this case. Those facts are relevant here, as their existence make it more probable that Defendants' alleged representations were in fact false. This is one of the essential elements to Plaintiff's claim of fraud. For example, if Defendants claimed to provide a safe environment, then Plaintiff's evidence of potential drug use at the school would indicate that this representation was false.

(Doc. 202 at 2). If Plaintiff was limited to only pre-enrollment evidence, then there would be no way to prove that the representations she relied upon actually later turned out to be false. Therefore, the evidence is relevant here. Fed. R. Evid. 401.

Defendants' one sentence argument about prejudice similarly misses the mark. All relevant evidence is prejudicial. The alleged misconduct that occurred after enrollment does paint a negative picture of Defendants, but this tangential negativity does not "substantially outweigh the probative value" of Plaintiff's evidence here. Fed. R. Evid. 403. Thus, exclusion is not warranted under Rule 403.

In sum, the Court finds that the alleged conduct at Spring Ridge Academy that occurred after Plaintiff's daughter enrolled there is relevant. Those facts are relevant as they make it more probable that Defendants' alleged representations were in fact false. This is one of the essential elements to Plaintiff's claim of fraud. This is all that is required under Fed. R. Evid. 401. Therefore, Defendants' Motion (Doc. 188) is **denied**.

**4. Defendants' Motion in Limine to Preclude Plaintiff from Presenting Evidence of Kate Deily's Sensitive Personal Family Information at Trial (Doc. 185). Plaintiff's Response (Doc. 202).**

Defendant asks the Court to exclude evidence of the death of Defendant Kate Deily's boyfriend by drug overdose, and of her son, as not relevant and overly prejudicial. (Doc. 185 at 1). Plaintiff responds by arguing that "[a]ll information about Ms. Deily's life is relevant to proving Ms. Sweidy's claims of Actual Fraud, Constructive Fraud, and Consumer Fraud." (Doc. 202 at 3).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a

relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Here, the evidence of Defendant Kate Deily's boyfriend, or her son, is in no way relevant to Plaintiff's claims. Plaintiff has attempted to say that Kate Deily was put forward by Defendants as a success story and this evidence refutes that, but this simply an attempted character assassination. It is not clear how the suicide of Kate Deily's boyfriend would make Kate Deily any less of a success story. Plaintiff's claims are for variations of fraud, and she provides no proof that she relied on the absence of this fact in making her decision to enroll her daughter in Spring Ridge Academy. The facts related to the personal lives of the employees of Spring Ridge Academy, especially those outside of their control, are not material to Plaintiff's claims of fraud.

Even if Plaintiff would have hypothetically relied on these facts, the evidence would be overly prejudicial under Fed. R. Evid. 403 and 404(a). This fact would confuse the issues relevant to fraud with impermissible character evidence. Suicide is also an emotionally charged topic that could distract the jury from the relevant facts of the case.

In sum, the Court finds that evidence of the death of Defendant Kate Deily's boyfriend, and of her son, are not relevant and overly prejudicial. This evidence in no way makes Plaintiff's claims of fraud more or less probable. Thus, it is irrelevant under Fed. R. Evid. 401. This evidence is also overly prejudicial under Fed. R. Evid. 403 as it confuses the issues by providing impermissible character evidence of Kate Deily. Therefore,

Defendants' Motion (Doc. 185) is **granted**.

> **5.  Defendants' Motion in Limine Regarding Spring Ridge Academy's Closure in 2023 (Doc. 186). Plaintiff's Response (Doc. 203).**

Defendants request that the Court exclude any evidence of Spring Ridge Academy's subsequent closure which occurred after Plaintiff filed the instant suit. (Doc. 186 at 1). Defendants argue that the evidence is not relevant and overly prejudicial. (*Id*.). Plaintiff argues that the evidence is relevant as it shows that Defendants were not providing services in the manner that they claimed to be. (Doc. 203 at 4).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Here, the evidence of Spring Ridge Academy's subsequent closure is not relevant under Fed. R. Evid. 401. Unlike the evidence of Spring Ridge Academy employee's conduct after Plaintiff's daughter enrolled, this fact does not make it more or less likely that

Defendants made a false statement or omitted material information. Spring Ridge Academy could have closed for a number of reasons not related to Plaintiff's claim for fraud. Plaintiff's argument for relevance also requires several unfounded assumptions. Plaintiff argues that because she sued Defendants, this supposedly put pressure on them from other parties, who then exposed Defendants, leading to the school's closure.

