**GRASSO**
— LAW FIRM —
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com
   Attorneys for Defendants Spring Ridge Academy, Jean Courtney,
   Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
   Justin Zych, and Kate Deily

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>                     Plaintiff,<br><br>          vs.<br><br>Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20,<br><br>                     Defendants. | Case No: 3:21-cv-08013-SPL<br><br>**DEFENDANTS SPRING RIDGE ACADEMY AND KATE DEILY'S MOTION TO STRIKE LATE-DISCLOSED WITNESSES AND EXHIBITS**<br><br>*Oral Argument Requested* |

Defendants Spring Ridge Academy and Kate Deily ("Defendants"), by and through undersigned counsel, hereby move to strike Plaintiff's untimely disclosure of exhibits and witnesses not previously disclosed during the underlying litigation or included on the parties' Joint Proposed Final Pretrial Order [Doc. 177] filed in this matter on October 31, 2023.  This Motion is supported by the accompanying Memorandum of Points and Authorities and Exhibits thereto which are incorporated herein by this reference.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.   **Relevant Facts and Procedure**

The Parties filed their Joint Proposed Final Pretrial Order in this matter on October 31, 2023. [Doc. 177].  The Final Pretrial Conference subsequently occurred on November

21, 2023. Plaintiff listed Exhibits 1 to 199 on the Joint Proposed Final Pretrial Order. [Doc. 177 at 37-60]. Plaintiff also listed twenty-four (24) witnesses who "shall be called at trial" with no others listed in the categories of witnesses who "may be called at trial" or "are unlikely to be called at trial." [*Id*. at 30-33].

Six months later, on April 26, 2024, Plaintiff sent an email to defense counsel disclosing four additional Trial Exhibits and a Rule 26(a) Disclosure Statement titled "Plaintiff's Rule 26(a) Initial and Pretrial Disclosures Eighth Amended Second Supplement." [April 26, 2024 Email from Plaintiff (**Exhibit "A"** hereto)]. The supplemental Rule 26(a) disclosure statement contained a single disclosure of a new witness, Shannon Paige Saul stating that she is a "Former Spring Ridge Academy Student: testimony as to personal experience." [Plaintiff's Rule 26(a) Initial and Pretrial Disclosures Eighth Amended Second Supplement dated April 26, 2024 (**Exhibit "B"** hereto)]. Plaintiff also provided a revised Witness List that added newly-disclosed witness Shannon Paige Saul to her list of trial witnesses. [Witness List dated April 26, 2024 (**Exhibit "C"** hereto)].

The four newly disclosed Exhibits were not disclosed on Plaintiff's supplemental disclosure statement. These exhibits consist of an aerial photo of Spring Ridge Academy (Exhibit 200) titled "SRA Topography" and excerpts from three books titled *Breaking Free* (Exhibit 201), *The Four Agreements* (Exhibit 202) and *Healing The Shame That Binds You* (Exhibit 203). [New Trial Exhibits (**Exhibit "D"** hereto)]. Plaintiff also provided a revised Exhibit List adding those four newly disclosed exhibits to her list of Trial Exhibits. [Plaintiff's Updated Exhibit List dated April 26, 2024 (**Exhibit "E"** hereto)].

Upon reviewing these untimely witness and exhibit disclosures and finding no evidence of prior disclosure, defense counsel wrote to Plaintiff's counsel seeking reference to any prior timely disclosure during discovery or on the parties' Joint Proposed Final Pretrial Order [Doc. 177] filed on October 31, 2023. [May 1, 2024 Letter to Plaintiff's counsel (**Exhibit "F"** hereto)]. Defense counsel also requested withdrawal of these untimely disclosures absent evidence of a prior, timely disclosure failing which Defendants

would seek to strike them as untimely. [*Id.*]  Plaintiff's counsel thereafter responded to these requests as follows:

> Additional exhibits are printouts of books your clients provided in discovery. Your clients have also recently listed the property for sale and we obtained an aerial photo off the web. Furthermore, the additional witness contacted Ms. Sweidy on social media on April 1, 2024

[May 2, 2024 Email from Plaintiff's Counsel (**Exhibit "G"** hereto)].  Undersigned counsel did further review of Defendants' disclosure and discovery responses based upon Plaintiff's counsel's representation that the books from which excerpts were taken for Exhibits 201, 202, and 203 were "provided in discovery" by Defendants.  That review confirmed that no such materials were disclosed by Defendants or provided in response to discovery requests as claimed by Plaintiff's counsel.  Defense counsel did, however, locate a list of "Recommended Books" from its Parent Challenge Workshop handouts containing the *titles* of the books excerpted by Plaintiff to create Exhibits 201 and 203. [Parent Challenge Workshop handouts, SRA 001734 (**Exhibit "H"** hereto)].  This "Recommended Books" list was provided as part of a supplemental response to Plaintiff's Requests for Production. [Defendants' First Supplemental Responses to Plaintiff's First Set of Requests for Production dated January 26, 2023 (**Exhibit "I"** hereto)].

