IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Sweidy,<br><br>    Plaintiff,<br><br>vs.<br><br>Spring Ridge Academy, et al.,<br><br>    Defendants. | No. CV-21-08013-PCT-SPL<br><br>**ORDER** |

  Before the Court are Spring Ridge Academy, et al.'s ("Defendants") Motion to Strike (Doc. 224) and Kimberly Sweidy's ("Plaintiff") Response (Doc. 228). The Court now rules as follows.

  This Court's August 29, 2023, Order Setting Final Pretrial Conference stated that the parties were required to exchange all exhibits which they planned to use at trial no later than 14 days before the submission deadline for the Joint Proposed Final Pretrial Order. (Doc. 168 at 5). This Order further stated that "[a]ny exhibit not marked and exchanged at this meeting shall be precluded at trial." (*Id.*). This was reiterated in the Court's certification section of this Order, which stated that submission of the Joint Final Pretrial Order certified that "[t]he parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary)." (Doc. 168-1 at 7). Finally, this Order admonished the parties, "[p]ursuant to Rule 37(c) of the Federal Rules of Civil Procedure, the Court will not allow the parties to offer an exhibit, a witness, or other information at trial that was not: (1) disclosed in accordance with the provisions

of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; and (3) listed in the Joint Proposed Final Pretrial Order, unless the offering party can show good cause as to why such party failed to comply with these requirements." (Doc. 168 at 7).

Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden to show that the violation of Rule 26(a) is substantially justified or harmless is on the party facing sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Similarly, Fed. R. Civ. P. 26(a) requires disclosure of all witness information prior to trial.

In the present case, Plaintiff disclosed four exhibits and the name of one additional witness to Defendants on April 26, 2024. (Doc. 224 at 2). This was well past the Court's October 17, 2023 deadline for exchanging of exhibits and witnesses. (Doc. 168 at 5). Plaintiff does not deny this late disclosure, but only argues that good cause exists here she was unaware of this evidence's existence until April 1, 2024. (Doc. 228 at 7). The Court finds that this is insufficient to demonstrate good cause. Further, the Court finds that this late disclosure to Defendants, roughly one month before the start of trial, is highly prejudicial. As a result, Plaintiff will not be allowed to utilize Exhibits 200, 201, 202, and 203 in any fashion at trial. Plaintiff may not use these exhibits for the purposes of impeachment. For the same reasons, Plaintiff may also not call Shannon Paige Saul as a witness at trial and may not use this witness for the purposes of impeachment.

Accordingly,

**IT IS ORDERED** that Spring Ridge Academy, et al.'s Motion to Strike (Doc. 224) is **granted**.

**IT IS FURTHER ORDERED** that Kimberly Sweidy may not utilize Exhibits 200, 201, 202, and 203 in any fashion at trial. Kimberly Sweidy also may not use these exhibits for the purposes of impeachment.

**IT IS FURTHER ORDERED** that Kimberly Sweidy may not call Shannon Paige Saul as a witness at trial and may not use this witness for the purposes of impeachment.

Dated this 15th day of May, 2024.

_____
Honorable Steven P. Logan
United States District Judge