**GRASSO**
— LAW FIRM —
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com
  Attorneys for Defendants Spring Ridge Academy, Jean Courtney,
  Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
  Justin Zych, and Kate Deily

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy, | Case No: 3:21-cv-08013-SPL |
| Plaintiff, | |
| vs. | **MOTION FOR ORDER PRECLUDING FORMER EMPLOYEES' CURRENT EMPLOYMENT STATUS** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20, | |
| Defendants. | |

Defendants Spring Ridge Academy and Kate Deily ("Defendants"), by and through undersigned counsel, hereby request that the Court enter its Order precluding Plaintiff from seeking testimony at trial concerning the current employment status of Defendants and other employees of Spring Ridge Academy who are not active parties in the trial set in this matter commencing May 28, 2024.  Defense counsel and Plaintiffs' counsel met to discuss this issue on Thursday, May 23, 2024, but were unable to reach agreement. This Motion is supported by the accompanying Memorandum of Points and Authorities, which is incorporated herein by this reference.

//

//

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Spring Ridge Academy ceased operation in February 2023. In preparation for trial, Defendants filed their Motion *in limine* No. 5 Regarding Spring Ridge Academy's Closure in 2023. [Doc. 186.] Plaintiff vigorously opposed the Motion *in limine*, asserting that "the closure rebuts a number of Defendants' statements and positions" [Doc 203 at 2:9-10] and is evidence that

> after 25 years of being defrauded by SRA's marketing, prospective parents were not unsure and/or confused about the fact that the reality outlined in Ms. Sweidy's Complaint was not anything that they were interested in for themselves and/or their daughters. This led to a lack of customers for what SRA was actually selling, versus what it was marketing to customers.
>
> In the vernacular, when prospective parents read Ms. Sweidy's Complaint, they did not enroll their daughters at SRA. This is undeniable proof that, as Ms. Sweidy says, had she known the truth, she would not have enrolled her daughter at SRA.

[Doc. 203 at 3:26-4:6].

The Court granted Defendants' Motion *in limine* No. 5, finding that evidence of subsequent closure was not relevant under Fed. R. Evid. 401, overly prejudicial and misleading under Fed. R. Evid. 403:

> Here, the evidence of Spring Ridge Academy's subsequent closure is not relevant under Fed. R. Evid. 401. Unlike the evidence of Spring Ridge Academy employee's conduct after Plaintiff's daughter enrolled, this fact does not make it more or less likely that Defendants made a false statement or omitted material information. Spring Ridge Academy could have closed for a number of reasons not related to Plaintiff's claim for fraud. Plaintiff's argument for relevance also requires several unfounded assumptions. Plaintiff argues that because she sued Defendants, this supposedly put pressure on them from other parties, who then exposed Defendants, leading to the school's closure.
>
> Even if Plaintiff had proof of this causal chain, it would be overly prejudicial. Plaintiff is essentially asking the jury to assume the school closed because of Plaintiff's claims, all of which still have not yet been proven by a preponderance of the evidence in this Court. This is misleading under Fed. R. Evid. 403.

[Doc. 215 at 12:26-13:9].

     Since Spring Ridge Academy's closure in January 2023, its former employees – including owners Brandon and Suzanne Courtney - as well as the other individually-named Defendants in this litigation have moved on to other employment.  These individuals were all in key leadership roles at Spring Ridge.  Plaintiff has served trial witness subpoenas on all of those former employees/Defendants and will call each of them in succession to testify during the first week of trial.  Through this process, the jury would hear from up to 10 former employees (including the owners and the leadership of Spring Ridge Academy) that they no longer work at Spring Ridge Academy.  The conclusion from that sequence of questioning would be obvious: Spring Ridge Academy is no longer in operation.  This would circumvent the Court's prior ruling that such information is irrelevant, unduly prejudicial, and misleading, leaving Defendants severely prejudiced with no way to counter the prejudice.

     Accordingly, Defendant seeks a directive from the Court that will preclude Plaintiff from eliciting testimony from any of the individually named Defendants or former employees ***other than Kate Deily*** concerning their employment status at any point after Plaintiff's daughter graduated from Spring Ridge Academy in December 2020.  One exception for Defendant Kate Deily, however, is appropriate inasmuch as Ms. Deily had left employment as the Director of Admissions at Spring Ridge Academy in January 2021 to pursue another opportunity and testified to this at her deposition.  The circumstances of Ms. Deily's departure are unrelated to the closure of Spring Ridge Academy and would not pose a potential violation of the Court's ruling on Motion *in limine* No. 5 precluding evidence of Spring Ridge Academy's closure at trial.

///
///
///
///
///
///

RESPECTFULLY SUBMITTED this 23rd day of May, 2024.

**GRASSO LAW FIRM, P.C.**

By  */s/ Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
  Attorneys for Defendants Spring Ridge
  Academy, Jean Courtney, Suzanne Courtney,
  Brandon Courtney, Erin Smith, Leslie
  Filsinger, Justin Zych, and Kate Deily