**GRASSO**
— LAW FIRM —

2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Robert J. Lydford, Bar No. 030649
Michael B. Smith, Bar No. 014052
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com

Attorneys for Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Kimberly R. Sweidy, | Case No: 3:21-cv-08013-SPL |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS SPRING RIDGE ACADEMY, JEAN COURTNEY, SUZANNE COURTNEY, BRANDON COURTNEY, ERIN SMITH, LESLIE FILSINGER, JUSTIN ZYCH and KATE DEILY's RULE 54(b) REQUEST FOR ENTRY OF JUDGMENT** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, Veronica Borges, and Does 1 through 20, | |
| Defendants. | |

Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych and Kate Deily ("Defendants" herein), by and through undersigned counsel, hereby request that the Court enter final judgment in their favor and against Plaintiff Kimberly R. Sweidy, in the proposed form attached as Exhibit 1 hereto, pursuant to Fed. R. Civ. P. 54(b). The Court previously granted Defendants Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych summary judgment dismissing all claims against them with prejudice. [Doc. 166.] The Court also previously granted Defendants Spring Ridge Academy and Kate Deily summary judgment dismissing Plaintiff's claims for Breach of

1

Contract/Breach of Warranty, Breach of the Covenant of Good Faith and Fair Dealing, RICO Violations (18 U.S.C. §1961 et seq.), Negligence per se, Intentional Infliction of Emotional Distress and Conversion against them with prejudice and there is no just reason for delay of entry of final judgment of dismissal of these claims on behalf of these Defendants. Defendants have separately filed their Bill of Costs for their awardable costs pursuant to 28 U.S.C. § 1920 and request that the Court award the amount set forth therein as judgment in their favor and against Plaintiff. This Request is supported by the accompanying Memorandum of Points and Authorities which is incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Relevant Procedural Background**

Plaintiff filed her Complaint in this matter on January 21, 2021 in which she sued Defendant Spring Ridge Academy and the remaining Defendants in their individual capacities as owners, operators and/or employees of co-Defendant Spring Ridge Academy. [Doc. 1, ¶¶23, 26, 48-54].

In her one hundred twenty-five (125) page Complaint comprised of eight hundred forty-one (841) separately numbered paragraphs, Plaintiff asserted eight (8) separate causes of action against all of the named Defendants, including claims for (1) Actual and Constructive Fraud; (2) Consumer Fraud; (3) Breach of Contract/Breach of Warranty; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) RICO Violations (18 U.S.C. §1961 *et seq.*); (6) Negligence *per se*; (7) Intentional Infliction of Emotional Distress; and (8) Conversion. Following extensive disclosure and discovery, Defendants herein jointly filed their Motion for Summary Judgment or Partial Summary Judgment in the Alternative on January 13, 2023. [Doc. 115]. After the parties had fully briefed the Defendants' Motion, the court entered its Order on August 16, 2023, without oral argument in which it granted in part and denied in part the pending motions for summary judgment that had been filed by all Defendants. [Doc. 166]. Only the first two causes of action for (1) Actual and Constructive Fraud; and (2) Consumer Fraud against only

Defendants Spring Ridge Academy and Kate Deily survived summary judgment. [*Id*. at 31:15-16].

In its Order concerning the pending motions for summary judgment, the Court determined that it would grant summary judgment to all Defendants as to the Plaintiff's fraud claims in the first claim listed in the Complaint *except for* Defendants Spring Ridge Academy and Kate Deily. [*Id*. at 6:25- 11:3]. The Court also dismissed Plaintiff's separate claims against all Defendants *except for* Spring Ridge Academy and Kate Deily for Commercial Fraud in the second claim listed in the Complaint under the Arizona Consumer Fraud Act, Ariz. Rev. Stat § 44-1522. [*Id*. at 8:1-5.] In sum, the Court concluded that it "grants summary judgment on Plaintiff's fraud claims in favor of Defendants Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, and Justin Zych" because there was no claim or evidence that these Defendants made any misrepresentation or concealment of information prior to Plaintiff's enrollment of her Daughter at SRA." [*Id*. at 8:13-18].

In the remaining twenty (20) pages of its analysis, the Court further detailed its basis for dismissing the six (6) remaining causes of action as to all of the Defendants, ultimately holding that "[a]ll claims against Defendants Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, and Justin Zych are **dismissed with prejudice**." [*Id.* at 31:10-14 (emphasis in original)].

