Mara C. Smith Allard (*pro hac vice*)
Allard Smith APLC
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189

*Attorney for Plaintiff Sweidy*

Kimberly R. Sweidy (*pro hac vice*)
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595

*in pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Spring Ridge Academy, an Arizona corporation, Jean Courtney Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, and Veronica Borges,<br><br>　　　　Defendants. | Case No. CV-21-08013-PCT-SPL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY SUBPOENA ON REDDIT (DOC. 315)** |

　　　　Plaintiff Kimberly R. Sweidy responds to Defendants Spring Ridge Academy (SRA) and Kate Deily's Motion For Leave To File Third-Party Subpoena On Reddit (Doc. 315). Ms. Sweidy asks the Court to **deny** Defendants' Motion.

///

**FACTS**

In their continued speculative narrative about a possible Juror, Defendants and Opposing Counsel ignore the reality that there is *no evidence for the Court to consider this matter further*, as explained by Ms. Sweidy in Doc. 305, including Exhibit 305-1. *Defendants' Reply (Doc. 316 at 2:6) to the admitted facts of reality suggests that Defendants do not understand the meaning of "clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred."*

This Motion (Doc. 315) is authored by Timothy J. Eckstein, Attorney Six (of Eight) for Defendants, all paid for by Philadelphia Indemnity Insurance Company (PIIC). Attorneys Six through Eight entered this case on June 28, 2024, and did not attend the Trial. *Mr. Eckstein's accusations, allegations, suspicions, conclusions, and/or opinions are without the context of three and a half years of Litigation, including three weeks of Trial.*

Ms. Sweidy *never suggested* that Defendants were seeking to interview the jurors regarding their deliberative process (Doc. 305). Ms. Sweidy stated that the cases that Defendants cited and relied upon in their own Motion (Doc. 301) do not, in any way, support their own arguments. She did this by properly distinguishing those cases from the facts in this Lawsuit.

In Moving For Leave To File A Third-Party Subpoena On Reddit, Defendants continue to allege, "The self-identified juror's knowledge and use of this specific social media thread suggests 'extraneous prejudicial information was improperly brought to the jury's attention,' and 'an outside influence was improperly brought to bear on any juror.'" (Doc. 315 at 2:7)

There is no such suggestion. There are no facts supporting this suggestion and/or conclusion. These are the same arguments that Defendants made in their Motion To Interview The Jurors (Doc. 301). They were thoroughly debunked in Ms. Sweidy's Response (Doc. 305). *Asking for a Subpoena rather than Interviews does not change the reality that there are no facts upon which to base either request*.

Defendants do not take issue with the Reddit search tool (https://search-new.pullpush.io/) included in the Plaintiff's Doc. 305. The record from that search tool shows that Brilliant-Truth-1635's (BT1635) account was created over two hours after the Jury Verdict was announced (Friday). The only activity on the account were comments on the post in question, two made the next day (Saturday) and one made the following day (Sunday).

In fact, the Defendants approvingly cite the Reddit history Plaintiff provided from the search tool, conceding that the record of account activity provided in Document 305 is a true, correct, and complete reflection of BT1635's account activity (Doc. 315 at 2:26).

***Without any evidence that a juror accessed improper extraneous information during or before the trial,*** Defendants want a subpoena allowing them to delve into all personal and historical details and information linked, in any way, to BT1635, and possessed by Reddit. In other words, Defendants want to conduct a fishing expedition into BT1635 on Reddit, ***without cause, much less "clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred."***

In this Motion (Doc. 315), Defendants discuss irrelevant facts, from which they draw unfounded and/or improper conclusions, even when there are far more straight forward and logical explanations.

At Doc. 315 at 2:28, Defendants state:

> A different user questioned the propriety of a juror commenting on Reddit, stating: "What? How could you be a part of the jury? That does not seem right…"

At Doc. 315 at 3:16, Defendants state:

> At least one other troubledteens user was concerned and worried that someone familiar enough with troubledteens to post there served on the jury, and Brilliant-Truth-1635 twice appears to have realized that posting on troubledteens called their impartiality into doubt.

