1   Mara C. Smith Allard (*pro hac vice*)
    Allard Smith APLC
2   521977 Highway 79 # 648
    Santa Ysabel, CA 92070-9601
3   SBN California 159294
    Facsimile: (760) 683-6307
4   Email: mara@allardsmith.com
    Telephone: (760) 448-6189
5

6   *Attorney for Plaintiff Sweidy*

7   Kimberly R. Sweidy (*pro hac vice*)
    Kimberly R. Sweidy, Attorney at Law
8   3478 Rambow Drive
    Palo Alto, CA 94306-3638
9   SBN California 120261
    Facsimile: (650) 899-3336
10  Email: krsweidy@yahoo.com
    Telephone: (650) 856-8595
11

12  *in pro per*

13                   IN THE UNITED STATES DISTRICT COURT

14                      FOR THE DISTRICT OF ARIZONA

15

16   Kimberly R. Sweidy,                    Case No. CV-21-08013-PCT-SPL

17                   Plaintiff,

18   v.                                     **PLAINTIFF'S MOTION TO MODIFY
                                            JUDGMENT ON TAXATION OF
19   Spring Ridge Academy, an Arizona       COSTS (DOC. 349) AND MOTION TO
     corporation, Jean Courtney,            INCLUDE ALL DISALLOWED
20   Suzanne Courtney, Brandon Courtney,    AMOUNTS FROM PLAINTIFF'S
     Erin Smith, Leslie Filsinger,          BILL OF COSTS (DOC. 289) IN
21   Justin Zych, Kate Deily, and           PLAINTIFF'S MOTION FOR
     Veronica Borges,                       ATTORNEYS' FEES AND COSTS
22                                          (DOC. 292) AND ASSOCIATED
                     Defendants.            REPLY (DOC. 326)**
23

24

25          Plaintiff Kimberly R. Sweidy, pursuant to LRCiv 54.1(b), hereby requests two

26   modifications to the Judgment On Taxation Of Costs (Doc. 349).  Plaintiff Kimberly R.

27   Sweidy, pursuant to Fed. R. Civ. P. 54(d), hereby requests that all disallowed amounts

28   from Plaintiff's Bill Of Costs (Doc. 289) be included in Plaintiff's Motion For Attorneys'

1  Fees and Costs (Doc. 292) and associated Reply (Doc. 326).  Ms. Sweidy's Bill Of Costs
2  and Motion For Attorneys' Fees and Costs strove to avoid confusing the Court with
3  duplication (i.e., Ms. Sweidy *did not* ask for the same amounts twice); *therefore*, they are
4  to be *read together as a complete accounting of Ms. Sweidy's expenditures*.  Any item
5  disallowed in the Bill of Costs is rightfully included in the Motion for Attorneys' Fees
6  and Costs.

7  **JUDGMENT ON TAXATION OF COSTS (DOC. 349) MODIFICATION #1**

8  Page Two, Lines 15 and 16 of the Judgment On Taxation Of Costs (Doc. 349) states:

9    a. Airfare for witness Emma Kerrigan was found to be insufficiently
10    documented, and as such the $2,127.75 claim is denied.

11   Ms. Sweidy apologizes to the Clerk and the Court for her unintentional clerical error.
12  The documentation (but not the claim—see above explanation for the complementary
13  nature of Ms. Sweidy's Bill of Costs and her Motion For Attorneys' Fees and Costs) for
14  this expense was included in the Exhibits of Ms. Sweidy's Motion for Attorneys' Fees
15  and Costs at Doc. 292-5: Pages 204–206 of 218.  However, Ms. Sweidy unintentionally
16  failed to include that documentation with the Exhibits to her Bills Of Costs.  Ms. Sweidy
17  now provides it here to this Court (Exhibit 1) and respectfully requests that the Court
18  forgive her unintentional clerical error and modify the Judgment On Taxation Of Costs to
19  include this amount of $2,127.75, bringing the total Judgment from $19,703.79 to
20  **$21,831.54**.

21   Alternatively, Ms. Sweidy asks that this amount of $2,127.75 be included in her
22  Motion For Attorneys' Fees and Costs.

