| | |
|---|---|
| 1 | Thomas L. Hudson, 014485 |
| 2 | Timothy J. Eckstein, 018321 |
|   | Emma Cone-Roddy, 034285 |
| 3 | OSBORN MALEDON, P.A. |
|   | 2929 North Central Avenue, 20th Floor |
| 4 | Phoenix, Arizona 85012-2793 |
| 5 | (602) 640-9000 |
|   | thudson@omlaw.com |
| 6 | teckstein@omlaw.com |
|   | econe-roddy@omlaw.com |
| 7 | |
| 8 | Robert Grasso, Jr., 015087 |
|   | Robert J. Lydford, 030649 |
| 9 | Michael B. Smith, 014052 |
|   | GRASSO LAW FIRM, P.C. |
| 10 | 2250 East Germann Road, Suite 10 |
| 11 | Chandler, Arizona 85286 |
|    | (480) 739-1200 |
| 12 | rgrasso@grassolawfirm.com |
| 13 | rlydford@grassolawfirm.com |
|    | msmith@grassolawfirm.com |
| 14 | minuteentries@grassolawfirm.com |
| 15 | Attorneys for Defendants Spring Ridge Academy |
| 16 | and Kate Deily |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| Kimberly R. Sweidy, | Case No: 3:21-cv-08013-SPL |
|---|---|
| Plaintiff, | |
| vs. | **SPRING RIDGE DEFENDANTS' SUPPLEMENTAL BRIEF RE MOTION FOR NEW TRIAL BASED ON VERDICT TAINTED BY EXTRANEOUS PREJUDICIAL INFORMATION** |
| Spring Ridge Academy et. al., | |
| Defendants. | |

Defendants Spring Ridge Academy ("Spring Ridge") and Kate Deily supplement that portion of their Motion for a New Trial based on the jury having been tainted by exposure to extraneous prejudicial information. (Doc. 318 at 13:1-24.) At least one juror was exposed during deliberations to extraneous prejudicial information about Spring Ridge and matters directly related to this litigation. That exposure creates a reasonable probability that it could have affected the verdict, warranting a new trial. Fed. R. Civ. P. 59(a).

**I.    The evidence establishes that at least one juror was exposed to extraneous prejudicial information that infringes on Spring Ridge's right to a fair trial.**

   **A.   Plaintiff and others routinely posted on *troubledteens* information about this case.**

For at least two years before trial, Plaintiff and others posted on the social media platform Reddit under the subreddit (subsidiary thread) *troubledteens* about Defendants and this case. (Reddit screenshots, attached hereto as **Exhibit 1**.) Among other things, Plaintiff posted two years ago that she was a "parent with a pending lawsuit against Spring Ridge Academy" and thanked "all the survivors out there" for their work in bringing attention to Spring Ridge Academy's recent renaming. (*Id*. at 1.) One self-identified "survivor" commented that she had been at Spring Ridge for 52 months between 2008 and 2012 and that reading Plaintiff's lawsuit "is breaking [her] heart." (*Id*. at 3.) In response, Plaintiff asked if the user wanted "to testify about [her] time there", remarked that the user had "set some sort of deranged record with 52 months," and encouraged the user to share her story. (*Id*. at 4.)

In early 2024, Plaintiff posted on *troubledteens* that this case would be going to trial on May 28, and further that she was:

- seeking to be connected with a parent of another former Spring Ridge Academy student (*id*. at 4-6);

- asking for copies of old Spring Ridge Academy Parent Manuals (*id*. at 7-8); and

- soliciting information from former Spring Ridge Academy students regarding something called the Sandbag Exercise and Nighttime Desert Walk (*id*. at 9-11).

Plaintiff explained that "[n]ow is not the time to explain the Sandbag Exercise and the Nightime [sic] Desert Walk---its [sic] just another super terrible idea brought to you by the TTI," and that Defendants had asserted the Sandbag Exercise stopped in 2014, five years before she enrolled her daughter, which Plaintiff knew was a lie. (*Id*. at 9.)

During trial, another user posted that she was dubious that "we could bring the tti down" and that she was "starting to loose [sic] [her] passion twords [sic] it." (Reddit printout attached hereto as **Exhibit 2**.) Plaintiff responded: "Yes. We. Can. Can't explain now because I am literally in Trial in Phoenix, Arizona, in Federal District Court in my case against Spring Ridge Academy." *Id*. The other user asked how Plaintiff had gone about this, as she was "trying to do the same," to which Plaintiff responded that her "posts [related to this litigation] are all over this reddit . . . ." *Id*.

