Mara C. Smith Allard (*pro hac vice*)
Allard Smith APLC
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189

*Attorney for Plaintiff Sweidy*

Kimberly R. Sweidy (*pro hac vice*)
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595

*in pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy, | Case No. CV-21-08013-PCT-SPL |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF RE MOTION FOR NEW TRIAL BASED ON VERDICT TAINTED BY EXTRANEOUS PREJUDICIAL INFORMATION (DOC. 376)** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, and Veronica Borges, | |
| Defendants. | |

Plaintiff Kimberly R. Sweidy responds to Defendants Spring Ridge Academy (SRA) and Kate Deily's (DEILY) Supplemental Brief Re Motion For New Trial Based On Verdict Tainted By Extraneous Prejudicial Information (Doc. 376). Ms. Sweidy asks the Court to ***deny*** Defendants' Motion.

**FACTS**

Defendants' protracted, costly, and futile fishing expedition, including three separate hearings, has yielded absolutely nothing. There is no evidence that anything improper transpired. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**I. There is no evidence that any Juror was exposed to extraneous prejudicial information that infringes on Defendants' right to a fair trial.**

    **A. Ms. Sweidy has exercised and will continue to exercise her Constitutional Right to Free Speech.**

Ms. Sweidy has never denied that she posted on the Troubled Teens Industry (TTI) subreddit of Reddit. There was no other way for Ms. Sweidy to obtain the information necessary to prosecute this lawsuit. From the moment that Ms. Sweidy enrolled her daughter at SRA, Defendants attempted to isolate and silence Ms. Sweidy. Throughout this litigation, Opposing Counsel attempted to silence Ms. Sweidy. Ms. Sweidy will not be silenced. Ms. Sweidy has a Constitutional Right to Free Speech, which she will continue to exercise. Ms. Sweidy never communicated with any Juror on any online forum or otherwise. Neither did Ms. Allard.

Victims of Defendants' fraud have shared their experiences online. That information exists because Defendants have amassed many victims over more than two decades. However, there is no evidence that any Juror accessed that information before or during the Trial.

    **B. A self-identified Juror posted on the troubledteens subreddit after the Verdict.**

Posts made after the Jury Verdict is rendered are not suspect. They are not cause for further investigation, much less probable cause for this Court to indulge and enable what has transpired since the filing of Defendants' Motion To Interview Jury on July 1, 2024 (Doc. 301).

///

1  At Hearing on July 30, 2024, Ms. Sweidy stated (Exhibit 1 highlighted):

2      There's nothing sinister about this. It is completely understandable, and not probable cause. Because nothing here is of concern.

3      I think these jurors sat there for three weeks and listened to this evidence, and they were naturally curious about this industry we were talking about that Jared Balmer testified. There's a whole industry of this, and this is a standard of care in this industry.

4      They were curious. Who wouldn't be? They spent three weeks of their life learning about something they had never heard of, didn't even know existed.

5      Ms. Sweidy is on social media. All you have to do is type Kimberly Sweidy, do a web search. Kimberly Sweidy lawsuit, and what pops up right there on the first page? The Reddit subgroup with a discussion.

6      And then click on that, and they say, oh, this -- this is where Kimberly Sweidy said she got her information. It's not hard to find. It's human curiosity.



This is simply human nature. Nothing improper transpired.

In fact, on Trial Day Four (May 31, 2024, AM) during Trial Sidebar, even the Court, with 400 cases pending, took notice of this case by stating, "This case is very interesting, and I will just use the word 'interesting' at this point." (Exhibit 2 highlighted). Therefore, it makes perfect sense that the Jury would also find the case "interesting."

///

///

///

**C. The Court ordered Reddit Subpoena produced information that a Juror accessed Reddit (not the TTI subreddit) at 4:50 PM Arizona time on June 13, 2024, the evening before the Jury Verdict was rendered.**

The Court never ordered the Jurors to stay off social media during the Trial and/or stay off the internet during Trial. Jurors were not required or obligated to do so. The failure to do so is not cause, much less probable cause. Accessing Reddit during the Trial was not a violation of Court admonishment during Trial and did not potentially constitute criminal conduct, as falsely alleged by Defendants (SEALED Doc. 378, Exhibit A at 5:26–27).

Reddit *is not* the TTI subreddit, just as accessing LinkedIn *is not* viewing the profile of LinkedIn user Jeannie Courtney (https://www.linkedin.com/in/jeannie-courtney-a32210a/) and accessing Firefox (a free and open source web browser owned by Mozilla and used by Ms. Sweidy for web searches) *is not* searching Firefox for any of the Defendants and/or the TTI.

Defendants' position that accessing Reddit exposes a Juror to "extraneous prejudicial information" is patently false.

During the November 7, 2024, Hearing (and at many other times including in their Supplemental Brief), Defendants repeatedly conflate the Reddit website with the TTI subreddit. This causes confusion and introduces ambiguity in discussion and testimony.



