**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Sweidy, | No. CV-21-08013-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Spring Ridge Academy, et al., | |
| Defendants. | |

Before the Court is Defendants Spring Ridge Academy and Kate Deily's Motion for a New Trial (Doc. 318), Defendants' Supplemental Brief Re: Motion for New Trial Based on Verdict Tainted by Extraneous Prejudicial Information (Doc. 376; sealed and unredacted at Doc. 380), and Plaintiff Kimberly Sweidy's Response (Doc. 382; sealed and unredacted at Doc. 386).[1] The Court now rules as follows.

**I.    BACKGROUND**

On June 14, 2024, a verdict was entered in favor of Plaintiff Kimberly R. Sweidy ("Plaintiff") following a three-week jury trial against Defendants Spring Ridge Academy, et al. ("Defendants"). (Doc. 275). The next day, on June 15, 2024, an alleged juror with the username "Brilliant-Truth-1635" posted in a Reddit forum entitled "Troubled Teens," writing, "I am proud to say I was part of the jury!" (Doc. 301-7 at 5). Reddit is a social

---

[1] Other ripe and currently pending motions in the case include a Motion for Attorney Fees (Doc. 292), Motion for Judgment as a Matter of Law (Doc. 318), Motion to Correct Clerical Mistake (Doc. 318), and Motion for Judgment on Taxation of Costs (Doc. 350).

networking website divided into topic-based discussion forums, also called "subreddits," where users can discuss news, share content, or comment on others' posts.[2] "Troubled Teens" is one such subreddit, and it included various discussion threads regarding Defendant Spring Ridge Academy and the instant litigation. (*See* Docs. 301-3, 301-4, 301-7).

Because the Reddit comment made by "Brilliant-Truth-1635" was posted only a day after the verdict was announced, Defendants Spring Ridge Academy and Kate Deily filed a Motion to Interview the Jurors (Doc. 301) on July 1, 2024, asking for the Court's leave to interview the jurors from the *Sweidy* trial to determine whether any of the trial jurors were improperly exposed to extraneous prejudicial information during their deliberations. (Doc. 301 at 2). On July 12, Defendants moved for leave to file a third-party subpoena on Reddit in order to obtain more information about whether the Reddit poster visited the website before or during the trial. (Doc. 315).

The Reddit subpoena ultimately revealed that the user Brilliant-Truth-1635 did not register their account until June 15, 2024, the day after the verdict was delivered. (Doc. 357 at 2). However, an IP Address associated with Brilliant-Truth-1635 first *accessed* the Reddit website on June 13, 2024 at 23:50:23 UTC (which would be 4:50 p.m. Arizona time), the *day before* the jury verdict was issued. (*Id.*). An email address associated with the user Brilliant-Truth-1635 suggested that the account may have been created by a juror in the matter, whom this Court will refer to as "Juror Number 3" for purposes of privacy. (Doc. 357 at 2).

In their Motion to Interview Jurors (Doc. 301), Defendants argued:

> The link between a self-identified trial juror, Plaintiff, and a subreddit deeply connected to this case suggests that a juror was exposed to extraneous prejudicial information or outside influence. That subreddit contained disparaging comments about Spring Ridge Academy -- including some from Plaintiff -- and discussed specific factual allegations in a way that likely

---

[2] *See* Jake Widman, *What is Reddit?*, Digital Trends Media Group (Dec. 28, 2022), https://www.digitaltrends.com/computing/what-is-reddit/.

2

would have prejudiced any juror against Defendants.

(Doc. 301 at 5). Indeed, this Court's Final Jury Instructions, which were issued to all the jurors in this case, admonished that any "juror who violates these restrictions," including a specific restriction against "searching the Internet" about the case, "jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over." (Doc. 276 at 10). "Juror testimony . . . is potentially the only evidence of some instances of juror misconduct." *Carlson v. Thornell*, 2024 WL 3653058, at *3 (D. Ariz. Aug. 5, 2024). The Court therefore granted Defendants' Motion to Interview Jurors as to one juror and subpoenaed Juror Number 3 for questioning in a closed hearing that took place on November 7, 2024. (Doc. 363; ME 366).

## II.   LEGAL STANDARD

"The Constitution guarantees both criminal and civil litigants a right to an impartial jury." *Warger v. Shauers*, 574 U.S. 40, 50 (2014). Therefore, upon learning of juror misconduct, the trial court must hold an evidentiary hearing to determine the nature of the extraneous information. *United States v. Bagnariol*, 665 F.2d 877, 885 (9th Cir. 1981). A trial judge is "uniquely qualified to appraise the probable effect of information on the jury, the materiality of the extraneous material, and its prejudicial nature," because he "observes the jurors throughout the trial, is aware of the defenses asserted, and has heard the evidence." *Id.* Therefore, a judge's conclusion about the effect of alleged juror misconduct "deserves substantial weight." *Id.* Ninth Circuit case law also puts substantial weight on the *nature* of the extraneous information when determining the possibility that the information may have affected the verdict. *Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000), *as amended on denial of reh'g* (Dec. 6, 2000).

