**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Sweidy,<br><br>           Plaintiff,<br><br>vs.<br><br>Spring Ridge Academy, et al.,<br><br>           Defendants. | No. CV-21-08013-PCT-SPL<br><br>**ORDER** |

      Before the Court are Defendant Veronica Borges' Request for Entry of Judgement (Doc. 295), as well as Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily's Rule 54(b) Request for Entry of Judgment (Doc. 302). The Court now rules as follows.

      On August 16, 2023, this Court issued an Order in which is granted Defendant Borges' Motion for Summary Judgment (Doc. 113), dismissing all claims against her with prejudice. (Doc. 166 at 31). In that same Order, Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily's own Motion for Summary Judgment (Doc. 115) was granted in part and denied in part. (Doc. 166 at 31). All claims against Defendants Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, and Justin Zych were dismissed with prejudice, leaving only Spring Ridge Academy and Kate Deily as the remaining Defendants. (*Id.*). As to Defendants Spring Ridge Academy and Kate Deily, summary judgment was granted with respect to all claims *except* Plaintiff's fraud claims (Counts I

and II). (*Id.*). In June 2024, the case proceeded to jury trial against Defendants Spring Ridge Academy and Kate Deily on those two fraud claims, and a verdict was entered in favor of Plaintiff on both counts. (ME 273). Subsequently, on January 8, 2025, the Court granted Defendants' Motion for a New Trial (Doc. 318). (Doc. 387). Accordingly, the remaining two fraud claims are still unsettled.

On July 1, 2024, Defendant Borges filed her Motion for Judgment (Doc. 295), requesting that the Court "enter a final judgment in her favor and against Plaintiff Kimberly R. Sweidy." (Doc. 295 at 1). Defendant Borges contemporaneously filed a Bill of Costs (Doc. 297), and later an Amended Bill of Costs (Doc. 310), both of which were denied by the Clerk of Court on September 16, 2024 because no final judgment had been issued in the case. (Docs. 353, 355). Also on July 1, the other Defendants filed their Rule 54(b) Request for Entry of Judgment (Doc. 302), as well as a Bill of Costs (Doc. 303). This was also denied by the Clerk of Court on September 15, 2024 because no final judgment had been issued. (Doc. 354).

Pursuant to Federal Rule of Civil Procedure ("Rule") 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court now finds no just reason for delaying the entry of judgment as to the dismissed defendants and claims.

To the extent that any of the Defendants seek a money judgment for costs, a Bill of Costs may be filed within fourteen (14) days after the entry of final judgment pursuant to Rule 54(d)(1) and LRCiv 54.1, and such Bills of Costs will be considered by the Clerk of Court in due course. (*See* Docs. 353, 354, 355).

Accordingly,

///
///
///
///
///

**IT IS ORDERED** that Defendant Veronica Borges' Request for Entry of Judgement (Doc. 295) is **granted**. The Clerk of Court is directed to enter partial final judgment in favor of Defendant Veronica Borges pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS FURTHER ORDERED** that Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Erin Smith, Leslie Filsinger, Justin Zych, and Kate Deily's Rule 54(b) Request for Entry of Judgment (Doc. 302) is **granted**. The Clerk of Court is directed to enter partial final judgment in favor of Defendants Jean Courtney, Suzanne Courtney, Erin Smith, Leslie Filsinger, and Justin Zych as to all claims pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of Court is also directed to enter partial final judgment in favor of Defendants Spring Ridge Academy and Kate Deily as to the claims for Breach of Contract/Breach of Warranty, Breach of the Covenant of Good Faith and Fair Dealing, RICO Violations (18 U.S.C. § 1961 et seq.), Negligence *per se*, Intentional Infliction of Emotional Distress, and Conversion.

Dated this 8th day of January, 2025.

Honorable Steven P. Logan
United States District Judge