Thomas L. Hudson, 014485
Timothy J. Eckstein, 018321
Emma Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
thudson@omlaw.com
teckstein@omlaw.com
econe-roddy@omlaw.com

Robert Grasso, Jr., 015087
Robert J. Lydford, 030649
Michael B. Smith, 014052
GRASSO LAW FIRM, P.C.
3075 W. Ray Road, Suite 110
Chandler, Arizona 85226
(480) 739-1200
rgrasso@grassolawfirm.com
rlydford@grassolawfirm.com
msmith@grassolawfirm.com
minuteentries@grassolawfirm.com

Attorneys for Defendants Spring Ridge Academy
and Kate Deily

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy, | Case No: 3:21-cv-08013-SPL |
| Plaintiff, | |
| vs. | **SPRING RIDGE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** |
| Spring Ridge Academy et. al., | |
| Defendants. | |

Plaintiff Kimberly R. Sweidy asks this Court to certify for an interlocutory appeal the Court's order granting a new trial based on the jury's exposure to extraneous prejudicial information. (Doc. 387.) The Court should deny this request as the Court clearly explains in its decision the legal and factual basis for its finding that the jury had been exposed to outside information that rendered the trial unfair.

**I.  The Court finds sufficient facts to conclude that the jury was exposed to prejudicial outside information, warranting a new trial.**

Following a June 14, 2024, jury verdict in favor of Plaintiff, Defendants Spring Ridge Academy and Kate Deily (the "Spring Ridge Defendants") moved to interview the jurors based on the Spring Ridge Defendants' concern that the jury had been tainted by exposure extraneous prejudicial information. In particular, a self-identified juror had, under the username Brilliant-Truth-1635, in the hours after the verdict, posted in *troubledteens*, a subreddit (a topic-based discussion forum on the Reddit social networking website) that included various discussion threads regarding Spring Ridge Academy and the instant litigation. (Docs. 301-3, 301-4, 301-7; Doc. 387 at 1:23-2:13.) The Spring Ridge Defendants later moved for a new trial, in part, based on this improper conduct. (Doc. 318 at 13:1-24).

**A.  Objective evidence establishes that a juror visited Reddit during deliberations.**

On September 15, 2024, Reddit produced in response to a subpoena four Excel spreadsheets, including one that contains an email address for Brilliant-Truth-1635 that appeared to be connected to a juror in this matter and another entitled "ip_logs" that lists Brilliant-Truth-1635's visits to *troubledteens* and Reddit. (Doc. 357 at 2; Doc 387 at 2:14-21.) Those ip logs show that Brilliant-Truth-1635 first visited Reddit at 4:50 p.m. on June 13 (23:50 UTC), approximately 30 minutes after the jury concluded its deliberations that day. The jury rendered its verdict in court the following morning, at 11:32 a.m., awarding Plaintiff $50,000 in compensatory damages and $2.5 million in punitive damages. (Doc. 273.) According to the ip logs, Brilliant-Truth-1635 next

visited *troubledteens*/Reddit at 8:49 p.m. on June 15, and then 43 more times through August 2. (Doc 376-5; Doc 376-6.)

### B. The juror denies having visited Reddit during deliberations.

In a November 7, 2024, closed juror interview, Juror Number 3 confirmed under oath that they had posted under the Brilliant-Truth-1635 username on 8:49 p.m. on June 15, but denied having accessed "Reddit any time prior to the verdict being read in this case." (Doc. 387 at 5:25-6:8.)

### C. The Court finds that Juror Number 3 visited Reddit during deliberations, accessing material that could have affected the verdict.

On January 8, 2025, the Court granted the Spring Ridge Defendants' motion for new trial based on their argument that the verdict was tainted by extraneous prejudicial information. In support of its order, the Court found that if any juror accessed *troubledteens*, "there is much more than a 'reasonable possibility that the material could have affected the verdict.'" (Doc. 387 at 7:5-6 *quoting Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000).)

