Mara C. Smith Allard (*pro hac vice*)
Allard Smith APLC
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189

*Attorney for Plaintiff Sweidy*

Kimberly R. Sweidy (*pro hac vice*)
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595

*in pro per*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy | ) Case No.: CV-21-08013-PCT-SPL |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S REPLY BRIEF IN** ) **SUPPORT OF MOTION FOR** ) **CERTIFICATION PURSUANT TO** ) **U.S.C. § 1292(b)** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, and Veronica Borges, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**I.      Defendants' Response Is Based on a False Factual Premise—That the Trial Court Affirmatively Found the Jury Was Exposed to Prejudicial Outside Information**

First, Defendants' factual contention that this Court affirmatively found that Juror Number Three was exposed to prejudicial, extraneous information is false. (Doc. 402 at 3:8–9.) Defendants support their contention by quoting portions of the Court's ruling.

Defendants first quote the Court's remark that it was "satisfied that *if* the Troubled Teens subreddit *was* accessed, there is much more than a 'reasonable possibility that the material could have affected the verdict.'" (Doc. 387 at 7:4–6, italics in original; Doc. 402 at 3:10–14.)

Defendants then cite to the Court's "common sense" recitation:

> Common sense suggests that there would be little reason for Juror Number 3 to access Reddit on June 13—a mere two days before registering an account for the sole purpose of commenting about their participation in the jury—unless to look up potentially prejudicial information on the case and parties at hand.

(Doc. 387 at 7:10–13; Doc. 402 at 3:23–25.)

Defendants also refer to the Court's comment that "the 'possibilities are too great' that the jury may have been exposed to prejudicial outside information." (Doc. 387 at 8:1–2; Doc. 402 at 4:7–12.)

These comments, according to Defendants, prove that the Court affirmatively found that Juror Number 3 accessed the Troubled Teens subreddit during deliberations. (Doc. 402 at 3:8–26.) But Defendants' contention is incompatible with the Court's admission that "*it still does not know whether the Juror specifically accessed the Troubled Teens subreddit*"—a remark conspicuously absent from the Defendants' factual recap. (Doc. 387 at 6:28–7:3, italics added.)

Accordingly, Defendants' contentions notwithstanding, the record shows the Court made a finding of *possible* exposure, not *actual* exposure. (Doc. 387.) This distinction is of great significance, for the reasons described below.

## II.    Ms. Sweidy Has Indeed Met Her Burden for Certification Under 28 U.S.C. § 1292(b)

### a.  There Is a Controlling Question of Law

Defendants argue that Ms. Sweidy failed to show a controlling question of law upon which this Court can grant certification. (Doc. 402 at 4:23–6:9.) According to Defendants, the moving party needs only to "make a showing" that the juror actually received extrinsic information, and the Court here "[f]ound without reference to any level of proof that Juror Number 3 had been exposed to troubledteens." (Doc. 402 at 6:24–7:3l, 6:7–8.)

Defendants then acknowledge that "[a]lthough there are no cases describing what level of proof is required to 'make a showing,' that phrase is generally used by courts to note, generically, that a particular party has the burden of proof on an issue without regard to any particular level of proof." (Doc. 402 at 6:25–28.)

Defendants admittedly offer no support for their proposition that a party has a "burden of proof" without "level of proof." The Court should therefore ignore Defendants' assertion. *U.S. v. Karl*, 264 F. App'x 550, 553 (9th Cir. 2008) ("Failure to cite to valid legal authority waives a claim.").

Defendants also argue that Ms. Sweidy misinterprets *Dortch*, which, according to Defendants, requires nothing more than a "colorable showing" of actual exposure. (Doc. 402 at 7:4–9.) But Defendants fail to provide full context of the quoted passage from *Dortch*:

> "A defendant who alleges denial of [the right to an impartial jury] resulting from juror exposure to extraneous information has the burden of making a colorable showing that the exposure has, in fact, occurred."

*U.S. v. Dortch*, 696 F.3d 1104, 1110 (11th Cir. 2012), quoting *U.S. v. Siegelman*, 640 F.3d 1159, 1182 (11th Cir. 2011).

*Dortch* requires the moving party to establish that exposure "has, in fact, occurred," which means the court must make a finding that goes beyond a reasonable

- 3 -

possibility of exposure. *Dortch*, 696 F.3d at 1110. The notion that something might have possibly occurred is fundamentally different from something that "has, in fact, occurred." The two cannot co-exist as a legal standard. Indeed, if something possibly happened, there remains the possibility that it did not.

