**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Sweidy, | No. CV-21-08013-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Spring Ridge Academy, et al., | |
| Defendants. | |

Before the Court is Plaintiff Kimberly Sweidy's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Doc. 398), Defendants' Response (Doc. 402), and Plaintiff's Reply (Doc. 403). The Court now rules as follows.

**I.   BACKGROUND**

The Court incorporates the background information that it laid out in its January 8, 2025 Order (Doc. 387) granting a Motion for New Trial, and it restates relevant facts in the Discussion section below. Following its Order (Doc. 387), on January 23, 2025, the Court conducted a Status Hearing to set a firm retrial date. (ME 395). On January 30, 2025, Plaintiff filed her Motion for Certification (Doc. 398), which is now ripe and ready for this Court's review.

**II.   LEGAL STANDARD**

28 U.S.C. § 1292(b) is a limited exception to the rule that only final orders are appealable. "Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing

appellate review until after the entry of a final judgment.'" *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). For a district court to certify its order for appeal, it must determine that three certification requirements outlined in § 1292(b) are met: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). The Court's decision to certify an issue for interlocutory appeal is discretionary. *See Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995) ("28 U.S.C. § 1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable . . . .").

The Ninth Circuit has noted that, in determining whether there is a controlling question of law, "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* A question is not controlling merely because its resolution could "shorten the time, effort, or expense of conducting a lawsuit." *Id.* at 1027. Rather, resolution of the controlling question "must materially affect the outcome of litigation in the district court." *ICTSI Oregon*, 22 F.4th at 1130 (citation and quotation marks omitted). Controlling questions of law may include such "fundamental" questions as "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

As to the "substantial grounds" prong, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal

Procedure, Lawyers Edition § 3:212 (2010)). "However, just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (citation and quotation marks omitted). "It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Id.* at 634 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir.1996)).

Finally, an appeal may materially advance the ultimate termination of the litigation "when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Oregon*, 22 F.4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027). "It is often true that reversal on appeal would streamline the rest of the litigation," but there is nevertheless "a strong policy against piecemeal appeals." *Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2023 WL 3726490, at *5 (N.D. Cal. May 30, 2023); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956) (noting "the historic federal policy against piecemeal appeals in many cases").

### III. DISCUSSION

As to the first prong of the Ninth Circuit's 1292(b) analysis, Plaintiff presents a discrete issue of law for this Court's—and, potentially, the Circuit court's—consideration: What is the standard of certainty to be applied when a court decides whether jury misconduct has occurred? (*See* Doc. 398 at 2). In other words, *how sure* must the Court be that the alleged misconduct has occurred? However, the crux of Plaintiff's dispute with this Court's Order granting a new trial (Doc. 387) is an issue of fact: how sure is the Court that juror misconduct occurred *in this case*? Plaintiff contends that there is insufficient evidence that any juror misconduct occurred, while this Court decided, based on IP data obtained from Reddit and a credibility determination after the juror was questioned on the record, that it did.

A recitation of the relevant facts might be elucidating. It is undisputed that the day after the jury verdict was entered in favor of Plaintiff, on June 15, 2024, an alleged juror with the username "Brilliant-Truth-1635" posted in a Reddit forum entitled "Troubled

Teens," writing, "I am proud to say I was part of the jury!" (Doc. 301-7 at 5). Logs produced by Reddit in response to a subpoena revealed that although Brilliant-Truth-1635 did not register their account until June 15, the day after the verdict was delivered, the IP address associated with Brilliant-Truth-1635 first *accessed* the Reddit website on June 13, 2024 at 23:50:23 UTC (4:50 p.m. Arizona time), the *day before* the jury verdict was issued. (Doc. 357 at 2). The alleged juror behind the Brilliant-Truth-1635 Reddit account, "Juror Number 3," admitted under oath that they indeed made the post stating "I am proud to say I was part of the jury." (Doc. 381 at 7). Because they admitted their association with the Brilliant-Truth-1635 Reddit account, and because the IP logs show that the IP address associated with their account accessed Reddit the day before the jury verdict was issued, this indicates that Juror Number 3 accessed Reddit the day before the verdict was issued, while jury deliberations were still ongoing, and in spite of the Court's explicit and oft-repeated admonishment that jurors were *not* to search the Internet about the case. (Doc. 387 at 3). Furthermore, Juror Number 3 testified that they "[a]bsolutely" recalled that the day they first accessed Reddit to sign up was "[t]he day that the verdict was given," i.e., the afternoon of June 14, despite the fact that the Reddit logs do not show that any IP address associated with their account accessed the website at any time on June 14. (Doc. 381 at 8–9). This statement, which was contradictory with the subpoenaed evidence, further undermined Juror Number 3's credibility in the eyes of this Court.

