Mara C. Smith Allard (*pro hac vice*)
Allard Smith APLC
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189

*Attorney for Plaintiff Sweidy*

Kimberly R. Sweidy (*pro hac vice*)
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595

*in pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>    Plaintiff,<br><br>v.<br><br>Spring Ridge Academy, an Arizona corporation, Jean Courtney Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, and Veronica Borges,<br><br>    Defendants. | Case No. CV-21-08013-PCT-SPL<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO MOTION TO STRIKE [DOC. 416] AND MOTION IN LIMINE NO. 1 [DOC. 418]** |

Plaintiff Kimberly R. Sweidy ("Ms. Sweidy") replies to Defendants Spring Ridge Academy and Kate Deily's ("Defendants") Response To Motion To Strike [Doc. 416] and Response To Motion *in limine* No. 1 [Doc. 418].

///

# PROCEDURE

Ms. Sweidy's combined Motions [Doc. 411] are not improper, as evidenced by Defendants' failure to cite authority for this assertion. In good faith and in the interests of judicial economy and clarity, Ms. Sweidy immediately addressed the issues of Ms. Karin Kline's late disclosure, substitution for Dr. Jared Balmer, and proposed expert testimony in this lawsuit at this late stage in the proceedings. Defendants' machinations trying to split apart Ms. Sweidy's pleading only serve to confuse and conflate the Ms. Kline issues.

Regardless of whether the Court orders that Dr. Balmer, due to age, infirmity, and/or unforeseen circumstances, is legally recognized as "unavailable," Ms. Kline is not a comparable or appropriate substitute expert for Dr. Balmer. Additionally, Ms. Kline and her Expert Report fail to satisfy the statutory requirements of FRE Rule 702, as Ms. Sweidy clearly explains [Doc. 411] and Defendants fail to rebut [Docs. 416 and 418].

On August 29, 2023, this Court signed an Order Setting Final Pretrial Conference [Doc. 168] stating in relevant part:

> If the case is to be tried by jury, the parties shall file and serve *all* Motions in Limine no later than **October 31, 2023**. Responses to Motions in Limine are due no later than **November 7, 2023.** The motions and responses must be concise and shall not exceed three (3) pages in length. No replies shall be filed.
> Each motion in limine shall include the legal basis supporting it and the proposed language for the order in limine being sought from the Court. The proposed language shall state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. The parties shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

All stated deadlines in that Order have passed, there is no new Final Pretrial Conference at which to argue any motion *in limine*, and this Court and the parties have undergone nine days of extensive trial testimony (and 12 days total of trial) that provided the wealth of evidentiary statements included in Ms. Sweidy's combined Motions [Doc. 411]. Ms. Sweidy believes that Doc. 168 has expired by its own terms, including the page limits and the prohibition on replies, and Ms. Sweidy has defaulted to the local rules.

Defendants have not moved to strike Ms. Sweidy's Motion *in limine* on the grounds that it violates Court Order [Doc. 168]; therefore, the matter is not properly before this Court. By filing Responses, Defendants have waived all such arguments.

1  Defendants have also not moved to strike Ms. Sweidy's Disclosure of Ms. Kacey
2  Baker, MSc. in place of Rick Alan Ross, which occurred six months ago, shortly after the
3  new 2026 trial dates were set on January 23, 2025; therefore, the matter is also not
4  properly before this Court.  However, even the most cursory comparison of Ms. Baker
5  and Mr. Ross, including their Expert Reports, reveals the nearly identical approach and
6  subject matter in the area of Coercive Control and Thought Reform, altering absolutely
7  nothing about this lawsuit and, in fact, bringing the expertise on this topic up to current
8  industry standards while incorporating the extensive trial testimony now available [Doc.
9  116-5 and Doc. 416-1, Exhibit B, which contains only Ms. Baker's Expert Report and is
10 not her complete Expert Disclosure].  By failing to timely move to strike and by filing
11 Responses, Defendants have waived all such arguments.
12  Defendants falsely state, "Plaintiff has, of course, the opportunity to depose Ms. Kline
13 on any specifics but has declined to do so." [Doc. 418, Starting at Page 6, Line 6].  This is
14 a lie.  Ms. Sweidy has *not* declined to do so.  No such discussion occurred in the brief
15 time since Disclosure.
16  Defendants falsely state, "While the court dispensed with Plaintiff's claims for
17 negligence and **malpractice** [emphasis added] in granting Defendants' Motion for
18 Summary Judgment..." [Doc. 418, Starting at Page 6, Line 13].  There was never a claim
19 for malpractice.  Ms. Sweidy has relentlessly maintained that nothing done by Defendants
20 was actually therapy.  SRA was a cult and the individual Defendants are cult members.
21 The entire enterprise was a scam.  There is no "standard of care" for a cult.  Defendants
22 persistently misuse legal and scientific terminology to confuse and obfuscate the actual
23 basis and reality of Ms. Sweidy's lawsuit. Defendants' misuse of "evidence-based" is
24 another such attempt to control and rewrite the narrative.  Whenever Defendants (mis)use
25 either term, they are engaging in "thought-terminating clichés," the purpose of which is to
26 deflect from the undisputed facts by confusing and obfuscating.
27 ///
28 ///

