IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Sweidy,<br><br>            Plaintiff,<br><br>vs.<br><br>Spring Ridge Academy, et al.,<br><br>           Defendants. | No.  CV-21-08013-PCT-MTL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Vacate Trial and for Stay Scheduling Proceedings Pending Appeal. (Doc. 420.) Plaintiff asks the Court to vacate the current three-week trial set to begin on January 27, 2026, and refrain from scheduling a new trial until her Ninth Circuit appeal is resolved. (*Id.*) Plaintiff indicates that Defendants do not oppose the Motion. (*Id.* at 2.)

Plaintiff filed a Notice of Appeal on July 12, 2024. (Doc. 314.) Plaintiff appeals the Court's dismissal on summary judgment of six counts of the Complaint and seven individual Spring Ridge Academy employees. (*See* Doc. 166.) The appellate proceedings were held in abeyance while this Court resolved Defendants' Motion for Judgment as a Matter of Law and Motion for New Trial. (*See* Docs. 358, 318.) Plaintiff filed an Amended Notice of Appeal after judgment was entered, appealing the clerk's judgments as well as the Court's Orders striking Plaintiff's statements of controverting facts filed in opposition to Defendants' Motions for Summary Judgment and denying her motion to file an amended complaint. (*See* Doc. 401.) Now, the appellate proceedings have resumed, and oral

argument in Plaintiff's appeal is set for January 5, 2026. United States Court of Appeals for the Ninth Circuit, *Calendar for Sandra Day O'Connor U.S. Courthouse, Phoenix Arizona January 5-8, 2026*, https://www.ca9.uscourts.gov/calendar/monthly_sittings/159876.html. Plaintiff asks that the Court vacate the new trial set to begin January 27, 2026, and stay the case pending resolution of the appeal "to avoid an unnecessary potential third trial and allow for possible settlement prior to a second trial." (Doc. 420 at 4.)

District courts have the "inherent power to control their docket" in the best interest of the litigants and for judicial economy, including the power to stay proceedings. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts must also employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Here, Plaintiff has not made a showing on any of the *Nken* factors. (*See* Doc. 420.) Even so, the Court still finds that a stay pending the appeal is necessary to promote the just and expeditious resolution of this case. The oral argument before the Ninth Circuit will take place three weeks before the second trial in this case is scheduled to begin.* Plaintiff's appeal centers on the Court's dismissal of several issues and Defendants on summary judgment. A reversal on appeal would require additional issues to be tried. Rather than

---

* After a 12-day jury trial that began in May 2024 (*see* Doc. 275), the Court granted Defendants' Motion for New Trial, finding that there was a strong possibility that a juror accessed outside information during deliberations. (Doc. 387.)

proceed with the new trial in January, the Court will vacate the trial and stay the case pending the resolution of the appeal. A stay will ensure that the parties will not be required to try this case for a third time should the Ninth Circuit reverse, preventing injury to all the litigants and conserving judicial resources.

Also pending on the docket is Plaintiff's Motion to Strike Defendants' expert witness substitution and Motion in Limine to exclude that expert's testimony. (Doc. 411.) In light of the stay, the Court will deny the Motion to Strike/Motion in Limine without prejudice. The parties may reevaluate the availability of their expert witnesses as the appellate proceedings continue and make determinations in anticipation of a new trial date. Finally, the Court will also vacate the status conference that was set for November 10, 2025.

**IT IS THEREFORE ORDERED staying** this action pending the resolution of Plaintiff's appeal in the Ninth Circuit.

**IT IS FURTHER ORDERED** that the three-week jury trial set for January 27, 2026 is **vacated**.

**IT IS FURTHER ORDERED** that the parties must file a joint status report within three (3) days of the Ninth Circuit's decision in this matter, informing the Court that the appeal has concluded.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Late-Disclosed Defendants' Expert Witness Karin D. Kline and Motion in Limine No. 1 (Doc. 411) is **denied without prejudice**.

**IT IS FINALLY ORDERED** that the Status Conference set for November 10, 2025 at 9:30 a.m. is **vacated**.

Dated this 7th day of November, 2025.

Michael T. Liburdi
United States District Judge