Mara C. Smith Allard (*pro hac vice*)
Allard Smith APLC
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189

*Attorney for Plaintiff Sweidy*


Kimberly R. Sweidy (*pro hac vice*)
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595

*in pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly R. Sweidy, | Case No. CV-21-08013-PCT-SPL |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE (DOC. 437) TO PLAINTIFF'S MOTIONS TO VACATE JUDGMENTS ON TAXATION OF COSTS (DOCS. 431 AND 432) OR VACATE JUDGMENT ON TAXATION OF COSTS (DOC. 431)** |
| Spring Ridge Academy, an Arizona corporation, Jean Courtney Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Justin Zych, Kate Deily, and Veronica Borges, | |
| Defendants. | |

Plaintiff Kimberly R. Sweidy (Ms. Sweidy) Replies to Defendants' Response (Doc. 437) to Plaintiff's Motions to Vacate the Judgments On Taxation Of Costs (Docs. 431 and 432) or vacate the Judgment On Taxation Of Costs (Doc. 431).  Defendants are not the prevailing party and the awarded costs are duplicative as to Doc 431.

**FACTS**

There is no prevailing party because the Order on Motions For Summary Judgment (Doc. 166) is being appealed to the Supreme Court of the United States (SCOTUS) and the three Fraud Causes of Action against Defendants SRA and Kate Deily will be tried again.  There is no resolution of all causes of action as to all defendants.

All of the Defendants and Causes of Action here are inextricably entwined.

The Judgments On Taxation Of Costs are the Deposition Costs for the eight depositions of the eight individual Defendants and Ms. Sweidy and Ms. Sweidy Stata. All of these are necessary for the three causes of action against SRA and DEILY and were incurred in their defense.  To award the other seven individual Defendants a Judgment amount that was necessarily incurred in the defense of SRA and DEILY defies reason and fairness.

*In other words, the costs for SRA and Deily are the same costs as for the other Defendants (leaving aside Borges for a moment).  If these costs are awarded to the other Defendants, Ms. Sweidy will be paying for the costs of SRA and DEILY, who have not prevailed in this lawsuit.*

In her Motion, Ms. Sweidy clearly argued that "There is no Deposition Testimony that is irrelevant to Fraud" and "All nine of the Defendants share one set of Deposition Transcripts and associated Costs."

In their Response, Defendants failed to address, much less rebut, this dispositive fact. *Defendants have therefore conceded that the exact same depositions included in the awarded Taxable Costs were used for the three fraud causes of action against SRA and DEILY.*  Defendants have failed to describe or identify even one cent that is attributable solely to the seven other individual Defendants.  Given this concession, it makes no sense to award the seven other individual Defendants the costs that Philadelphia Indemnity Insurance Company (PIIC) paid to defend the three pending Fraud causes of action against SRA and DEILY.  There are no Taxable Costs incurred solely for the benefit of the seven other individual Defendants.  Not one cent has been described or identified.

Defendants have conceded this point.

Again, PIIC paid for all of the Defendants' defense, including Taxable Costs, which necessitated the purchase of only one First Copy of each of the eight Defendants' Deposition Transcripts, as well as only one Original+1 of Ms. Sweidy and Ms. Sweidy Stata's Deposition Transcripts. These are the Taxable Costs included in Borges's Doc. 432 in the amount of $8,372.97. These are the Taxable Costs that were necessarily incurred by SRA and DEILY.

PIIC's decision to allow the duplicative ordering for Borges (rather than sharing copies as it did with SRA and the other seven individual Defendants) is a waste of money that PIIC, not Ms. Sweidy, is responsible for. These duplicative Taxable Costs are included in Defendants' Doc. 431 in the amount of $7,835.80. They include one First Copy of each of the eight Defendants' Deposition Transcripts, as well as one First Copy of Ms. Sweidy and Ms. Sweidy Stata's Deposition Transcripts.

It would undoubtedly have been more logical for SRA and the seven individual defendants to incur the Taxable Costs in Doc. 432 and Borges to incur the duplicative Taxable Costs in Doc. 431 that PIIC was willing to pay for; however, the actual Bills Of Costs (Docs. 392 and 393) further strengthen Ms. Sweidy's position that the firms were working together to represent all Defendants, with Mr. Metzger, Ms. Borges's attorney, setting and leading the Depositions of Ms. Sweidy and Ms. Sweidy Stata. Ms. Sweidy's position is based on reason and fairness, not the non-intuitive nature of an insurance company's billing practices with its own clients.

Furthermore, prior to the new trial, Ms. Sweidy will be filing a Motion To Pierce The Corporate Veil. This Motion will focus on Jean Courtney, Brandon Courtney, and Suzanne Courtney, and may focus on some or all of the other individual Defendants.

