**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kimberly R. Sweidy,<br><br>Plaintiffs,<br>vs.<br><br>Spring Ridge Academy, et al.,<br><br>Defendants. | No. CV-21-08013-PCT-SPL<br><br>**ORDER** |

Before the Court is "Plaintiff's Motions to Vacate Judgments on Taxation of Costs (Docs. 431 and 432) or Vacate Judgment on Taxation of Costs (Doc. 431)." (Doc. 434). Plaintiff Kimberly R. Sweidy asks the Court to vacate the taxable costs awarded to Defendants Veronica Borges, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Kate Deily, Justin Zych, and Spring Ridge Academy (collectively, "Defendants"). (*See id.*) Both parties acknowledge that all claims were dismissed against Defendants Borges, Jean Courtney, Suzanne Courtney, Brandon Courtney, Smith, Filsinger, and Zych ("Dismissed Defendants"). (*See* Docs. 434, 437). The parties agree that only two fraud claims against two Defendants, Spring Ridge Academy and Kate Deily, remain ("Remaining Defendants"). (*See id.*). The Court entered partial final judgment as to all claims in favor of the Dismissed Defendants, and partial final judgment as to some claims in favor of the Remaining Defendants. (*See* Docs. 396, 397). The only question before the Court is whether Defendants should be awarded taxable costs. Defendants filed a Response (Doc. 437), and Plaintiff filed a Reply. (Doc. 438). The Court now rules as

follows.[1]

## I. BACKGROUND

Plaintiff initiated this case on January 21, 2021, bringing eight causes of action against eight individual Defendants and Spring Ridge Academy. (*See* Doc. 1). Plaintiff's claims arose out of Plaintiff's daughter's alleged mistreatment at Spring Ridge Academy, a therapeutic boarding school for girls in Mayer, Arizona. (*See id.* at 3–4, 14–15, 95–123). This Court granted summary judgment in part for Defendants and dismissed Defendants Borges, Jean Courtney, Suzanne Courtney, Brandon Courtney, Smith, Filsinger, and Zych with prejudice. (Doc. 166). The Court also granted summary judgment in part for Defendants Spring Ridge Academy and Kate Deily, leaving the only remaining claims Plaintiff's fraud claims (Counts I and II). (*Id.*).

A jury trial was held in June 2024 against Spring Ridge Academy and Kate Deily. The jury found both Remaining Defendants liable and imposed $50,000 in compensatory damages and $2,500,000 in punitive damages. (*See* Doc. 275). Later, after evidence came forward of juror misconduct, the Court declared a mistrial and granted Defendants Motion for a New Trial. (*See* Doc. 387). Defendants then requested that the Court enter final judgment in their favor, pursuant to Rule 54(b). (Docs. 295, 302). The Court granted Defendants' Motions and directed the Clerk of Court to enter partial final judgment in favor of Defendants Brandon Courtney, Jean Courtney, Suzanne Courtney, Erin Smith, Leslie Filsinger, and Justin Zych as to all claims pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 396). The Court also directed the Clerk of Court to enter partial final judgment in favor of Defendants Spring Ridge Academy and Kate Deily as to the claims for Breach of Contract/Breach of Warranty, Breach of the Covenant of Good Faith and Fair Dealing, RICO Violations (18 U.S.C. § 1961 et seq.), Negligence per se, Intentional Infliction of Emotional Distress, and Conversion. (*Id.*).

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

In the Motion to Vacate, Plaintiff asks the Court to vacate the Clerk of Court's Taxation Judgments (Docs. 431, 432). Defendant Veronica Borges filed a Bill of Costs in this Court on January 14, 2025, requesting $8,868.97 in costs. (*See* Doc. 392). Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Kate Deily, Justin Zych ("Grouped Defendants") filed a Bill of Costs on January 23, 2025, requesting $9,001.71 in costs. (Doc. 393). Plaintiff did not file an objection to either of the Bill of Costs, and the Clerk of Court entered a Taxation Judgment on March 26, 2026, in reduced amounts based on the Local Rules of Civil Procedure; $8,372.97 in costs for Defendant Borges and $7,835.80 in costs for the Grouped Defendants. (Docs. 431, 432). On April 2, 2026, Plaintiff timely filed the instant Motion to Vacate Costs Taxed. (Doc. 434).

In the Motion, Plaintiff argues first that there is no prevailing party in the lawsuit at this time, because a new trial will soon proceed against Defendants Spring Ridge Academy and Kate Deily. (Doc. 434 at 2). Plaintiff further argues that the two Judgments on Taxation of Costs are duplicative because while Defendant Borges may have been represented by different counsel, "[i]n reality, all eight Individual Defendants acted in concert in all that was done." (*Id.* at 4). Plaintiff argues that the attorneys and Defendants in this matter are considerably intertwined, and "[u]ntil final resolution of all causes of action as to all Defendants, there is no prevailing party[.]" (*Id.* at 3–4). Plaintiff alleges that Defendant Borges' counsel, Mr. Perry Casazza, joined the Grasso Law Firm, representing the other individual Defendants, showing that "all pretense of separate representation has been abandoned." (*Id.* at 3).