Even if Plaintiff had proof of this causal chain, it would be overly prejudicial. Plaintiff is essentially asking the jury to assume the school closed because of Plaintiff's claims, all of which still have not yet been proven by a preponderance of the evidence in this Court. This is misleading under Fed. R. Evid. 403. Plaintiff is suing for variations of fraud, and Spring Ridge Academy's closure simply has nothing to do with whether Defendants made a false statement which Plaintiff relied upon.

In sum, the Court finds that evidence of Spring Ridge Academy's subsequent closure is not relevant to the current suit and overly prejudicial. This fact does not make it more or less likely that Defendants made a false statement which Plaintiff relied upon. Thus, it is irrelevant under Fed. R. Evid. 401. Further, the fact would likely mislead the jury into thinking Spring Ridge Academy closed because of the claims Plaintiff has brought in the current case. Thus, it is also unduly prejudicial under Fed. R. Evid. 403. Therefore, Defendants Motion (Doc. 186) is **granted**.

**6. Defendants' Motion in Limine Regarding Jean Courtney's Ex-Husband's Work, Training, and Legal Matters (Doc. 187). Plaintiff's Response (Doc. 204).**

Defendants request that the Court exclude any "evidence, testimony, or mention of former defendant Jean Courtney's ex-husband David Gilcrease and his work, training, and legal matters." (Doc. 187 at 1). Defendants argue that the evidence is not relevant and overly prejudicial. (*Id.*). Plaintiff argues that David Gilcrease has a history of abuse that shows the curriculum at Spring Ridge Academy was damaging and fraudulent. (Doc. 204 at 2).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Plaintiff argues that David Gilcrease's history demonstrates that he has a pattern of behavior which Defendants should have revealed to her prior to enrollment. (Doc. 204 at 3). At first glance, this may seem relevant under a constructive fraud theory. It is a question of fact as to whether Defendants owed a duty to Plaintiff to reveal such information. *See Rindlisbacher v. Steinway & Sons Inc.*, 497 F. Supp. 3d 479, 504 (D. Ariz. 2020), *aff'd sub nom. Rindlisbacher v. Steinway, Inc.*, No. 20-17331, 2021 WL 6067258 (9th Cir. Dec. 20, 2021) ("'Where a relation of trust and confidence exists between two parties so that one of them places peculiar reliance in the trustworthiness of another, the latter is under a duty to make a full and truthful disclosure of all material facts . . . .' [ ] A breach of that duty gives rise to an action in constructive fraud." (quoting *Rhoads v. Harvey Publications, Inc.*, 700 P.2d 840 (Ariz. Ct. App. 1984)). If Defendants did owe a duty, then failure to reveal this information about David Gilcrease might go to the question of breach. Thus, the information is relevant, and would be best left for the jury.

However, Plaintiff does not make it clear whether David Gilcrease was in any way

related to forming the curriculum at Spring Ridge Academy or whether he even influenced a party to this lawsuit. David Gilcrease is the ex-husband of Jean Courtney who is a previously dismissed party to this suit and former employee of Spring Ridge Academy. The relevance of the personal lives of the school's employees seems attenuated at best. Without any connection to Spring Ridge Academy, aside from a prior marriage, the Court cannot find the evidence to be potentially material. Additionally, many of the allegations Plaintiff makes about David Gilcrease pre-date Plaintiff's fraud claims by 25 years.