Likewise, the book from which Plaintiff created Exhibit 202 was never disclosed by Defendants or provided by Defendants in response to discovery.  That book, *The Four Agreements*, is mentioned as the subject of a book report requirement for students to meet in the Spring Ridge Academy Student Manual. [Student Manual at 32, SRA 001491 (**Exhibit "J"** hereto)].  The Student Manual containing that reference was identified and produced by Defendants in response to Plaintiff's Interrogatory No. 15 on November 8, 2021. [Defendants' Responses to Plaintiffs' First Set of Interrogatories at 8, No. 15 dated November 8, 2021 (**Exhibit "K"** hereto)].

II. **Argument**

The deadline for the parties to complete all discovery in this case passed on November 28, 2022. [Order dated November 29, 2021 (Doc. 34)].  After ruling on the

Defendants' motions for summary judgment, the Court set the Final Pretrial Conference to occur on November 21, 2023, in advance of which the parties would file their Joint Proposed Final Pretrial Order in the form prescribed by the Court no later than October 31, 2023. [Order Setting Final Pretrial Conference dated August 29, 2023 (Doc. 168)]. The Court's Order Setting Final Pretrial Conference required the parties to meet and exchange marked copies of all exhibits to be used at trial, eliminate duplicate exhibits and number exhibits to correspond to the numbering of the exhibits at trial. [Doc. 168 at 5, §VI]. The Order further provides that "Any exhibit not marked and exchanged at this meeting **shall be precluded at trial**." [*Id*. (emphasis added)]. The Order also provides that preparation and filing of the Joint Proposed Final Pretrial Order and Trial Pleadings in accordance with its requirements "shall be deemed to satisfy the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3). [*Id*. at 2 n.1].

In pertinent part, Fed. R. Civ. P 26(a)(3) requires that parties disclose witnesses it may call and exhibits it may offer at trial "in addition to the disclosures required by rule 26(a)(1) and (2)." Fed. R. Civ. P. 26(a)(3)(A)(i)&(ii). Such disclosures "must be made at least 30 days before trial" unless otherwise ordered by the Court. In this case, the Court provided that the Proposed Joint Final Pretrial Order would meet the requirements of Rule 26(a)(3) and further that any exhibits not marked and exchanged in preparation of the Joint Final Pretrial Order "shall be precluded at trial." [Doc 168 at 5.] Therefore, the deadline for such disclosure under Rule 26(a) passed in October 2023 under the terms of the Court's Order (Doc 168). None of the four newly disclosed Exhibits 200, 201, 202, and 203 were marked or exchanged in preparation of the Joint Final Pretrial Order. None of them were disclosed in this case as documents or ESI that Plaintiff "may use to support its claims or defenses" at trial. Fed. R. Civ. P. 26(a)(1)(A)(ii).

Additionally,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

4

Fed. R. Civ. P. 37(c)(1).  In its Order Setting Final Pretrial Conference, the Court reiterates this disclosure requirement, stating that:

> Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, the Court will not allow the parties to offer an exhibit, a witness, or other information at trial that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; and (3) listed in the Joint Proposed Final Pretrial Order, unless the offering party can show good cause as to why such party failed to comply with these requirements.

[Doc. 168 at 7].

Indeed, the Joint Proposed Final Pretrial Order itself contains the parties' "Certifications" that discovery is complete, each witness has been disclosed to opposing counsel, the parties have made all disclosures required by the Federal Rules of Civil Procedure and that the Joint Proposed Final Pretrial Order cannot be amended without leave of the Court. [Doc. 177 at 69].

### III.  Conclusion.

Without seeking leave of the court and less than five weeks before trial, Plaintiff has nonetheless submitted modified exhibit and witness lists with four previously undisclosed exhibits and a previously undisclosed witness to present at trial.  When asked to justify this late effort to modify the Joint Proposed Final Pretrial Order with previously undisclosed exhibits, Plaintiff incorrectly asserted three of them were excerpted from "books your clients provided in discovery." [**Exhibit "G"**].  On further review, Defendants confirmed that this was incorrect and that only the *titles* of those books on a recommended reading list for parents with daughters at Spring Ridge Academy and in a description of a student assignment in the Student Handbook had appeared in documents produced in response to discovery. [**Exhibits "H"** and **"J"**].  Defendants never produced those documents during this litigation.  Plaintiff has never disclosed them as Exhibits and has offered no explanation to why she did not.

Plaintiff's only explanation for the late disclosed fourth exhibit of an aerial photograph of Spring Ridge Academy (Exhibit 200) is that she obtained it "off the web."

[**Exhibit "G"**].  In similar fashion, Plaintiff's only explanation offered for her untimely disclosure of additional trial witness Shannon Paige Saul is that Ms. Saul did not contact Plaintiff until April 1, 2024. [*Id*.]  In sum, Plaintiff has no explanation to excuse her last-minute attempt to add previously undisclosed exhibits and a witness to be presented at trial. The Court should, therefore, strike these improper late disclosures and preclude Plaintiff from referencing or using them in any way at trial.

RESPECTFULLY SUBMITTED this 8th day of May, 2024.

**GRASSO LAW FIRM, P.C.**

By  */s/ Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
 Attorneys for Defendants Spring Ridge
 Academy, Jean Courtney, Suzanne Courtney,
 Brandon Courtney, Erin Smith, Leslie
 Filsinger, Justin Zych, and Kate Deily