**II.     Argument**

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

The District Court has wide discretion to determine the appropriate time to enter judgment on partial claims or on behalf of fewer than all parties under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U. S. 1, 8 (1980). To make that decision,

1  courts follow a two-step process which includes (1) rendering "an ultimate disposition of
2  an individual claim entered in the course of a multiple claim action"; and (2) determining
3  whether any just reason exists to delay entry of judgment on that adjudicated claim. *Wood*
4  *v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005).

5  In this case, the Court disposed of all of the Plaintiff's claims against Jean
6  Courtney, Brandon Courtney, Suzanne Courtney, Erin Smith, Leslie Filsinger and Justin
7  Zych on summary judgment when the Court dismissed all of the Plaintiff's claims against
8  them with prejudice. [Doc. 166.] The Court also disposed of all of the Plaintiff's claims
9  against Defendants Spring Ridge Academy and Kate Deily on summary judgment *except*
10 *for* the fraud claims asserted against them in the Complaint. [*Id*.]

11 Defendants thereafter sought entry of judgment in their favor in accordance with
12 the provisions of the Court's Order [Doc. 166] pursuant to Fed. R. Civ. P. 54(b). [Doc.
13 173 (Defendants Courtney, Smith, Filsinger and Zych) *and* Doc. 175 (Defendants Spring
14 Ridge Academy and Deily).] The Court denied that request, however, determining that
15 while the dismissed claims against the Defendants were sufficiently divisible from the
16 remaining claims to be tried against Defendants Spring Ridge Academy and Kate Deily
17 to allow entry of judgment on those dismissed claims, there was just reason to delay entry
18 of judgment at that time because it posed "a substantial risk that granting Defendants'
19 Rule 54(b) request will cause duplicate proceedings before the Ninth Circuit as Plaintiff's
20 claims which have not been dismissed stem from the same nucleus of operative fact."
21 [Doc 212 at 4:14-17.]

22 Now, however, those remaining claims for fraud against Defendants Spring Ridge
23 Academy and Deily have been tried and adjudicated with the resulting judgment entered
24 in favor of Plaintiff on June 14, 2024. [Doc. 274.] There is, therefore, no longer any
25 reason for delay of entry of judgment dismissing all claims against Defendants Jean
26 Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger and Justin
27 Zych on the chance that it may cause duplicate proceedings before the Ninth Circuit.
28 There is also no longer any reason for delay of entry of judgment in favor of Defendants

Spring Ridge Academy and Kate Deily dismissing all claims against them *except for* the fraud claims listed as the first and second causes of action in the Complaint for fear that it may cause duplicate proceedings before the Ninth Circuit.

**III.     Conclusion.**

Accordingly, Defendants Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger and Justin Zych request that the Court enter its final judgment in their favor pursuant to Rule 54(b), Fed. R. Civ. P. and against Plaintiff Kimberly R. Sweidy as to all claims asserted in Plaintiff's Complaint. Defendants Spring Ridge Academy and Kate Deily also request that the Court enter its final judgment in their favor and against Plaintiff Kimberly R. Sweidy pursuant to Rule 54(b), Fed. R. Civ. P. as to Plaintiff's claims for Breach of Contract/Breach of Warranty, Breach of the Covenant of Good Faith and Fair Dealing, RICO Violations (18 U.S.C. §1961 *et seq.*), Negligence *per se*, Intentional Infliction of Emotional Distress and Conversion.

Defendants further request that the Court award judgment in their favor and against Plaintiff Kimberly R. Sweidy for the full amount of costs set forth in their separately filed Bill of Costs.

RESPECTFULLY SUBMITTED this 1st day of July, 2024.

**GRASSO LAW FIRM, P.C.**

By  */s/ Michael B. Smith*
Robert Grasso, Jr.
Robert J. Lydford
Michael B. Smith
2250 East Germann Road, Suite 10
Chandler, Arizona  85286
  Attorneys for Defendants Spring Ridge
  Academy, Jean Courtney, Suzanne Courtney,
  Brandon Courtney, Erin Smith, Leslie
  Filsinger, Justin Zych, and Kate Deily