Defendants do not know anything about "a different user" and "at least one other troubledteens user" Cultural_Cow_8021 (CC8021) (Doc. 301-7, Page 5). Defendants do not know what anonymous user CC8021 knows, thinks, and/or believes. Defendants'

statements are sheer speculation and legally irrelevant.

Regarding BT1635, there is no evidence that posting on r/troubledteens after the Trial called their impartiality into doubt. What BT1635 actually said was, "I deleted because I was not going to get into any type of argument." This is completely understandable, particularly considering that BT1635, if actually a Juror, heard weeks of disturbing testimony by agents of a school that had a practice of defrauding and manipulating anyone who challenged them. No rational Juror (or individual) wants to argue with strangers on reddit.

In Doc. 316 at 2:17, Defendants state:

> Although social media was mentioned during trial, Reddit was not. Reddit is a lower-profile social media platform...

This statement is misleading. As of March 2024, over 306 million+ active unique users were engaging on Reddit each week. Reddit, *Reddit by the Numbers,* https://www.redditinc.com/press (last accessed July 14, 2023). Reddit is a widely used and well-known platform.

In Doc 316 at 3:3, Defendants state:

> Based on Brilliant-Truth-1635's account activity, it is highly probable this self-proclaimed juror was exposed to information in *troubledteens* before and during trial.

Defendants offer no evidence that supports this claim. What ***is*** highly probable, however, is that a Juror (or anyone hearing about the facts of this lawsuit) followed their natural curiosity and, after completing all duties, decided to learn more.

After the Trial, a Google Search of "Kimberly Sweidy" and "Spring Ridge Academy" produces, as the third result, Reddit r/troubledteens discussing the same "Spring Ridge Academy LIABLE for fraud - $2.5m" post that is the subject of Defendants' Motions.

***The viewer does not even need to scroll down the page.***

In other words, anyone looking for information on this topic after the Jury rendered its Verdict would end up on this exact Reddit r/troubledteens post about the Jury Verdict. There is nothing "suspicious," much less "highly suspicious" about this. This is simply

how on-line search engines work (and have for years).

**LAW**

Once again (as in Doc. 301, Motion To Interview The Jurors), Defendants cite *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980) (Doc. 315 at 4:8, Motion For Leave To File Third-Party Subpoena on Reddit).  The facts and law in *Traver* did not support Defendants in their Motion To Interview The Jurors (Doc. 305 at 5:16); similarly, the facts and law in *Traver* do not support Defendants in their Motion For Leave To File Third-Party Subpoena On Reddit.  The decision in *Traver* does not contain the word "subpoena"; therefore, the cited case does not relate to this Motion For Subpoena.

In *Traver*, the Court found against the appellants, stating:

> None of the appellants' allegations here concern extraneous information or outside influence that might have affected juror deliberations or the verdict.  The district court's refusal to reopen the case to hear the evidence about the jury's internal deliberations was correct.

In *Traver*, the Appellants were attempting to interview the Jury about internal deliberations after the Jury Verdict was rendered and the Jury was polled and discharged.

In *Traver*, Defense counsel spoke directly with jurors and claimed one of them admitted the verdict was not unanimous (the case had nothing to do with extraneous information).  Even that direct conversation with a juror was not enough for the Trial Court or the Ninth Circuit Court of Appeals to grant an interview with the jury.  If this direct evidence was not enough in *Traver*, the speculation we have here in Defendants' Motion For Subpoena is certainly not enough.

In this case, we have no evidence as to the identity of BT1635.  The user account was created over two hours after the Jury Verdict was rendered.  Two comments occurred the next day.  One comment occurred the following day.  The account was then deleted.

Defendants cite Fed. R. Evid. 606(b)(2)(A), (B) which states:

(b) During an Inquiry into the Validity of a Verdict or Indictment.

> (1) Prohibited Testimony or Other Evidence. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that

> juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> (2) Exceptions. A juror may testify about whether:
>
> (A) extraneous prejudicial information was improperly brought to the jury's attention;
>
> (B) an outside influence was improperly brought to bear on any juror...

There is absolutely no evidence of either (A) or (B), much less "clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred." Defendants have no basis upon which to interview jurors and/or subpoena Reddit records.