23  **JUDGMENT ON TAXATION OF COSTS (DOC. 349)**
24  **REMAINING DISALLOWED AMOUNTS**

25   Ms. Sweidy requests that the Court include the remaining disallowed amount from the
26  Judgment On Taxation Of Costs of **$12,042.18** in her Motion For Attorneys' Fees and
27  Costs (Docs. 292 and 326).

28  ///

The disallowed breakdown of the $12,042.18 is as follows:

1. Cost associated with Pro Hac Vice Admission . . . . . . . . . . . . . . . . . . . . . . $100
2. Costs associated with Video Recordings. . . . . . . . . . . . . . . . . . . . . . . $11,018.58
3. Costs associated with printing of Summons and Complaint, performing on-line research, purchasing publications, paper, and ink . . . . . . . . . . . . . . . . . . . $923.60
   Total: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$12,042.18**

## 1. PRO HAC VICE FILING FEES OF $100

Ms. Sweidy moves the Court to include this **$100** for Pro Hac Vice Filing Fees in Ms. Sweidy's Motion For Attorneys' Fees and Costs.  As explained in detail there, Ms. Sweidy rendered thousands of hours of free labor to the prosecution of this lawsuit, made possible by her pro hac vice status in this case.

The documentation (but not claim) for this $100 was also included in the Exhibits of Ms. Sweidy's Motion For Attorneys' Fees and Costs at Doc. 292-5: Page 29 of 218.

## 2. FEES FOR PRINTED OR
## ELECTRONICALLY RECORDED TRANSCRIPTS

Ms. Sweidy moves the Court to include this **$11,018.58** amount in Ms. Sweidy's Motion for Attorneys' Fees and Costs.  All video recordings were necessary to the prosecution of this Lawsuit.  Ms. Sweidy and Ms. Allard were uncertain whether Defendants would take the stand at Trial; therefore, Ms. Sweidy and Ms. Allard (with the unpaid assistance of Kacey Baker and Lee Whitford-Stark, as described in Declaration (Doc. 292-6: Exhibit 5)), produced eight individual edited Deposition Videotape files to play during Trial if any or all of the Defendants did not testify at Trial or claimed Fifth Amendment Privilege.  Ms. Sweidy addresses the reasonableness and necessity of all Video Recordings of Depositions in her Declaration (Doc. 322-1), which is an Exhibit to her stricken Reply (Doc. 322) to Defendants' Objections (Doc. 311) to Ms. Sweidy's Bill Costs (Doc. 289).  Ms. Sweidy respectfully requests that the Court take notice of her Declaration (Doc. 322-1), despite her Reply (Doc. 322) having been stricken.

The documentation (but not claim) for this $11,018.58 was also included in the Exhibits of Ms. Sweidy's Motion For Attorneys' Fees and Costs at Doc. 292-5: Pages 43–44, 45–46, 47–48, 49–50, 51–52, 53–54, 55, 56–57, 58–59, 60–61, 62–63, 64–65,

66–67, 68–69, 70–71, 72, 73, and 74 of 218.

### 3. PRINTING FEES

Ms. Sweidy moves the Court to include this **$923.60** amount in Ms. Sweidy's Motion for Attorneys' Fees and Costs.  Here is the breakdown:

A. ABC Legal Services for the printing of the Summons and Complaint associated with Service upon nine Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $287.75

B. Miscellaneous enumerated Vendors for purchased publications and on-line research associated with the prosecution of this Lawsuit . . . . . . . . . . . . . . $304.35

C. Staples for paper and ink only for Ms. Sweidy to print (from her own personal printer) copies of documents required throughout the prosecution of this Lawsuit by Court Orders (Docs. 22, 168, and 168-1) and used at Hearings on January 6, 2023, November 21, 2023, and Trial on May 28, 2024, through June 14, 2024. This is a gross underestimate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $331.50

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$923.60**

The documentation (but not claim) for A., above, was also included in the Exhibits of Ms. Sweidy's Motion For Attorneys' Fees and Costs at Doc. 292-5: Pages 32–33, 35, 36, 37, 38, 39, 40, 41, and 42 of 218.