**B.   A self-identified juror posts on *troubledteens* shortly after the verdict.**

The jury began deliberations at around 9:30 a.m. on June 13, 2024, taking a break for lunch before being released at around 4:30 p.m. The jury resumed deliberations on June 14 at around 9:00 a.m. At 11:32 a.m., the jury rendered its verdict awarding Plaintiff $2.5 million in punitive damages and $50,000 in compensatory damages. (Doc. 273.) That same day, a different user posted in *troubledteens* about the verdict, describing the damage award and opining that this verdict "is huge validation." (*See* Reddit June 15, 2024, 2:54 p.m. print out at 1, attached hereto as **Exhibit 3**.) Hours later, Plaintiff commented on this post and posted a photo of the verdict. (*See id.* at 3-4.)

The next day, someone posted under the username Brilliant-Truth-1635 that they were "proud to say I was part of the jury!" (*Id.* at 4.) A different user questioned the propriety of a juror commenting on Reddit, stating: "What? How could you be a part of the jury? That does not seem right…" (*Id.*) Brilliant-Truth-1635 deleted their comment the following day, summarizing the substance of their deleted post and explaining that

3

1  they had deleted it because "I was not going to get into any type of argument." (*See*
2  Reddit June 16, 2024, 1:03 p.m. print out at 4, attached hereto as **Exhibit 4**.)

        **C.    Spring Ridge seeks information on the jurors' potential exposure to this extraneous prejudicial information.**

Spring Ridge moved the Court to allow it to interview all the jurors on their potential exposure to the postings and comments in *troubleteens*, providing a set of nine interrogatories exploring whether any juror had been exposed to this or any other extrinsic prejudicial information during deliberations. (Doc 301.) Spring Ridge sought this relief as it was the most efficient way to determine the potential scope of the problem.

Spring Ridge separately moved for leave to file a third-party subpoena on Reddit, Inc., regarding the social media activity of Brilliant-Truth-1635, including a draft subpoena that sought all documents and electronically stored information as to Brilliant-Truth-1635's visits to *troubledteens*. (Doc. 315.)

The Court granted the motion for third-party discovery and further ruled that, if Reddit's response "reveals that 'Brilliant-Truth-1635' is operated by a former juror in this case," it is "inclined to grant" the request to interview jurors only as to this one juror. (Doc. 336 at 3:3-7.) Spring Ridge served its third-party subpoena on Reddit. (Doc. 341.)

        **D.    Reddit Produces Information Showing Juror #3 Accessed Reddit While the Jury Was Deliberating.**

On September 15, 2024, Reddit produced four Excel spreadsheets responsive to the subpoena, one labeled "statistics" (**Exhibit 5**) that includes an email address for Brilliant-Truth-1635 that appears connected to a juror in this matter and another entitled "ip_logs" (**Exhibit 6**) that lists Brilliant-Truth-1635's visits to *troubledteens*/Reddit. (Doc. 357 at 2.)

The ip logs show that Brilliant-Truth-1635 first visited Reddit at 4:50 p.m. on June 13 (23:50 UTC), approximately 30 minutes after the jury concluded its deliberations that day. The jury rendered its verdict in court the following morning, at 11:32 a.m., awarding Plaintiff $50,000 in compensatory damages and $2.5 million in punitive damages. (Doc.

273.)  Brilliant-Truth-1635 next visited *troubledteens*/Reddit at 8:49 p.m. on June 15, and then 43 more times through August 2.  (Exhibits 5, 6.)



[REDACTED]

### F. The objective evidence establishes that a juror accessed Reddit during deliberations.

An IP address is a unique address assigned to a user by an internet service provider such that only one user has an IP address at any given time. (**Exhibit 8**, Declaration of Matthew Erickson, at ¶ 6.)[1] Brilliant-Truth-1635 visited *troubledteens*/Reddit at 4:50 p.m. on June 13 and then not until 8:49 pm on June 14. (*Id.* ¶¶ 7-9.) Although the user associated with Brilliant-Truth-1635 did not register with Reddit until 8:49 p.m. on June 14, the IP log accurately reflects the June 13 visit, as the user would have downloaded from Reddit a "tracking cookie" upon her initial visit. (*Id.* ¶ 10.)

## II. The Court should award a new trial as the jury was tainted by extraneous information prejudicial to Defendants.

A court can order new trial if "extraneous prejudicial information was improperly brought to the jury's attention". Fed. R. Evid. 606(b)(2)(A). Where, as here, "extraneous information is imparted, the burden is generally on the party opposing a new trial to demonstrate the absence of prejudice, and a new trial is ordinarily granted if there is a reasonable possibility that the material could have affected the verdict." *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000) (noting that "[o]ur precedents [analyzing extraneous information received by jury] are mostly in criminal cases, but we have applied the same rules in civil cases"). "Although the presence of extrinsic material does not always require a new trial," the Court must "carefully review the circumstances and nature of the material to ensure that jurors

---

[1] Spring Ridge includes this declaration for the sole purpose of providing a factual basis to explain the ip log's recording of Brilliant-Truth-1635's June 13 visit to Reddit. [REDACTED]

deliberate[d] without undue outside pressure or influence." *United States v. Rosenthal*, 454 F.3d 943, 949 (9th Cir. 2006).