**II. The Court should deny Defendants' motion for a new trial because there is no evidence that the jury was tainted by extraneous information prejudicial to Defendants.**

There is no evidence that extraneous information prejudicial to Defendants was accessed by the Juror. This was and continues to be a fishing expedition, replete with innuendo, debunked insinuations, including that Ms. Sweidy and/or Ms. Allard communicated with Jurors, and flimsy "evidence" that a Juror once and for an unspecified period of time accessed Reddit (not the TTI subreddit) the evening before the Jury Verdict was rendered (evidence obtained by subpoena that was issued without cause), ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This is the opposite of "clear, strong, substantial and incontrovertible evidence ... that a specific, nonspeculative impropriety has occurred." *U.S. v. Cuthel*, 903 F.2d 1381 at 1383.

Defendants cite *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000), which does not support their position. In *Sea Hawk Seafoods* at 903, the Ninth Circuit Court of Appeals agreed with District Court that the $5 billion punitive damages verdict against Exxon and the $5,000 punitive damages award against Hazelwood should not be set aside because of irregularities during jury deliberations.

*Sea Hawk Seafoods* at 904–905 involves a very complicated fact pattern and actual proven improper conduct. *Sea Hawk Seafoods* at 906 states, "Where extraneous information is imparted, as when papers bearing on the facts get into the jury room without having been admitted as exhibits, or when a juror looks things up in a dictionary or directory, the burden is generally on the party opposing a new trial to demonstrate the absence of prejudice..."

*Sea Hawk Seafoods* describes examples of actual extraneous evidence, not "potentially extraneous evidence." *Sea Hawk Seafoods* supports Ms. Sweidy's position by describing actual extraneous evidence, not "potentially extraneous evidence." In our case, there is no actual extraneous evidence.

Defendants cite *United States v. Rosenthal*, 454 F.3d 943, 949 (9th Cir. 2006), which does not support their position. In *Rosenthal* at 949, the Court discusses actual extraneous

evidence including "extrinsic material regarding witness's immunity placed before jury was not prejudicial" and "holding that file containing inadmissible extrinsic material left in jury room for four hours was prejudicial." This bears no resemblance to our case of "potentially extraneous evidence" and, therefore, does not support Defendants' position.

### A. There is no reasonable probability that the material could have affected the Verdict because there is no evidence of any actual material being accessed by the Juror prior to the Jury Verdict being rendered.

Granting a new trial for every juror accessing social media after a trial for the purpose of reading about the defendants is a very slippery slope.

Defendants cite *Marino v. Vasquez*, 812 F.2d 499, 506 (9th Cir. 1987), which does not support their position. The facts bear no resemblance to our case. And none of the listed five factors are present; therefore, no such analysis can take place.

Defendants cite *Lawson v. Borg*, 60 F.3d 608, 613 (9th Cir.1995) while falsely stating "The evidence shows that at least one juror actually received information about this case that appeared on troubledteens." (Doc. 376 at 7:12–13). This is a lie. ***The evidence shows this happened after the Jury Verdict was rendered, not before.*** *Lawson* does not support Defendants' position factually or legally.

Defendants cite *Robertson v. McNeil-PPC Inc.*, 2015 WL 12698313, at *7 (C.D. Cal., March 20, 2015), continuing on their false narrative that there is actual evidence to support their position when, in fact, no evidence supporting their position exists.

*Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000), *Rodriguez v. Marshall*, 125 F.3d 739, 744 (9th Cir. 1997), and *Hard v. Burlington N. R.R. Co.*, 870 F2.d 1454, 1462 (9th Cir. 1989) fail for the same reason. There is no evidence that the TTI subreddit was accessed by the Juror prior to the Jury Verdict.

### B. Ms. Sweidy is not legally or logically required to demonstrate the absence of a fabricated prejudice for which there is no proof.

Defendants state, "The evidence establishes that extraneous information was imparted to at least one juror, thus shifting the burden to Plaintiff to 'demonstrate the absence of prejudice.'" This is a lie. No such evidence exists; therefore, Ms. Sweidy has no burden to

disprove this lie. All cited cases based on this lie are irrelevant to our case. The *People v. Sassounian*, 226 Cal.Rptr. 880, 914 (App. 1986) citation to the "Alice in Wonderland" quote is nonsensical because there is no "admitted jury misconduct." Defendants and Opposing Counsel have gone down their own self-imposed Rabbit Hole. Ms. Sweidy and Ms. Allard are not joining them and neither should this Court.

**C. There is no cause for the Court to reconsider, much less grant, SRA's motion to interview the remaining Jurors.**

There is no cause to overturn the Jury Verdict or interview the remaining Jurors. Defendants' Motion(s) should be denied.

## CONCLUSION

Ms. Sweidy respectfully requests that the Court deny Defendants' Motion(s). Ms. Sweidy also respectfully requests that the Court, on its own Motion, redact from the September 25, 2024, Hearing Transcript all its mentions of the Juror's name and/or email address.

Respectfully submitted this 16th day of December, 2024.

*Kimberly R Sweidy*

Kimberly R. Sweidy *pro hac vice*
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595
*in pro per*