Federal Rule of Civil Procedure ("Rule") 59(a)(1) broadly authorizes the Court to grant a new trial, upon motion, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Ultimately, trial judges retain "broad discretion" whether to grant a mistrial, and every case is highly fact dependent. *United States v. Cervantes*, 2016 U.S. Dist. LEXIS 86949, *6 (N.D. Cal. July 5, 2016) (citing

*Renico v. Lett*, 559 U.S. 766, 774 (2010)). Trial judges may declare a mistrial "whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for doing so. The . . . power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *Renico*, 559 U.S. at 773–74 (internal citation and quotation marks omitted).

Although precedents regarding the introduction of extraneous information to a jury "are mostly in criminal cases," the Ninth Circuit has generally "applied the same rules in civil cases. Where extraneous information is imparted, as when papers bearing on the facts get into the jury room without having been admitted as exhibits, or when a juror looks things up in a dictionary or directory, the burden is generally on the party opposing a new trial to demonstrate the absence of prejudice, and a new trial is ordinarily granted if there is a reasonable possibility that the material could have affected the verdict." *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000).

### III.    DISCUSSION

Defendants argue that in the instant case, "[a]t least one juror was exposed during deliberations to extraneous prejudicial information about Spring Ridge . . . . That exposure creates a reasonable probability that it could have affected the verdict, warranting a new trial" under Rule 59. (Doc. 380 at 26). Plaintiff asks the Court to deny the Rule 59 Motion, arguing that "[t]here is no evidence that anything improper transpired." (Doc. 382 at 2).

Plaintiff's Supplemental Brief focuses unnecessary attention on various issues that do not concern this Court. For example, this Court does not insinuate, and has never insinuated, that Ms. Sweidy acted improperly when she herself posted on the "Troubled Teens Industry (TTI) subreddit of Reddit." (Doc. 382 at 2). More importantly, the Court agrees that "[p]osts made after the Jury Verdict is rendered are not" inherently "suspect" (*id.*), and that "[g]ranting a new trial for every juror accessing social media after a trial for the purpose of reading about the defendants is a very slippery slope" (*id.* at 6). But the Court's concern today is not about Juror Number Three's, or any jurors', social media activities following the conclusion of trial; nor is the Court's concern about Plaintiff's

social media activities, for that matter. The Court's concern lies solely with Juror Number Three's activities *during deliberations*.

To start, Plaintiff argues that the Brilliant-Truth-1635 post that was made the day after the jury verdict was "not cause for further investigation, much less probable cause for this Court to indulge and enable what has transpired since the filing of Defendants' Motion to Interview Jury . . . ." (*Id.* at 2). The Court need not rehash its reasoning for granting the Motion to Interview as well as the Motion to Subpoena Reddit; suffice to say the Motions were granted for good cause; the subpoena was issued; the interview was conducted. What the Court must contemplate now is the information that the subpoena and the interview revealed.

The crux of the issue is that the Reddit subpoena revealed that the IP Address associated with Juror Number 3 accessed the Reddit website on June 13, 2024, at 23:50:23 UTC (4:50 p.m. Arizona time), the evening *before* the jury verdict was issued. (Doc. 357 at 2). The following table chronicles the relevant events:

| Date | Time (Arizona Time) | Event |
| --- | --- | --- |
| June 13, 2024 | 4:30 p.m. | Jury excused from deliberations on Day 11 of the trial. (ME 268). |
| June 13, 2024 | 4:50 p.m. | Juror Number 3 allegedly accesses the Reddit website for the first time. A unique Reddit "tracking cookie" attaches to this user. (Doc. 380 at 30). |
| June 14, 2024 | 11:06 a.m. | Following continued deliberations, jury reaches a verdict on Day 12 of trial. (ME 273). |
| June 14, 2024 | 11:39 a.m. | Trial concludes; Court is adjourned. (ME 273). |
| June 15, 2024 | 8:49 p.m. | Juror Number 3 returns to Reddit and registers an account with the username "Brilliant-Truth-1635," (Doc. 380 at 30), from which Juror |

| | | Number 3 posts in the Troubled Teens subreddit multiple times. (*Id.* at 27–28). |
|---|---|---|

During the closed juror interview hearing that took place on November 7, 2024, Juror Number 3 confirmed, under oath, that they were indeed the person who posted to Reddit that "I am proud to say I was part of the jury" on June 15, 2024. (Doc. 381 at 7). However, a troubling factual dispute and potential credibility issue arose when Juror Number 3 subsequently testified that they did *not* "access Reddit any time prior to the verdict being read in this case." (*Id.*).