Regarding Juror Number 3, the Court found that their denial of "accessing the Reddit website at all on June 13 [was] in plain contradiction to the subpoenaed Reddit logs" such that the Court "found the Juror to be severely lacking in credibility." (Doc. 387 at 6:19-20,26-27.) Noting the difficulty of determining whether "Juror Number 3 indeed accessed extraneous prejudicial information based on little more than the Juror's assertion that they did not and a Reddit log suggesting that they may have[,]" the Court found that:

> Common sense suggests that there would be little reason for Juror Number 3 to access Reddit on June 13—a mere two days before registering an account for the sole purpose of commenting about their participation in the jury—unless to look up potentially prejudicial information on the case and parties at hand. (*Id*. at 7:10-13.)

**D.     The Court orders a new trial out of concern for fairness to the proceedings.**

Given its commitment to fairness and its "duty to all parties, and more importantly, a duty to the public to ensure fair and impartial jury proceedings," the Court reasoned that it could not ignore the information here that "that threatens to upend the fairness of those proceedings . . . ." (Doc. 387 at 7:19-22).

The Court then collapsed into one sentence its previously stated conclusions that Juror Number 3 had been exposed to extraneous prejudicial information by accessing the *troubledteens* subreddit and that such exposure was prejudicial, writing that: "the 'possibilities are too great' that the jury may have been exposed to prejudicial outside information" such that the Court would "exercise its discretion to declare that a mistrial has occurred." (Doc. 387 at 8:1-4 quoting *United States v. Vasquez*, 597 F.2d 192, 194 (9th Cir. 1979).)

**II.    The Court's order granting a new trial does not present a controlling question of law, a substantial ground for difference of opinion, or a question for appeal that would materially advance the litigation.**

Certification on an otherwise non-appealable order is proper under 28 U.S.C. § 1292(b) when that order (1) involves a "controlling question of law," (2) as to which there are "substantial grounds for difference of opinion," and (3) where an immediate appeal may "materially advance the ultimate termination of the litigation." *In Re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The Court's order granting a new trial does none of these.

**A.     The Court's order does not present a controlling question of law.**

The Court's order does not present a question the resolution of which "on appeal could materially affect the outcome of litigation in the district court." *Id*. at 1026. As the Court explained, "Federal Rule of Civil Procedure 59(a)(1) broadly authorizes the Court to grant a new trial, upon motion, 'for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" (Doc. 387 at 3:24-26.)

Federal courts have previously ordered mistrials resulting from a jury's exposure to extraneous prejudicial information. *See, e.g.*, *Vasquez*, 597 F.2d at 194 (remanding for new trial guilty verdict based on concerns that trial jury's exposure to court file may have allowed "at least one juror [to] realize[] that the appellant had been previously prosecuted or that the court had refused to dismiss the case or [] refused particular instructions").

### 1. The trial court found that the Spring Ridge Defendants had shown that the juror received extraneous information the probable effect of which was to prejudice the jury.

To obtain a new trial based on jury exposure to extraneous prejudicial information, the Ninth Circuit requires, first, that the party raising the challenge "*make a showing* that the juror actually received—i.e., either saw or heard—the information." *United States v. Plunk*, 153 F.3d 1011, 1025 n.12 (9th Cir. 1998) (emphasis added). Once the trial court finds that showing has been made, it must assess "the probable effect of information on the jury, the materiality of the extraneous material, and its prejudicial nature," all of which the trial judge is "uniquely qualified to appraise" such that the court's view "deserves substantial weight". *United States v. Bagnariol*, 665 F.2d 877, 885 (9th Cir. 1981).

Here, the trial court did precisely that, finding that:

- the ip log showed that Juror Number 3 visited Reddit at 4:50 p.m. on June 13

- Juror Number 3's testimony to the contrary was "severely lacking in credibility"

- "[c]ommon sense suggests that" Juror Number 3 visited Reddit during deliberations "to look up potentially prejudicial information on the case and parties at hand", and

- there is more than a reasonable probability that accessing *troubledteens* during deliberations "could have affected the verdict"

(Doc. 387 at 6:19-20, 26-27; 7:5-6, 10-13, 19-22.)