If the " has, in fact, occurred" standard applies, then the Court's determination is inconsistent with the law—because, again, the Court did not find that exposure, in fact, occurred. (Doc. 387 at 6:28–7:9.) Accordingly, resolution of the issue is controlling; it has the ability to "materially affect the outcome of litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Finally, Defendants argue that a "higher standard" would undermine judicial discretion in deciding motions for new trial. (Doc. 402 at 7:15–17.) But Ms. Sweidy does not ask for a "higher standard"; she asks for a clear, identifiable standard to guide trial courts in evaluating whether a jury verdict should be vacated. Beyond that, factual findings, e.g., whether a juror was exposed to information, are subject to deferential review on appeal. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Clarification on the appropriate legal standard would not undermine the Court's discretion.

**b.  There Are Substantial Grounds of Difference of Opinion**

In support of their contention that there are no grounds for difference of opinion, Defendants argue that Ms. Sweidy asks the Ninth Circuit to "adopt an as-to-be-determined level of proof different than the one previously used in *Plunk*, a level of proof not even considered let alone adopted by another court, and one at odds with Rule 59's broad authorization to allow courts to grant motions for new trial." (Doc. 402 at 8:6–16.) Defendants cite the following footnote in *Plunk* to support of their assertion:

> At the risk of belaboring the obvious, we pause to emphasize that when a defendant challenges a juror's reception of extrinsic information, he must, as a threshold matter, make a showing that the juror actually received — i.e., either saw or heard — the information.

- 4 -

1  *United States v. Plunk*, 153 F.3d 1011, 1025 n.12 (9th Cir. 1998)

2      According to Defendants, *Plunk* stands for the proposition that although a

3  defendant's burden is to show that the juror "actually received" extrinsic information, a

4  court need not explicitly find that exposure actually occurred—finding a reasonable

5  possibility of exposure is enough. (Doc. 402 at 8:12–16.)

6      Ms. Sweidy argues that Defendants misread *Plunk*—that the case in no way

7  obviates the need for a court to make an affirmative finding of exposure. But if Ms.

8  Sweidy is mistaken, then *Plunk* is unquestionably at odds with precedent, e.g., *Dortch*,

9  requiring exposure to "have, in fact, occurred." *Dortch*, 696 F.3d at 1110. To reiterate,

10  there is a significant distinction between finding something to be reasonably possible and

11  finding something to have in fact occurred. The existence of conflicting authority shows

12  that there are indeed grounds for difference of opinion.

13      On the other hand, if *Plunk*, like *Dortch*, requires an affirmative finding of actual

14  exposure, then the Court's ruling is at odds with precedent (because, again, the Court did

15  not make a finding of actual exposure). (Doc. 387 at 6:28–7:9.) This further demonstrates

16  that reasonable jurists can disagree—and highlights the need for appellate intervention to

17  declare a clear standard for addressing this issue in this case and future cases.

18      **c.  An Appeal Would Materially Advance the Litigation**

19      Defendant's final contention is that "whatever risk there is of having an additional

20  trial, that risk exists in every case where the trial court has granted a motion for new

21  trial." (Doc. 402 at 9:5–6.)

22      Defendants' concerns are overstated. Ms. Sweidy would agree that the element of

23  "materially advancing litigation" is readily met in most, if not all, new trial cases. But this

24  does not mean, as Defendants suggest, that orders granting new trial are automatically

25  and independently appealable on a de facto basis. To the contrary, most orders granting a

26  new trial are *not* subject to interlocutory certification, because there exists the onerous

27  burden of establishing "a substantial ground for difference of opinion and that an

28  immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b). But when this onerous burden is met, a motion for new trial is a perfect case for interlocutory appeal, as it has the potential of eliminating a trial that may be later nullified. The prospect of preserving the Court's and the parties' resources is considerable—especially here with an "emotionally taxing" and "grueling three-week trial" involving "sensitive testimony from numerous alleged victims." (Doc. 387 at 7:22–27.)

### CONCLUSION

For these reasons, Ms. Sweidy respectfully requests that the Court grant this Motion and allow the requested appeal to proceed concurrently with the appeal arising from Ms. Sweidy's recently filed Amended Notice of Appeal (Doc 401), which concerns the Court's recent grant of partial judgment (Doc. 389/396).

Respectfully submitted this 20th day of February 2025.

Kimberly R Sweidy

Kimbery R. Sweidy *pro hac vice*
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: 650-899-3336
Email: krsweidy@yahoo.com
Telephone: 650-856-8595
*In pro per*