Plaintiff argues that "[t]here is no question that the low 'reasonable possibility' standard was applied here, nor is there any question that any higher standard would have precluded the motion from being granted." (Doc. 398 at 5–6). Plaintiff is wrong on both counts, and wrong to the extent that she insinuates this Court misunderstood or misapplied the relevant law. This Court, in granting the Motion for New Trial, fully understood and appreciated the subtle distinction Plaintiff is making. Granting the Motion required this Court to resolve two separate but related questions: (1) Did juror misconduct occur? and (2) If it did, is there a "reasonable possibility" it could have affected the verdict? *See Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000).

Plaintiff contends that the Court conflated these two questions by applying the "reasonable possibility" standard to the first question, not just the second. Not so. To be clear, this Court determined that there was *more* than a reasonable possibility that the juror in question was exposed to extraneous prejudicial information. Simply because the Court acknowledged the uncertainty of the factual circumstances surrounding these events does not undermine its ultimate determination that juror misconduct occurred. (*See* Doc. 387 at 7 ("Common sense suggests that there would be little reason for Juror Number 3 to access Reddit on June 13—a mere two days before registering an account for the sole purpose of commenting about their participation in the jury—*unless* to look up potentially prejudicial information on the case and parties at hand.")).

Furthermore, even if the relevant legal standard was clarified, Plaintiff's contention that if "the motion for new trial was improperly granted, then the jury verdict will be reinstated" is far from a foregone conclusion. (Doc. 398 at 6). In fact, Plaintiff herself acknowledges that "there are many potential outcomes" under these circumstances. (*Id.* at 8). Plaintiff's assertion that "any higher standard would have precluded the motion from being granted" assumes that this Court would not be able to meet that standard on the facts presented. (*Id.* at 5–6). While there is always a possibility that the appellate court could reach a different conclusion, which would materially advance the litigation by reinstating the original verdict and obviating the need for a retrial, there is just as much possibility, if not more, that the Ninth Circuit would agree that, under the circumstances, declaring a mistrial was the most prudent decision. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court. Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" (citation omitted)).

Plaintiff has failed to establish that the second prong required for this Court to grant a certificate of appealability, that there be "substantial grounds for difference of opinion," *In re Cement*, 673 F.2d at 1026, has been met. An unsettled standard of proof may present

a novel legal question for consideration, but under the facts of this case, this Court does not believe it would have any ultimate effect on the determination of the Motion for New Trial. *See Couch*, 611 F.3d at 634 (holding that the fact that no court had addressed the precise questions at issue was not enough to satisfy the requirement that there be a substantial ground for disagreement). Plaintiff's dispute with this Court's decision is primarily a factual, not legal, one, which also undercuts her argument as to the first prong of § 1292(b). *See Wang v. Zymergen Inc.*, No. 21-CV-06a028-PCP, 2024 WL 5116962, at *4 (N.D. Cal. Dec. 16, 2024) ("As to the first requirement, the question generally must present a pure legal question rather than a mixed question of law and fact.").

## IV. CONCLUSION

Ultimately, this Court reiterates the overarching legal principle that it has "broad discretion" in determining whether it is appropriate to grant a new trial. *United States v. Cervantes*, 2016 U.S. Dist. LEXIS 86949, *6 (N.D. Cal. July 5, 2016) (citing *Renico v. Lett*, 559 U.S. 766, 774 (2010)). To the extent that Plaintiff contends the motion was "improperly granted" (Doc. 398 at 6), Plaintiff retains her right to appeal that decision to the Ninth Circuit after the case is re-tried and final judgment is entered. At this juncture, however, the Court is not inclined to grant Plaintiff the "extraordinary" remedy of interlocutory appeal. *See U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Doc. 398) is **denied**.

Dated this 17th day of April, 2025.

Honorable Steven P. Logan
United States District Judge