## Dr. JARED BALMER AND MS. KARIN KLINE HAVE COMPLETELY DIFFERENT BACKGROUNDS AND PROVIDE COMPLETELY DIFFERENT TESTIMONY

The State of Arizona, including the Department of Health Services Residential Facilities Licensing, *is not a party to this lawsuit*. Ms. Kline, who has never worked in a facility such as Spring Ridge Academy ("SRA"), has absolutely no idea what occurs there. Her own Expert Report conspicuously and purposefully fails to discuss any of undisputed testimony about occurrences at SRA, despite the fact that Ms. Kline disclosed that she was provided with the Trial Transcripts and she references the trial transcripts, albeit ineffectively, in one place in her Expert Report [Doc. 411, Starting at Page 8, Line 24, through Page 9, Line 5 and Doc. 411-1, Page 21, ¶4].

Dr. Balmer has spent his entire career in the Troubled Teen Industry ("TTI") and testified about his personal experience in that same industry of which SRA is a part. Dr. Balmer did not testify as to anything involving Licensing, nor is he qualified to discuss anything involving Arizona Licensing, as his involvement is in facilities in state(s) other than Arizona, including Utah, and never in licensing.

Ms. Kline, a long-time employee of the State of Arizona in the area of Child Protective Services, intends to testify as to the "standard of care" in the State of Arizona, Department of Health Services Residential Facilities Licensing. In particular, Ms. Kline intends to testify that SRA met this "standard of care," a completely fabricated concept, as discussed above.

Exactly as in *Birair, et al., v. Kolycheck, et al.*, Case 2:15-cv-01807-DJH, United States District Court, District of Arizona, Docs. 116, 144, and 150 [Doc. 411-2, Exhibit 5], where Ms. Kline was disqualified as an Expert Witness, here Ms. Kline fails to disclose and address the information obtained to date, including undisputed trial testimony, as required by Fed. R. Civ. P. 26(a)(2)((E) and 26(e)(2) and as cited in the present Motion [Doc. 411]. This case is even more compelling and clear cut than *Birair*, where Ms. Kline failed to supplement Initial Disclosures, even after the Court gave her the opportunity to file a Supplemental Brief (and Defendants argue was all the fault of

defense counsel in the *Birair* case, not Ms. Kline).

In our case, Ms. Kline was not involved in the Initial Disclosures that occurred years ago. Ms. Kline's recent "introduction" requires her to consider all evidence to date, most particularly undisputed trial testimony, which Ms. Kline discloses she has, yet Ms. Kline's Expert Report is written as though nothing of importance has been discovered since the filing of the Complaint. Ms. Kline's Expert Report is unserious and does not meet the statutory requirements. And there appears to be no one at fault but Ms. Kline.

Defendants state:

> While it is true that a statutory or regulatory requirement is not *per se* the standard of care, it is equally true that it may in fact be so. Plaintiff never produced any expert to address the standard of care issue and offers nothing beyond her own assertion that Ms. Kline is incorrect to state that certain regulatory requirements governing Spring Ridge Academy are the applicable standard of care. [Doc. 418, Starting at Page 6, Line 9].

Ms. Sweidy has no legal burden to disprove the countless random assertions espoused by Defendants, often devolving into incomprehensible, circular reasoning utilizing undefined terms and irrelevant standards. Ms. Sweidy need not discuss "standard of care" and/or "reasonable expectation" to convince the jury that Ms. Sweidy never signed up for blinded minor girls in vans at night followed by mile long treks alone, in the dark desert, while sand dibbles out of a five pound bag. And the same goes for minors massaging blindfolded adults in a ritual called "anonymous service." No expert of any kind is needed for the jury to understand that this is truly bizarre and child abuse.