Defendants falsely allege that "The Court correctly found that Defendants were prevailing parties because the dismissal of these claims resulted in a 'material alteration in the legal relationship of the parties.'" ***The Court made no such finding.***

***At this time, there is no prevailing party in this lawsuit.***

Defendants wasted $7,835.80 in PIIC insurance money to double order the same deposition transcripts used by SRA and DEILY.  This frivolous expenditure could have been avoided by one Opposing Counsel simply providing the other Opposing Counsel with emailed copies of the transcripts.  Instead, Defendants are asking for Ms. Sweidy to bear the financial responsibility for their careless squandering of insurance company.  Ms. Sweidy asks that the Court exercise its judicial discretion and not sanction and/or reward this outrageous conduct.

Finally, Ms. Sweidy cannot see the future and did not anticipate the Jury Verdict being declared a mistrial.  At the time that Ms. Sweidy "agreed that judgment should be entered on behalf of the Defendants," as alleged by Defendants (Doc. 302), Ms. Sweidy believed that all issues as to all Defendants had been resolved.  Ms. Sweidy had no reason to suspect that over six months later and two days after ordering a New Trial, the Court would reverse its position (Doc. 212) and order Judgment entered (Doc. 389) while simultaneously ordering a New Trial.  To pretend that Ms. Sweidy knew or agreed to any of this, much less had any reasonable opportunity to respond, is false.

Ms. Sweidy did not file objections to the Bills Of Costs with the Clerk Of The Court because there is no procedural rule, authority, or mandate that requires Ms. Sweidy to do so prior to the timely filing of this Motion pursuant to Fed. R. Civ. P. 54(d)(1).

**LAW**

Neither *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept of Health & Hum. Res., 532 U.S. 598* (2001) nor *Miles v. State of California, 320 F.3d 986* offer this Court any assistance in deciding this matter because the facts of those two cases literally have absolutely nothing in common with this case.  Defendants have failed to explain the connection.

Defendants argument that Defendants are the prevailing party at this moment in time while simultaneously admitting that might change in the future contradicts the definition of prevailing party, particularly as to the issue of Taxation Of Costs.

Defendants *conflate* 1) the Court's wide discretion under Fed. R. Civ. P. 54(b) to find

Sweidy v. SRA et al. - Page 4 of 6

that there is no just reason for delay to direct final entry of judgment on behalf of some defendants and some claims, leaving viable some portion of the case *with* 2) the awarding of Taxation Of Costs to the prevailing party.  These are not the same thing.  Not even close.

Given the facts and circumstances of this case and applying reason, fairness, common sense, and Rule 54(b) and (d)(1), Ms. Sweidy's position is that "prevailing party" determination and cost judgment cannot be made until this case is entirely and finally decided as to all parties and all causes of action, meaning both as to the summary judgment Order (Doc. 166) and a final determination of the three fraud causes of action against SRA and DEILY (and any subsequent Motions).  Ms. Sweidy concedes that there may be other cases where this does not apply.  Those possible cases are not relevant to this case.

### CONCLUSION

This is one lawsuit.  There can be only one prevailing party.  There is one set of Deposition Transcripts and Costs associated with this lawsuit, which Ms. Sweidy will again use at the new trial against at least two of the Defendants, after Trial Testimony by all eight individual Defendants.  At this time, there is no prevailing party, and Defendants *are not* entitled to their Taxable Costs because Defendants have conceded that not one cent of Taxable Costs is attributable solely to the other seven individual Defendants, much less why Defendants can waste $7,835.80 ordering duplicative hard copies of Depositions rather than sharing the ones they already have, as they have done throughout this matter before the pretense was formally dropped on February 4, 2025.

This Court has never ruled that the Defendants are the prevailing party.  Defendants have conceded that not one cent in Taxable Costs was spent solely for the defense of the other seven individual Defendants.

Ms. Sweidy respectfully requests that both Judgments On Taxation Of Costs (Docs. 431 and 432) be vacated or that duplicative Judgment On Taxation Of Costs (Doc. 431) be vacated.

Respectfully submitted this 28th day of April, 2026.

/s/ Mara C. Smith Allard
Mara C. Smith Allard *pro hac vice*
**Allard Smith APLC**
521977 Highway 79 # 648
Santa Ysabel, CA 92070-9601
SBN California 159294
Facsimile: (760) 683-6307
Email: mara@allardsmith.com
Telephone: (760) 448-6189
*Attorney for Plaintiff Sweidy*

and

Kimberly R Sweidy

Kimberly R. Sweidy *pro hac vice*
Kimberly R. Sweidy, Attorney at Law
3478 Rambow Drive
Palo Alto, CA 94306-3638
SBN California 120261
Facsimile: (650) 899-3336
Email: krsweidy@yahoo.com
Telephone: (650) 856-8595
*in pro per*