In Response, Defendants argue that Defendants are the prevailing party because "[t]he Court dismissed all claims against seven defendants, and five claims against the remaining two defendants, leaving only two claims on which they may have any liability." (Doc. 437 at 4). Defendants argue that the Taxation of Costs are not duplicative, because the taxable costs "relate only to the period of time when Borges and the other Defendants were represented by separate counsel." (*Id.* at 5). By way of Reply, Plaintiff further argues

the degree of entanglement between Defendants and counsel in this action. (*See* Doc. 438 at 2). Plaintiff asserts that "the costs for [Spring Ridge Academy] and Deily are the same costs as for the other Defendants[.]" (*Id.* at 2).

## II. ANALYSIS

Under 28 U.S.C. § 1920, a judge or clerk of court of the United States is authorized to tax several categories of costs. Federal Rule of Civil Procedure 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In addition, Local Rule 54.1 directs "a party entitled to costs" to file a bill of costs with the Clerk of Court, which "shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached." LRCiv 54.1(a). In addition, the Local Rule provides that the "prevailing party" is generally "a party in whose favor judgment is rendered." LRCiv 54.1(d). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 589 (9th Cir. 2000).

A "prevailing party" is a "legal term of art" defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (citation omitted). The Ninth Circuit has applied the *Buckhannon* "prevailing party" standard to assessing Rule 54's "prevailing party" analysis for costs. *Miles v. State of Cal.*, 320 F.3d 986, 989 (9th Cir. 2003) (using the *Buckhannon* prevailing party definition to assess attribution of costs under Rule 54(d)). "In the event of a mixed judgment . . . it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). "In cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success." *Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 659 (E.D. Cal. 2009).

In the instant case, there has been no final adjudication as to all claims against all Defendants. While Defendants are correct that this Court entered partial final judgment as to many Defendants and specific claims in this matter, such partial final judgment did not mean, as Defendants assert, that "[t]he Court . . . found that Defendants were the prevailing parties[.]" (*See* Doc. 437 at 4). Rather, the Court, in its discretion, found that there was no just reason for delay as to entry of partial final judgment. (*See* Doc. 396). The Court is not persuaded by Defendants' assertion that "Defendants are the prevailing party. The possibility that this could change in the future for two defendants on two claims does not alter that status[.]" (Doc. 437 at 4). The Ninth Circuit has directed a district court, when reversing part of a lower court judgment, to await the outcome of the entire case before allocating costs. *Amarel*, 102 F.3d at 1523. In reaching its decision, the Ninth Circuit reasoned:

> First, the outcome of plaintiffs' Section 1 claim will bear on whether an award of costs is appropriate, since it will influence the district court's determination of whether defendants are the "prevailing parties" in the overall action. . . . In the event that plaintiffs prevail on their Section 1 claim on remand, the resultant mixed judgment may warrant that each party bear its own costs. . . .
>
> Second, it would be difficult at this juncture to separate the costs incurred on the Section 1 claim from those incurred on the Section 2 claim: In awarding costs below, the district court did not distinguish the costs incurred in defending the Section 1 claim from the costs incurred in defending the Section 2 claim, since defendants prevailed on both claims. Instead of attempting to award partial costs at this juncture, the district court should await the outcome of the Section 1 claim to ascertain whether allocation of costs is necessary.

*Amarel*, 102 F.3d at 1523–24.

Here, it would be premature to allocate costs to the Grouped Defendants, which includes Defendants Spring Ridge Academy and Kate Deily, who have two active claims being adjudicated against them. While Defendant Borges filed her Bill of Costs separately from the two remaining Defendants, there is still an open question as to who the "prevailing

party" in the entire cause of action will be. Ultimately, because neither the parties nor the Court know the final outcome of the remaining claims against the remaining Defendants, the Court in its discretion declines to award partial costs at this stage. *See PJY Enters., LLC v. Kaneshiro*, No. CIV. 12-00577LEK-KSC, 2014 WL 3778554, at *4 (D. Haw. July 31, 2014) (deciding to "decline to award taxable costs and to defer any award of costs until the entry of judgment on all claims as to all parties in this case."). As the Ninth Circuit has previously instructed, this Court will await the outcome of the remaining claims "to ascertain whether allocation of costs is necessary." *See Amarel*, 102 F.3d at 1524.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Vacate Judgments on Taxation of Costs (Docs. 431 and 432) or Vacate Judgment on Taxation of Costs (Doc. 431) is **granted in accordance with this Order**.

**IT IS FURTHER ORDERED** that the Taxation Judgment (Doc. 431) for Defendants Spring Ridge Academy, Jean Courtney, Suzanne Courtney, Brandon Courtney, Erin Smith, Leslie Filsinger, Kate Deily, Justin Zych and against Plaintiff in the amount of $7,835.80 is **vacated**.

**IT IS FURTHER ORDERED** that the Taxation Judgment (Doc. 432) for Defendant Veronica Borges and against Plaintiff in the amount of $8,372.97 is **vacated**.

Dated this 20th day of October, 2026.

Honorable Steven P. Logan
United States District Judge