Plaintiff attempts to tie David Gilcrease and Spring Ridge Academy together by stating that he and Jean Cortney attended the same networking events. Specifically, Plaintiff claims that they were both involved with World Wide Association of Specialty Programs (WWASP) which allegedly fostered child abuse. This also has little probative value though, as there is no evidence that these other organizations had any impact on the Spring Ridge Academy curriculum. Plaintiff's only explanation for how these allegations relate to the curriculum at Spring Ridge Academy is that they are from "the same Workshops that are the topic of this lawsuit." (Doc. 204 at 3). Parallel conduct of third parties elsewhere does not explain how Plaintiff relied on the alleged misrepresentations of Defendants in this case. The methods that Spring Ridge Academy employed speak for themselves as to the element of falsity, and information about similar outside organizations is beside the point for Plaintiff. Plaintiff simply has not shown why this information was a material fact for her enrollment decision, or the absence of which she relied upon. Therefore, David Gilcrease's work and legal history is not relevant under Fed. R. Evid. 401.

Moreover, this information would be overly prejudicial if introduced as it might confuse the jury into believing that his alleged bad actions were somehow related to Spring Ridge Academy. Plaintiff appears to be providing this evidence to make a propensity argument, that because child abuse allegedly happened elsewhere, it is more likely that it occurred here. Thus, the evidence is inadmissible under Fed. R. Evid. 403 as well.

In sum, the Court finds that evidence of David Gilcrease's work, training, and legal matters is not relevant and overly prejudicial. Failure to reveal David Gilcrease's history

has no impact on whether Plaintiff relied on an allegedly false representation by Defendants. Thus, the evidence is irrelevant under Fed. R. Evid. 401. Additionally, it would likely confuse the jury into believing that his alleged bad actions were somehow related to Spring Ridge Academy. Thus, it is inadmissible under Fed. R. Evid. 403 as well. Therefore, Defendants' Motion (Doc. 187) is **granted**.

**7. Defendants' Motion in Limine Regarding Other Litigation Claims and Television Movie (Doc. 189). Plaintiff's Response (Doc. 205).**

Defendants request that the Court exclude all evidence of litigation against other therapeutic boarding school programs and related industry trade organizations, along with any mention of a television drama that mirrors the subject matter of this litigation. (Doc. 189 at 1-2). Defendants claim this information is not relevant and overly prejudicial. (*Id.* at 2). Plaintiff argues that evidence of the other organizations is relevant because they are similar to Spring Ridge Academy. (Doc. 205 at 2-3). Plaintiff further argues that the television drama includes other specials which include former students of Spring Ridge Academy, and that school employees responded to the movie in the comments section online. (*Id.* at 3). Plaintiff claims that these comments directly contradict statements made to her prior to signing her contract. (*Id.*).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Here, the analysis of litigation against other similar organizations largely mirrors the analysis of the Motion in Limine concerning David Gilgrease's past. Parallel alleged misconduct elsewhere does not explain how Plaintiff relied on the alleged misrepresentations of Defendants here. Plaintiff claims that the similarities are relevant to show a pattern of deception, but again fails to explain why the similarities between these organizations are material here. Therefore, evidence of litigation or claims against the organizations World Wide Association of Specialty Programs and Schools (WWASPS) and the National Association of Therapeutic Schools and Programs (NATSAP) is not relevant under Fed. R. Evid. 401.

However, evidence challenging the credibility of, or the accreditation process used by these organizations is relevant here. Plaintiff claims to have relied upon this allegedly false information. Evidence of Defendants false marketing or advertisement by allegedly using these organizations to gain credibility is also relevant to Plaintiff's claim for the same reason. Plaintiff must therefore be allowed to explain what these organizations are and why they are not who they purport to be. However, this information is different than evidence of litigation or claims against the organizations. Plaintiff cannot claim to have relied on the supposed absence of litigation against these other organizations, as it did not exist at the time Plaintiff entered into contract with Defendants.