In *U.S. v. Cuthel*, 903 F.2d 1381, 1383 (11th Cir. 1990), the Court stated:

> To justify a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show " 'clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred.' " *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir.1989) (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir.1983)).

While subpoenas are not mentioned in *Cuthel*, Defendants do not cite relevant case law on subpoenaing juror records, and Ms. Sweidy could not find relevant case law on subpoenaing juror records; therefore, Ms. Sweidy suggests that the Court apply the exact same reasoning to subpoenaing possible juror records from Reddit as *Cuthel* states necessary for interviewing jurors.

In *Journal Pub. Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir. 1986), the Court stated:

> We next consider whether the trial court clearly abused its discretion when it issued the order effectively prohibiting Journal Publishing from interviewing jurors after the trial was over. We note that trial courts have a wide discretion in being able to protect the judicial process from influences that pose a danger to effective justice. Even though the threat to justice caused by news media contact with jurors is much lower after trial than it is during trial, see Sherman, 581 F.2d at 1361, the courts have properly exercised their right to protect jurors from unwanted post-trial harassment. See United States v. Harrelson, 713 F.2d 1114, 1117-18 (5th Cir.1983), cert. denied, 465 U.S. 1041, 104 S.Ct. 1318, 79 L.Ed.2d 714 (1984). ***For example, courts have routinely shielded jurors from post-trial "fishing expeditions" carried out by losing attorneys interested in casting doubt on the jury's verdict. [emphasis added]*** United States v. Hall, 424 F.Supp. 508, 538-39 (W.D.Okla.1975), aff'd, 536 F.2d 313 (10th Cir.1976); Wilkerson v. Amco

Corp., 703 F.2d 184, 185 (5th Cir.1983). We have upheld the denial of a motion by a losing attorney to interview jurors because that attorney's assertion of jury misconduct was unsubstantiated. United States v. Wilburn, 549 F.2d 734, 739 (10th Cir.1977).

As we consider the precedent from juror interview cases, we distinguish cases discussing contact with jurors by news media from cases dealing with contact by parties or the attorneys that took part in the trial. See In re Express News Corp., 695 F.2d 807, 810 n. 3 (5th Cir.1982). The media has less incentive to upset a verdict than does a losing party or attorney. Thus, while a court may broadly proscribe attorney and party contact with former jurors, it does not have the same freedom to restrict press interviews with former jurors.

Defendants' Motion To Subpoena Possible Juror Records From Reddit, an on-line information sharing platform that serves the exact same First Amendment purpose as all news media outlets, is bound by this same reasoning.

Finally, the Electronic Communications Privacy Act of 1986 (ECPA), 18 U.S.C. §§ 2510-2523, may well apply to any subpoena issued to Reddit for a possible Juror's Records.  Ms. Sweidy is not qualified to opine on the details of ECPA beyond bringing it to the Court's attention.

## CONCLUSION

Fabricated and speculative narratives are not facts.  The law requires evidence that "extraneous prejudicial information was improperly brought to the jury's attention" or "an outside influence was improperly brought to bear on any juror."  The standard is "clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred."  That standard should also be applied to subpoenaing the possible juror records from Reddit.

The law does not allow for jurors to be interviewed or have their third-party social media accounts subpoenaed for absolutely no reason.  A juror has every right to further inquire about and/or comment on the lawsuit *after* the jury has discharged all its duties.  There is no evidence that BT1635, if actually a Juror:

    1) knew about the TTI, SRA, and/or the reddit social media website "r/troubledteens" prior to being called to Jury Duty;

    2) lied about such knowledge during Voir Dire; and/or

3) disregarded the Judge's Preliminary Jury Instructions and on-going Instructions during Trial by visiting the reddit social media website "r/troubledteens" during the Trial.

***These are very serious accusations for which there is absolutely no evidence.***

Ms. Sweidy requests that the Court ***deny*** Defendants' Motion For Leave To File Third-Party Subpoena On Reddit.

Respectfully submitted this 16th day of July, 2024.

/s/ Mara C. Smith Allard
Mara C. Smith Allard *pro hac vice*
**Allard Smith APLC**
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189
*Attorney for Plaintiff Sweidy*

and

*/s/ Kimberly R Sweidy*

Kimberly R. Sweidy *pro hac vice*
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595
*in pro per*