The documentation (but not claim) for B., above, was also included in the Exhibits of Ms. Sweidy's Motion For Attorneys' Fees and Costs at Doc. 292-4: Pages 13, 16–17, 18, 22, 23, 25, 26, 27–28, and 29 of 35.

The documentation (but not claim) for C., above, was also included in the Exhibits of Ms. Sweidy's Motion For Attorneys' Fees and Costs at Doc. 292-5: Pages 137, 144, and 147 of 218.

### EXPERT WITNESS TAXABLE COSTS
### INCORRECTLY OMITTED FROM BILL OF COSTS MODIFICATION #2

Finally, Ms. Sweidy brings to the Court's attention that Ms. Sweidy incorrectly included $2,971.18 in Expert Witness Taxable Costs for Dr. John Hunter and Dr. James R. Flens in her Motion For Attorneys' Fees and Costs (Doc. 292 as part of the $438,234.88) rather than her Bill of Costs (Doc. 289).  Doc. 326: Page 2, Lines 2–3, Doc. 326-1: Exhibit 1, Doc. 292-2: Pages 119, 120, 122, 125, 127, 128, and 129 of 137, and Doc. 292-5: Pages 9–10, 17–21, 163–164, and 208–209 of 218.  Ms. Sweidy asks that the

1 Court *either* add this **$2,971.18** to the Judgment On Taxation Of Costs (Doc. 349) and

2 remove it from the $438,234.88 requested in her Motion For Attorneys' Fees and Costs

3 (Doc. 292) *or* consider this mischaracterization when the Court makes its Order on her

4 Motion For Attorneys' Fees and Costs (Doc. 292 as part of the $438,234.88).

5                                          **CONCLUSION**

6      Ms. Sweidy respectfully requests that the Court modify the Judgment On Taxation Of

7 Costs to include the disallowed amount of $2,127.75, bringing the total Judgment from

8 $19,703.79 to **$21,831.54**.  Alternatively, Ms. Sweidy asks that this amount of $2,127.75

9 be included in her Motion For Attorneys' Fees and Costs.

10     Ms. Sweidy respectfully requests that the Court include the remaining disallowed

11 amount from the Judgment On Taxation Of Costs of **$12,042.18** in her Motion For

12 Attorneys' Fees and Costs (Docs. 292 and 326).

13     Ms. Sweidy reiterates that her Motion For Attorneys' Fees and Costs (Doc. 292) in the

14 amount of $438,234.88 does not contain any duplication of any item in her Bill of Costs

15 (Doc. 289) in the amount of $33,873.72 (both allowed and disallowed).  Therefore, the

16 Judgment On Taxation Of Costs (Doc. 349) amount of $19,703.79 should not be deducted

17 from any Order on Ms. Sweidy's Motion For Attorneys' Fees and Costs.  Likewise, any

18 disallowed amount either added to the Judgment On Taxation Of Costs (Doc. 349) or

19 included in her Motion For Attorneys' Fees and Costs (Doc. 292) should be in addition to

20 the amount of $438,234.88.

21     Finally, Ms. Sweidy asks the Court to consider that Ms. Sweidy incorrectly included

22 $2,971.18 in Expert Witness Taxable Costs for Dr. John Hunter and Dr. James R. Flens in

23 her Motion For Attorneys' Fees and Costs (Doc. 292) rather than her Bill of Costs (Doc.

24 289).  Ms. Sweidy asks that the Court *either* add this **$2,971.18** to the Judgment On

25 Taxation Of Costs (Doc. 349) and remove it from the $438,234.88 requested in her

26 Motion For Attorneys' Fees and Costs (Doc. 292) *or* consider this mischaracterization

27 when the Court makes its Order on her Motion For Attorneys' Fees and Costs (Doc. 292

28 as part of the $438,234.88).

Respectfully submitted this 12ᵗʰ day of September, 2024.

Kimberly R Sweidy

Kimberly R. Sweidy *pro hac vice*
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595
*in pro per*