### A. There is a reasonable probability that the material could have affected the verdict.

The Ninth Circuit has set forth five factors "to consider in adjudicating challenges based on the introduction by a juror of extrinsic material:

> (1) whether the material was actually received, and if so how; (2) the length of time it was available to the jury; (3) the extent to which the juror discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the extrinsic material affected the verdict.

*Marino v. Vasquez*, 812 F.2d 499, 506 (9th Cir. 1987) (citation omitted).

The evidence shows that at least one juror actually received information about this case that appeared on *troubledteens*. *See Lawson v. Borg,* 60 F.3d 608, 613 (9th Cir.1995) ("[t]he number of jurors affected by the misconduct does not weigh heavily in the prejudice calculus for even a single juror's improperly influenced vote deprives the defendant of an unprejudiced, unanimous verdict"). Because at least one juror received it on June 13, this information would have been available to the entire jury during the morning of June 14, the second day of deliberations and, significantly, "the same day the verdict was returned." *Robertson v. McNeil-PPC Inc.*, 2015 WL 12698313, at *7 (C.D. Cal., March 20, 2015).

Further, the information posted in *troubledteens* is facially prejudicial and reasonably probable to have influenced the proceedings. *Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000) *quoting Rodriguez v. Marshall*, 125 F.3d 739, 744 (9th Cir. 1997) ("There is no bright line test for determining whether a defendant has suffered prejudice," and the court "place[s] great weight on the nature of the extraneous information that has been introduced into deliberations.'"). Among other things, this juror was exposed to a description of all former Spring Ridge students as "survivors" and

one student's 52-month tenure at Spring Ridge as "some sort of deranged record." (**Exhibit 1** at 1, 3.) This juror was further exposed to Plaintiff's assertion that the Sandbag Exercise and Nighttime Desert Walk – about which there had been trial testimony – were "terrible idea[s] brought to you by the TTI" and that Spring Ridge had lied about when it stopped employing those practices (*id*. at 9), all of which is information "directly related to the litigation . . . would constitute extraneous information that could be used to impeach a jury's verdict." *Hard v. Burlington N. R.R. Co.*, 870 F2.d 1454, 1462 (9th Cir. 1989).

Each of these factors supports the reasonable probability that this material affected the verdict, warranting a new trial under Rule 59(a).

B.   **Plaintiff cannot demonstrate the absence of prejudice.**

The evidence establishes that extraneous information was imparted to at least one juror, thus shifting the burden to Plaintiff to "demonstrate the absence of prejudice." *Sea Hawk*, 206 F.3d at 906.  In light of ▓▓▓▓▓▓▓▓▓▓ the constraints of Rule of Evidence 606(b), Plaintiff cannot demonstrate the absence of prejudice. *See Sassounian*, 230 F.3d at 1109 *quoting People v. Sassounian,* 226 Cal.Rptr. 880, 914 (App. 1986) (observing the "Alice in Wonderland quality to the discussion of whether [a party] was actually prejudiced by the admitted jury misconduct" in the absence of the direct evidence prohibited under Rule 606(b)).

Rather, there is no evidence as to what prejudice may have obtained, including "the extent to which the juror[s] discussed and considered" this information. *Sassounian,* 230 F.3d at 1109 (citation omitted). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Absent proof that neither this juror nor any other juror was aware of this prejudicial information during deliberations, Plaintiff cannot establish the absence of prejudice.

### C. In the alternative, the Court should reconsider and grant Spring Ridge's motion to interview the remaining jurors.

If the Court has any concern about the absence of evidence regarding prejudice, it should reconsider and grant Spring Ridge's Motion to Interview the Jurors (Doc. 301), allowing the parties to interview each juror using the draft interrogatories (Doc. 301-1), which would allow a more complete records of the jurors' exposure to extraneous prejudicial information, consistent with the strictures of Local Rule of Civil Procedure 39.2(b) and Federal Rule of Evidence 606(b).

### CONCLUSION

The Court should grant Spring Ridge's motion for a new trial (Doc. 318 at 13:1-24) as Spring Ridge has established that at least one juror was exposed during deliberations to extraneous prejudicial information that could have affected the verdict, and there has been no showing of the absence of prejudice.

RESPECTFULLY SUBMITTED this 19th day of November, 2024.

**OSBORN MALEDON, P.A.**

By s/ Timothy J. Eckstein
    Thomas L. Hudson
    Timothy J. Eckstein
    Emma Cone-Roddy
    2929 North Central, 20th Floor
    Phoenix, Arizona 85012-2794

Attorneys for Defendants Spring Ridge and Kate Deily