Plaintiff repeatedly and vehemently emphasizes the important distinction between the Reddit website, broadly, and the specific Troubled Teens subreddit where Juror Number 3 posted. (Doc. 382 at 4; Doc. 381 at 10). It is true that merely accessing the Reddit website during the trial would not necessarily constitute a violation of this Court's admonishment against searching the Internet regarding this case. (Doc. 382 at 4). It is also true that the only information the Reddit subpoena reveals is that Juror Number 3 appears to have accessed Reddit on June 13, but not whether the Juror specifically accessed the Troubled Teens subreddit, or any other subreddit that might include information that would be prejudicial in this case.

However, Juror Number 3 did not merely deny accessing the Troubled Teens subreddit on June 13—Juror Number 3 denied accessing the Reddit website *at all* on June 13, in plain contradiction to the subpoenaed Reddit logs. (Doc. 381 at 7; Doc. 357 at 2). Subsequently, the Juror "absolutely" recalled that the date that they first accessed Reddit to sign up was "[t]he day that the verdict was given," which was the afternoon of June 14. (Doc. 381 at 8–9). However, the Reddit subpoena clearly revealed that the day Juror Number 3 created an account was on June 15, and there is no indication that the unique IP Address associated with Juror Number 3 accessed Reddit at any time on June 14. Based on its observation of Juror Number 3's testimony, the Court found the Juror to be severely lacking in credibility.

There is still a good deal of information the Court does not know. If Juror Number

3 indeed accessed Reddit on June 13, while deliberations were ongoing—and the Court suspects that Juror Number 3 did—it still does not know whether the Juror specifically accessed the Troubled Teens subreddit, what kind of posts they saw, and whether those posts had any bearing on their, or any other juror's, deliberations. The Court is satisfied that *if* the Troubled Teens subreddit *was* accessed, there is much more than a "reasonable possibility that the material could have affected the verdict." *Sea Hawk Seafoods*, 206 F.3d at 906. But the Court is in the difficult position of having to decide whether it believes Juror Number 3 indeed accessed extraneous prejudicial information based on little more than the Juror's assertion that they did not and a Reddit log suggesting that they may have.

Common sense suggests that there would be little reason for Juror Number 3 to access Reddit on June 13—a mere two days before registering an account for the sole purpose of commenting about their participation in the jury—*unless* to look up potentially prejudicial information on the case and parties at hand. After all, this Court is well aware that the "troubled teen industry" to which this case pertains has received ample media discussion over recent years, and a juror could easily be tempted by the notion that a simple Google search of one of the parties' names could, in an instant, fetch hundreds of incendiary articles on the topic. It is nonetheless surprising and disheartening that a juror's actions on social media could cast into question the fairness of an entire trial.

Fairness is the determinative consideration in the Court's decision today. At bottom, the Court has a duty to all parties, and more importantly, a duty to the public to ensure fair and impartial jury proceedings. When information comes to light that threatens to upend the fairness of those proceedings, the Court cannot simply ignore it. Jury trials are financially taxing on all parties involved, from the parties bearing the attorneys' fees to the taxpayers bearing the cost of administration; they are often emotionally taxing as well, particularly in a case like this one, which involved sensitive testimony from numerous alleged victims. The Court is keenly aware of the costs, tangible and intangible, of upending a $2.5-million verdict that was obtained through a grueling three-week trial. However, prudential concerns must give way to Constitutional ones.

Here, the "possibilities are too great" that the jury may have been exposed to prejudicial outside information. *See United States v. Vasquez*, 597 F.2d 192, 194 (9th Cir. 1979). The Court must therefore exercise its discretion to declare that a mistrial has occurred.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for a New Trial (Doc. 318) pursuant to Rule 59(a) is **granted**.

**IT IS FURTHER ORDERED** that because a new trial has been granted, the following pending motions shall all be **denied as moot**: the Motion for Attorney Fees (Doc. 292), Motion for Judgment as a Matter of Law (Doc. 318), Motion to Correct Clerical Mistake (Doc. 318), and Motion for Judgment on Taxation of Costs (Doc. 350).

Dated this 8th day of January, 2025.

Honorable Steven P. Logan
United States District Judge