1    Unwilling to accept the Court's decision, Plaintiff ignores the Court's extensive
2  analysis and mischaracterizes a single sentence where the Court collapsed its findings of
3  actual exposure and prejudice – concluding that "the 'possibilities are too great' that the
4  jury may have been exposed to prejudicial outside information." (Doc. 387 at 8:1-2
5  *quoting Vasquez*, 597 F.2d at 194.) The Court did not, as Plaintiff suggests, fashion a
6  new, improper *reasonable probability* test for the level of proof required to prove actual
7  exposure. (Doc. 398 at 5:5-9.) Rather, the Court found (1) without reference to any
8  level of proof that Juror Number 3 had been exposed to *troubledteens*, and (2) that this
9  exposure created more than a reasonable probability of prejudice.

10          **2.   There is no "controlling question of law" as to the level of proof
11               required to establish receipt of information.**

12   Plaintiff argues that there is a "controlling question of law" as to the level of proof
13  required to establish whether the jury has been exposed to extraneous prejudicial
14  information – contrasting what it describes as the Court's *reasonable probability*
15  approach with the Eleventh Circuit's requirement that a party must "'mak[e] a colorable
16  showing that the exposure has, in fact, occurred.'" (Doc. 398 at 5:14-15 *quoting United*
17  *States v. Dortch*, 696 F.3d 1104, 1110 (11th Cir. 2012) *quoting United States v.*
18  *Siegelman*, 640 F.3d 1159, 1182 (11th Cir. 2011)). Plaintiff further argues that the
19  "exposure has, in fact, occurred" language suggests that the level of proof required is
20  something other than *reasonable probability*—i.e., preponderance of the evidence, clear
21  and convincing, or beyond a reasonable doubt—and expresses certainty that the Court's
22  finding would not meet anything above the *reasonable probability* standard. (Doc. 398
23  at 5:21-6:4.)
24   Plaintiff's argument is flawed. First, it fails to recognize the Ninth Circuit's "make
25  a showing" test. *Plunk*, 153 F.3d at 1025 n.12. Although there are no cases describing
26  what level of proof is required to "make a showing," that phrase is generally used by
27  courts to note, generically, that a particular party has the burden of proof on an issue
28  without regard to any particular level of proof. In the instant context, it means that the

Spring Ridge Defendants must, in the first instance, provide some evidence that the jury was exposed to extraneous information. They have done so here through the Reddit documents, juror testimony, and common sense.

Second, it misreads the *Dortch* test, ignoring the portion of the sentence that creates the level of proof is required— *making a colorable showing*—and instead relying on the portion that describes what must be proven—*exposure has, in fact, occurred*—without regard to any level of proof. Third, neither *Dortch* nor the other two cases Plaintiff cites suggest a level of proof distinct from what the Court applied here sufficient to frame a controlling question. See *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 391 (3d Cir. 2004) (holding that a "court *must first establish* whether or not extraneous information was introduced into jury deliberations") (emphasis added); *U.S. v. Montes*, 628 F.3d 1183, 1187 (9th Cir. 2011) ("*If a court determines* that a juror has improperly brought extraneous information to the jury's attention . . . ." (emphasis added) (internal quotation and citation omitted)).

Fourth, adopting a new, higher standard of proof would undermine the trial court's discretion on new trial motions based upon extraneous prejudicial information, which the Ninth Circuit has previously "accorded special deference". *Plunk*, 153 F.3d at 1024; *Sea Hawk Seafoods, Inc.*, 206 F.3d at 906 (same); *Bagnariol*, 665 F.2d at 885 (observing that "trial judge is uniquely qualified to appraise the probable effect of information on the jury, the materiality of the extraneous material, and its prejudicial nature"). That is particularly so here, given the Juror Number 3's apparent violation of the Court's Final Jury Instruction not to "search[] the Internet" regarding this matter. (Doc. 387 at 3:2-7.)