As a social worker, Ms. Kline is a mandated reporter pursuant to A.R.S. 13-3620(A)(1). Ms. Kline has extensive information regarding Defendants abusing minors for 25 years. Defendants fail to explain why Ms. Kline has not reported this information to an authority as described pursuant to statute, or to any relevant authority, such as the Attorney General. The fact that SRA ceased operations has absolutely no bearing on the legal culpability of the individual Defendants for wrongful acts, many of whom, to make matters worse, are still working in the TTI. Do Defendants agree to withdraw their Motion *in limine* No. 5 [Doc. 186] and corresponding Order granting that Motion [Doc.

215, Starting at Page 12, Line 2 through Page 13, Line 18] that prevent Ms. Sweidy from discussing SRA's closure at trial in order to question Ms. Kline about her duty and failure to report?

    The failure of licensing authorities to prosecute complaints against a licensee is not a defense in a lawsuit, much less does it establish that a "standard of care" was met.  This reality is perfectly illustrated by the California State Bar in the *Girardi* matter, wherein the California State Bar, over 40 years, opened 205 complaints against Thomas Vincent Girardi and still failed to protect the public from Mr. Girardi:

https://www.calbar.ca.gov/Portals/0/documents/Open-Letter-Girardi-Disclosure-11-03-22.pdf

    On August 27, 2024, Mr. Girardi, 85, of Seal Beach, was found guilty by a jury of four counts of wire fraud.

https://www.justice.gov/usao-cdca/pr/disbarred-personal-injury-lawyer-tom-girardi-found-guilty-defrauding-clients-out-tens

    Ms. Kline purports to speak for the State of Arizona in all matters concerning Licensing, a position that Dr. Balmer never took or represented.  Ms. Kline asserts that the Licensing regulations comprise, represent, and/or establish a "standard of care," a term that Defendants consistently use in hopes that the inexcusable will somehow be magically excused (or ignored).

    Ms. Kline does not speak for the State of Arizona.  The State of Arizona is not a party to this lawsuit.  The State of Arizona may or may not have been aware of the many atrocities that SRA committed against the residents and their parents, for which there is now ample evidence uncovered and disclosed in this lawsuit.

    To effectively and definitely rebut Ms. Kline's involvement and statements, Ms. Sweidy would need to both depose and subpoena for trial a proper Licensing official/representative, likely Ms. Cindy Graham, Interim Bureau Chief, Behavioral Health Facilities Licensing.  Ms. Sweidy would need to work in conjunction with Ms. Patricia Cracchiolo LaMagna, Assistant Attorney General at Arizona Attorney General's

1  Office.  Ms. Sweidy previously communicated with both individuals during her many
2  Public Records Requests made to Licensing.
3  *Allowing Ms. Kline's involvement in this case will add approximately four days to*
4  *the new trial.  This is time that has not been allotted and time that we do not have.*

## CONCLUSION

Ms. Kline is not an appropriate substitute for Dr. Balmer.  Ms. Kline and her Expert Report do not satisfy the requirements of FRE Rule 702.

Ms. Kline's testimony will confuse the Jury and waste valuable and limited trial time while Ms. Sweidy thoroughly rebuts each and every assertion and opinion espoused by Ms. Kline, including with the testimony of a legitimate and appropriate representative of the State of Arizona, as well as Ms. Sweidy's own experts, Dr. Flens and Ms. Baker, as was already done in Ms. Sweidy's Motion [Doc. 411].

*Ms. Kline's testimony will extend the trial time by up to four days, for no valid purpose.  This is time we do not have.*

Dated this 24th day of September, 2025.

By: /s/ Mara C. Smith Allard
Mara C. Smith Allard *pro hac vice*
Allard Smith APLC
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189
*Attorney for Plaintiff Sweidy*

and

By: /s/ Kimberly R Sweidy
Kimberly R. Sweidy *pro hac vice*
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595
*in pro per*

1 **VERIFICATION**

2  Kimberly R. Sweidy, Plaintiff,

3      v.

4  Spring Ridge Academy, an Arizona Corporation, Jean Courtney,
5  Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger,
6  Justin Zych, Kate Deily, Veronica Borges, Defendants.

8  I, Kimberly R. Sweidy, am the Plaintiff in the above entitled action. The statements contained in the foregoing Reply to Responses to Motion to Strike and Motion in limine are true and correct to the best of my knowledge, information, and belief.

10  I declare under penalty of perjury that the foregoing is true and correct.

11  Dated September 24, 2025, at Palo Alto, California.

*Kimberly R Sweidy*

Kimberly R. Sweidy