The evidence of the Lifetime TV movie is partially relevant. Evidence of the existence of the TV drama itself has no probative value to the claims here, but the comments posted in reaction to the movie and its spinoff documentary might. Plaintiff alleges that employees of Spring Ridge Academy directly responded to the movie by arguing why their

school was different than scenes depicted in the movie. These are statements by a party opponent under Fed. R. Evid. 801(d). They are also relevant as they contrast with the statements Defendants allegedly made to Plaintiff prior to her signing a contract with them. Therefore, there is no way to introduce these statements without revealing the existence of the movie. On balance the prejudicial impact of revealing the existence of the movie is likely not so great as to prevent the rebuttal comments by employees of Defendants from coming in. The main objection to the movie is its relevance, but this objection does not "substantially outweigh" its probative value. Fed. R. Evid. 403.

In sum, the Court finds that evidence of litigation against other therapeutic boarding school programs and related industry trade organizations (specifically the World Wide Association of Specialty Programs and Schools (WWASPS) and the National Association of Therapeutic Schools and Programs (NATSAP)) is both not relevant and overly prejudicial here. Parallel alleged misconduct elsewhere does not explain how Plaintiff relied on the alleged misrepresentations of Defendants in this case. Plaintiff fails to explain why the similarities between these organizations are material to her claims. However, Plaintiff may introduce evidence challenging the credibility of, or the accreditation process used by these organizations. Plaintiff may also argue that she relied upon this allegedly false information. Plaintiff may also introduce evidence of the television drama "Cruel Instruction" for the limited purpose of providing foundation for the comments about it made by Defendants' employees. Plaintiff alleges that employees of Spring Ridge Academy directly responded to the movie by arguing why its program was different than scenes depicted in the movie. These are statements by a party opponent under Fed. R. Evid. 801(d). They are also relevant as they contrast statements allegedly made to Plaintiff prior to her signing a contract with Defendants. Therefore, Defendants' Motion (Doc. 189) is **granted in part and denied in part**.

///

///

///

**8. Defendants' Motion in Limine Regarding Former Students' Personal Experiences (Doc. 190). Plaintiff's Response (206).**

Defendants request that the Court exclude all statements of former students who attended either Spring Ridge Academy or other similar boarding schools. (Doc. 190 at 1). Defendants claim that the statements of these individuals are hearsay and that their testimony "about their own person observations" is improper opinion evidence. (*Id*.). Defendants also claim that these statements are irrelevant and prejudicial. (*Id*.). Plaintiff argues that this testimony is important for demonstrating what occurred at Spring Ridge Academy. (Doc. 206 at 2).

Fed R. Evid. 801(c) defines hearsay as: "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

Fed. R. Evid. 701 allows for the testimony of lay witnesses if: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Fed. R. Evid. 401 states that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, Defendants are partially correct in their statement of the law but extend their arguments too far. First, the statements made by former students on social media, or elsewhere on the internet, are clearly hearsay. These statements were made out of court and are being offered for the truth of the matter asserted. Namely, to prove what went on at

Spring Ridge Academy. None of the definitions in Fed. R. Evid. 801(d) excluding these statements from the rule against hearsay apply. Therefore, these statements are inadmissible in their current form.

However, if Plaintiff would like to call the makers of these statements as witnesses, they may testify as to their personal observations which formed the basis of the previously mentioned statements. Defendants are incorrect in arguing that these personal observations are improper opinion evidence, as lay witnesses may offer opinions that are not "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. As students of Spring Ridge Academy would have personally observed matters at the school, they have sufficiently personal knowledge to testify. These facts are also relevant as they go to Plaintiff's claim as to whether Defendants representations about the school were in fact false. Defendants make no argument as to why Rule 403 should exclude these statements except to say that it would be prejudicial. All relevant evidence is prejudicial when used against one's case.

Furthermore, any statements made by employees of Spring Ridge Academy responding to these students online would not be excluded by the rule against hearsay. Fed. R. Evid. 801(d). These online responses would be a statement by a representative of a party opponent. *Id*.