Finally, there cannot be a controlling question in the absence of even a single case concerning the issue presented here—the trial court's finding that the jury had received extraneous information. Rather, the cited cases discuss only challenges to trial courts' findings that outside evidence was (or was not) prejudicial. *Plunk*, 153 F.3d at 1023–25 (concluding that there was no "reasonable probability" that "brief presence in the jury room of a dictionary materially affected the verdict"); *Dortch*, 696 F.3d at 1110-11

(affirming conviction where strong inculpatory case and curative instructions negated any possible prejudice of jury's receipt of unredacted copy of the indictment); *Siegelman*, 640 F.3d at 1183–85 (holding that district court did not abuse its discretion in finding harmless jury's exposure to book about the role of a foreperson, unredacted indictment and limited portions of media coverage).

### B. The Court's order does not involve a controlling question of law as to which there is a substantial ground for difference of opinion.

The order further does not "involves a question of law as to which there is substantial ground for difference of opinion . . ." 28 U.S.C. § 1292(b). Plaintiff's motion neither "presents a novel issue on which fair-minded jurists might differ" nor one where "courts that have considered the issue are divided." *Reese v. BP Expl. (Alaska) Inc.*, 643 F3d 681, 688 (9th Cir. 2011). Rather, Plaintiff asks this Court to certify this matter so that the Ninth Circuit can adopt an as-to-be-determined level of proof different than the one previously used in *Plunk*, a level of proof not even considered let alone adopted by another court, and one at odds with Rule 59's broad authorization to allow courts to grant motions for new trial.

### C. The Court's order does not present a question for appeal that would materially advance the litigation.

Reversal on appeal of Plaintiff's "controlling question" would not materially advance the litigation. Were the Ninth Circuit to agree with Plaintiff that the Court used the wrong standard of proof in finding that the jury had been exposed to extraneous prejudicial information, it would not, as Plaintiff posits, "save the parties from a potentially needless second trial." (Doc. 398 at 8:3-4.) Rather, it would result first in a remand of the matter for the Court to apply whatever new level of proof was now required, necessitating that the Court draft a new decision, and potentially engage in additional factual investigation to have more certainty of the jury's receipt of information.

Assuming, arguendo, that the new trial order was reversed and not reimposed, the Court would then have to consider the motions previously denied (Doc 387 at 8:9-11) as

moot: the Motion for Attorney Fees (Doc. 292), Motion for Judgment as a Matter of Law (Doc. 318), Motion to Correct Clerical Mistake (Doc. 318), and Motion for Judgment on Taxation of Costs (Doc. 350). (Doc 387 at 8:9-11.) The Court's orders on those motions would, in turn, lead to a new set of appeals and cross-appeals.

Finally, whatever risk there is of having an additional trial, that risk exists in every case where the trial court has granted a motion for new trial. Were Plaintiff correct that this risk weighed heavily in favor of certifying an order for appeal, one would expect to find numerous appellate cases finding error where trial court had denied certification. Plaintiff's failure to cite to even one proves the point.

## CONCLUSION

The Court correctly applied the law in granting a motion for new trial, articulating the correct legal standards and making factual findings sufficient to establish that the jury was exposed to extraneous prejudicial information. Plaintiff does not present a controlling question for which there are substantial grounds for difference of opinion, nor would an immediate appeal materially advance the conclusion of this case. The Court should deny Plaintiff's request to certify for appeal its new trial order.

RESPECTFULLY SUBMITTED this 13th day of February, 2025.

**OSBORN MALEDON, P.A.**

By s/ Timothy J. Eckstein
    Thomas L. Hudson
    Timothy J. Eckstein
    Emma Cone-Roddy
    2929 North Central, 20th Floor
    Phoenix, Arizona 85012-2794

**GRASSO LAW FIRM, P.C.**
    Robert Grasso, Jr.
    Robert J. Lydford
    Michael B. Smith
    3075 W. Ray Road, Suite 110
    Chandler, Arizona 85226
Attorneys for Defendants Spring Ridge and Kate Deily