In sum, the Court finds the statements made by former students on social media, or elsewhere on the internet, are clearly hearsay. These statements were made out of court and are being offered for the truth of the matter asserted, *i.e.,* to prove what went on at Spring Ridge Academy. However, if Plaintiff would like to call the makers of these statements as witnesses, they may testify as to their personal observations which formed the basis of the previously mentioned statements. This lay witness testimony is not improper under Fed. R. Evid. 701 as it their opinions are not "based on scientific, technical, or other specialized knowledge." Further, this testimony is also relevant as it goes to Plaintiff's claim as to whether Defendants' representations about the school were in fact false. Therefore, Defendants' Motion (Doc. 190) is **granted in part and denied in part**.

**9. Defendants' Motion in Limine Regarding Suicide Death of Former Student of Dr. Balmer (Doc. 191). Plaintiff's Response (Doc. 207).**

Defendants request that the Court exclude evidence of the suicide death of one of Dr. Jared Balmer's students. (Doc. 191 at 1). Dr. Balmer is an expert witness for Defendants. (*Id.*). Defendants argue that this information is not relevant and overly prejudicial. (*Id.* at 2). Plaintiff claims that the information is relevant because Defendants should have disclosed it to her before they contracted. (Doc. 207 at 2). Plaintiff further claims that this information rebuts claims by Defendants of their students being success stories (*Id.*). Finally, Plaintiff argues that other students at Spring Ridge Academy feared death if they left the program, and this information helps prove that. (*Id.*).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Here, the evidence of the suicide by one of Dr. Balmer's former students is highly

prejudicial. This evidence would largely discredit his work in an unfair manner due to the emotional impact that suicide carries. This suicide also could have occurred for reasons not at all related to Dr. Balmer, such as a pre-existing mental disorder or a traumatic event outside of treatment. No information is given as to the suspected reasons why this person committed suicide. Thus, at first glance, this evidence seems likely excludable under Fed. R. Evid. 403.

However, at the final pretrial conference, Plaintiff made a compelling argument as to why the topic of suicide is relevant. If this suicide victim had been a student at Spring Ridge Academy or had died at the school before Plaintiff's daughter enrolled, then this might be material detail that Defendants should have disclosed. The potential materiality of these facts is properly left to the jury. Additionally, if Defendants highlighted their former students as mental health success stories, then this allegation rebuts that. Further, if former students claimed to have feared death by suicide at Spring Ridge Academy, as indicated by the deposition testimony of Plaintiff's daughter, then this evidence supports this fear. All of these reasons indicate that the evidence of suicides related to Spring Ridge Academy is relevant. Fed. R. Evid. 401.

However, also at the final pretrial conference, both parties admitted that this particular suicide that Defendants now seek to exclude was not that of a former student of Spring Ridge Academy. Neither side presented any evidence connecting this death to Spring Ridge Academy except for the third-party relationship to Dr. Balmer. Therefore, the relevance of the information is greatly diminished. While Plaintiff is allowed to bring evidence of other suicides that are connected to the school, this one is irrelevant and carries undue prejudicial weight.  Therefore, Defendants' Motion (Doc. 191) is **granted**.

10. **Defendants' Motion in Limine Regarding Legal Actions Involving Prior Students (Doc. 192). Plaintiff's Response (Doc. 208).**

Defendants request that the Court exclude evidence of prior litigation between two families whose children previously attended Spring Ridge Academy. (Doc. 192 at 2). Defendants argue that evidence of this litigation is not relevant, hearsay, harassment under

Fed. R. Evid. 611, and unduly prejudicial. (*Id*.). Plaintiff maintains that the evidence is relevant to "show a pattern of behavior by SRA that instigates and/or exacerbates exiting issues into calamities." (Doc. 208 at 4).

Fed R. Evid. 801(c) defines hearsay as: "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." "A prior judgment is therefore hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment." *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004).

Fed. R. Evid. 401 states that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As an initial matter, the evidence of the other lawsuits involving Spring Ridge Academy is hearsay if it is being offered for proving the truth of the allegations of the lawsuits. *See Boulware*, 384 F.3d at 806. Moreover, these prior lawsuits have no relevance to Plaintiff's claims. Again, alleged misconduct elsewhere does not explain how Plaintiff relied on the alleged misrepresentations of Defendants in the present case. Plaintiff claims that the similarities are relevant to show a pattern of abuse, but again fails to explain why the similarities are material. Plaintiff makes no argument as to whether Defendants should have revealed these lawsuits to her, prior to her daughter's enrollment, and only connects these suits to her case by arguing that they similarly show misconduct by Defendants. Upon inspection, the facts of these cases are wholly unrelated to the claims which Plaintiff brings in the instant case. Therefore, the evidence is not relevant under Fed. R. Evid. 401.

Finally, these lawsuits contain highly prejudicial facts such as a murder suicide by the parent of a former Spring Ridge Academy Student. Thus, the risk of confusing the jury

with this emotionally charged yet unrelated conduct is high. The evidence should also be excluded under Fed. R. Evid. 403.

In sum, the Court finds that the evidence of prior litigation between the Kozel and Daly families and Defendants is not relevant to the current case. Plaintiff only offers these prior lawsuits to show prior alleged misconduct by Defendants. Upon inspection, the facts of these cases are wholly unrelated to the claims which Plaintiff brings in the instant case. The mere existence of alleged misconduct elsewhere does not explain how Plaintiff relied on the alleged misrepresentations of Defendants in the present case. Furthermore, the contents of these lawsuits are hearsay without a relevant exception. Therefore, Defendants' Motion (Doc. 192) is **granted.**

**11. Defendants' Motion in Limine Regarding Former Employees Criminal Matters and Conduct (Doc. 193). Plaintiff's Response (Doc. 209).**

Defendants request that the Court exclude evidence of criminal convictions of two prior Spring Ridge Academy employees, and the testimony of a former student. (Doc. 193 at 1-2). Defendants argue that none of this information is relevant. (*Id*. at 2). Plaintiff argues that this evidence is relevant to her claim of constructive fraud. (Doc. 209 at 2-3).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. See 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be

influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

In the present case, Defendants claim that the first employee, David Moore, was convicted of sexual conduct of a minor in 2010 and was removed from employment years before Plaintiff's daughter enrolled in the school. (Doc. 193 at 1). On the one hand, this employee had no contact with Plaintiff's daughter. Spring Ridge Academy also appears to have taken the appropriate steps to resolve the matter and ensured that it would have had no impact on Plaintiff's daughter. However, whether this information was material to Defendants' representations is a open question of fact. Plaintiff claims that if she had known this history of prior employee misconduct then she would not have enrolled her daughter in the school. (Doc. 209 at 2). It is not unreasonable for parents to want to know whether a school has a history of employees with misconduct problems related to children. This makes the fact relevant in a claim for constructive fraud. Therefore, evidence of this claim is admissible.

Next, Defendants claim that the second employee, Robert Tirado, was convicted for domestic violence in 2020, after Plaintiff's daughter had been removed from Spring Ridge Academy. (*Id*. at 2). Unlike the previous conviction, though, this one is irrelevant. Robert Tirado's conviction is for conduct that occurred after Plaintiff's daughter left the school, and that occurred outside of the school. Thus, this information could not have been revealed to Plaintiff prior to enrollment and does nothing to show the alleged falsity of Defendants representations. Therefore, it should be excluded under Fed. R. Evid. 401.

Finally, the testimony of the former Spring Ridge Academy student, Molly Dickin, is relevant. Defendants argue that this evidence is irrelevant as it had no impact on Plaintiff's decision to enroll her daughter. However, this is again beside the point as Plaintiff is allowed to bring evidence of falsity her claims for fraud. If Defendants represented that Spring Ridge

Academy was a safe place, and unsafe things later happened there, then evidence of these unsafe acts rebut this claim. Thus, the evidence is relevant under Fed. R. Evid. 401 in relation to the element of falsity.

In sum, the Court finds that evidence of David Moore's prior conviction, and Molly Dickin's testimony are both relevant. Whether or not former school employees had a history of misconduct with children could be a material fact which Plaintiff would have relied upon. Also, evidence of a former student's experience at Spring Ridge Academy is relevant to the element of falsity. However, evidence of a former school employee's conviction which occurred after Plaintiff's daughter left the school is not relevant. This could not have impacted Plaintiff's reliance on Defendants' statements or omissions as the event happened later in time, and also does not help prove falsity. Therefore, Defendants' Motion (Doc. 193) is **granted in part and denied in part**.

12. **Defendants' Motion in Limine to Preclude Plaintiff from Presenting Evidence Concerning Tom Filsinger's Master's Thesis and Professional Information (Doc. 194). Plaintiffs' Response (Doc. 210).**

Defendants request that the Court exclude evidence of Tom Filsinger's 1982 Master's thesis and his work in the field of psychology. (Doc. 194 at 1-2). Defendants argue that this information is not relevant as he is merely the husband of Leslie Filsinger, a former party to this case. (*Id*.). Plaintiff argues that the information is relevant because Leslie Filsinger was the Clinical Director at Spring Ridge Academy, and her husband may have influenced her professional decisions. (Doc. 210 at 2). Plaintiff further argues that "those who have voluntarily undertaken this profession must reasonably expect scrutiny into their own private lives." (*Id*.).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein &

Margaret A. Berger, Weintstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

In the present case, Plaintiff has provided no evidence that Tom Filsinger's 1982 Master's thesis had any impact on the curriculum of Spring Ridge Academy, except that he is married to Leslie Filsinger. Further, Leslie Filsinger's testimony affirmatively stated that she had no knowledge of her husband's master's thesis. (Doc. 210-1 at 4 "Q. Are you familiar with the thesis of that paper? A. No, I'm not. Q. Have you been influenced in any way by your husband in development of large group activities at Spring Ridge Academy? [ ] A. No."). Therefore, this thesis is not relevant to the current case as there is no factual connection between the two. Plaintiff has argued that the thesis discusses similar treatment methods employed by Spring Ridge Academy, but this is beside the point if it had no impact on the school's curriculum. Therefore, the evidence is irrelevant under Fed. R. Evid. 401.

As for the remainder of Tom Filsinger's credentials, Plaintiff claims to have relied on them when considering enrolling her daughter in Spring Ridge Academy. However, Plaintiff provides no evidence that information about these credentials were even available for Plaintiff to consider at the time, or that Defendants were under a duty to provide the professional credentials of the spouses of all employees. The Court has found no case which supports the idea that the credentials of employee's spouses are at issue in a constructive

fraud claim. Unless Plaintiff can assert how Tom Filsinger was involved in developing the curriculum at Spring Ridge Academy, or how his credentials are in any way related to the school's existence, the evidence is not relevant.

In sum, the Court finds the evidence is not relevant. Plaintiff has provided no evidence that Tom Filsinger's background, including his 1982 master's thesis, influenced the curriculum or staff at Spring Ridge Academy in any way. Again, unrelated parallel conduct is not relevant under Fed. R. Evid. 401 simply because it is similar. Therefore, Defendants' Motion (Doc. 194) is **granted**.

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine (Doc. 182) is **granted in part and denied in part** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 183) is is **granted in part and denied in part without prejudice** in accordance with this order**.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 184) is **denied as moot.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 188) is **denied.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 185) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 186) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Docs. 187) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 189) is **granted in part and denied in part** in accordance with this order**.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 190) is **granted in part and denied in part** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 191) is

granted.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 192) is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 193) is **granted in part and denied in part** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 194) is **granted.**

Dated this 29th day of November, 2023.

Honorable Steven P. Logan
United States District Judge